STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF HORRY         )
                        )
Gengwu Qiu and Geng Min Qiu as Attorney in Fact )  CIVIL ACTION COVERSHEET
                        Plaintiff(s)  )  2013-CP - 26- 4589
                        )
            vs.         )
                        )
Judy Tang a/k/a June Tang a/k/a Jun Tang,  )
Yuang Tang, Travel Home 1405, LLC  )
                        Defendant(s)  )

Submitted By: James L. Hills
Address: 4701 Oleander Dr., Myrtle Beach, SC 29577

SC Bar #:      2517
Telephone #:   843.626.2600
Fax #:         843.448.6792
Other:
E-mail:        jlh@hillsandhills.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.      ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___ -CP-____ -_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☒ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements (cont.) | Appeals (cont.) |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | ☐ Other (999) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (799) | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____    Date:

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )
                               )

COUNTY OF HORRY       )

                                 )

**Gengwu Qiu and Geng Min Qiu as**
**Attorney in Fact,**               )

                                 )

               **Plaintiffs,**    )

**vs.**                             )

                                 )

**Judy Tang a/k/a June Tang a/k/a Jun** )
**Tang, Yuang Tang, Travel Home 1405,** )
**LLC,**                            )
                  **Defendants.**   )

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

CASE NO.: 2013-CP-26- 4589

SUMMONS

TO THE DEFENDANTS ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in the above-entitled action, a copy of which is herewith served upon you and to serve a copy of your Answer to the Complaint on the Subscriber at her offices at 4701 Oleander Drive, Myrtle Beach, South Carolina 29577, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be requested against you for the relief demanded in the Complaint.

                               Respectfully Submitted,
                               Hills & Hills, P.C.

                               James L. Hills
                               4701 Oleander Drive
                               Myrtle Beach, SC  29577
                               Phone: (843) 626-2600
                               Facsimile: (843) 448-6792
                               Attorney for the Plaintiffs

Myrtle Beach, South Carolina
June 27 , 2013

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 1
2013-CP-26-                                                          Summons

STATE OF SOUTH CAROLINA  )          IN THE COURT OF COMMON PLEAS
                         )          FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY          )
                         )          CASE NO.: 2013-CP-26- 4584
                         )
Gengwu Qiu and Geng Min Qiu as    )
Attorney in Fact,                 )
                         )
                Plaintiffs,       )
vs.                               )
                         )          COMPLAINT
                         )          (Jury Trial Demanded)
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                              )
                Defendants.        )
_____)

The Plaintiffs, Gengwu Qiu and Geng Min Qiu, acting as Gengwu Qiu's attorney in fact,

complaining of the Defendants herein, respectfully would allege as follows:

### THE PARTIES AND JURISDICTION

1.      Gengwu Qiu (hereinafter "Plaintiff Gengwu Qiu") is a citizen and resident of the

People's Republic of China. Geng Min Qiu (hereinafter "Plaintiff Qiu") is the brother of

Gengwu Qiu and is a citizen of the People's Republic of China and resident of the State of New

York. Both men have significant ties to Horry County, South Carolina.  Plaintiff Gengwu Qiu is

a business owner and developer involved in properties in the Myrtle Beach area. Plaintiff Qiu

divides his time between New York and South Carolina in order to oversee the projects in which

his brother is involved. Plaintiff Qiu has been the primary and local actor in these transactions at

his brother's request.

2.      Upon information and belief, Judy Tang (whose first name may also be spelled as

June or Jun, and whose last name may also be spelled as Tan or Tanh, hereinafter "Defendant

Judy Tang") is a resident of Horry County, South Carolina. It is unknown whether she is a

United States citizen. Furthermore, upon information and belief, she started up Travel Home 1405, LLC and has exercised dominion over it from its inception.

3. Upon information and belief, Defendant Yuang Tang (whose first name may also be spelled as Yuan, and whose last name may also be spelled as Tan or Tanh, hereinafter "Defendant Yuang Tang") is a resident of Horry County, South Carolina, and is the daughter of Defendant Judy Tang. It is unknown whether she is a United States citizen. Furthermore, upon information and belief, she is involved as a shareholder of Travel Home 1405, LLC

4. Defendant Travel Home 1405, LLC (hereinafter referred to as "Defendant 1405, LLC") is, and at all times relevant to this action has been, a limited liability company duly organized and existing under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina, for the purpose of conducting its business in Horry County, South Carolina.

5. This Court has jurisdiction over the subject matter and Parties to this action.

## FACTUAL BACKGROUND

6. Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

7. In the early part of 2012, Plaintiff Qiu saw an advertisement in a Chinese-language newspaper in New York City advertising a hotel for sale in Myrtle Beach. He relayed this information to his brother in China, Plaintiff Gengwu Qiu, and they contacted the owner of the advertisement, who was Defendant Judy Tang. The parties agreed to meet in Myrtle Beach to look at the property. Plaintiff Gengwu Qiu became interested in a property other than the one that was advertised, which was formerly known as The Sportsman Motor Club (hereinafter "The Sportsman"), and agreed to purchase it for One Million Three Hundred Thousand and no/100ths

Dollars ($1,300,000.00). From this, Nine Hundred Fifty Thousand and no/100ths Dollars ($950,000.00) were transferred to Jay Haar, Esq.'s trust account, as he was the attorney handling the creation of Defendant 1405, LLC and the closing on this property. At some time after the closing, it became clear to Plaintiff Qiu that the amount transferred to Mr. Haar's account was the actual purchase price of the hotel. The balance ($350,000.00) was transferred by Plaintiffs to Defendant Judy Tang at her request.

8.    At all times alleged herein, Plaintiff was a ninety percent (90%) shareholder of Defendant Travel Home 1405, LLC.

9.    At all times alleged herein, Defendant Judy Tang and Defendant Yuang Tang were shareholders of Defendant Travel Home 1405, LLC and any of its subsidiaries.

10.    At all times alleged herein, Defendant Judy Tang was and remains a one percent (1%) shareholder in Defendant Travel Home 1405, LLC, and Defendant Yuang Tang was and remains a nine percent (9%) shareholder in Defendant Travel Home 1405, LLC. Plaintiffs are informed and believe these facts to be true; however, Plaintiff has only seen emails alleging this division of shares and is unclear how this may have been accomplished.

11.    In 2012, Defendant Travel Home 1405, LLC was formed by Defendant Judy Tang with the expectation that she would assist the Plaintiffs in rehabilitating a commercial property in Myrtle Beach, South Carolina. The Plaintiffs were informed and believed that though Defendant Judy Tang formed Defendant Travel Home 1405, LLC, she would not retain ownership in the property itself. The Plaintiffs were further informed and believed that no other entity would maintain any ownership in Defendant Travel Home 1405, LLC.

12.    At all times alleged herein, the shareholders worked for Defendant Travel Home 1405, LLC, each performing certain required tasks for the benefit of the corporation, and

Defendant Judy Tang exercised complete control and primarily made all decisions regarding corporate expenditures and the accounting thereof.

13.    Based on information and belief, Defendant Judy Tang has been utilizing corporate monies and assets for her own personal benefit and to the detriment of the Defendant corporation and Plaintiffs including, but not limited to, expensing to the corporation items of personal use such as vehicles, vacations, meals, lodging, home theater equipment, boat equipment, maid and cleaning services, and other items, and utilizing corporate resources such salaried employees to perform services for Defendant Judy Tang's other commercial ventures including, but not limited to, the following:

      a.  Air conditioners;

      b.  Doors;

      c.  Etc.

14.    Plaintiffs complained to Defendant Judy Tang regarding Defendant's use of corporate monies and assets for her own personal benefit, for the benefit of other commercial ventures, to the detriment of the Defendant corporation, and to the detriment of the Plaintiffs, such detriment including the expenditure of funds for repayment of Defendant Judy Tang's personal debts. Plaintiffs yet to realize a profit on any investments, yet Defendant Judy Tang continues to spend in the manner alleged herein and has disregarded Plaintiffs' objections.

15.    Based upon information and belief, in addition to the corporate mismanagement and waste as alleged herein, Defendant Judy Tang and Defendant Yuang Tang have contributed to corporate waste by drawing substantial salaries and benefits, yet failing to contribute to the operations of Defendant Travel Home 1405, LLC as follows:

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 4 of 22
2013-CP-26-

Complaint

## FOR A FIRST CAUSE OF ACTION
### (Derivative Suit on behalf of Travel Home 1405, LLC)

16.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

17.    Pursuant to S.C. Code Ann. § 33-7-400, Plaintiffs, as shareholders of Defendant Travel Home 1405, LLC, may maintain an action as a shareholder in these corporations and may maintain an action on behalf of these corporations.

18.    Upon information and belief, Defendant Judy Tang and Defendant Yuang Tang have willfully, wrongfully, and illegally engaged in acts, practices, and a course of conduct in breach of their fiduciary duty to the corporations and their shareholders as alleged herein.

19.    Upon information and belief, Defendant Judy Tang's and Defendant Yuang Tang's acts were done willfully and wrongfully and in disregard of the best interests and welfare of Defendant Travel Home 1405, LLC and its shareholders.

20.    Plaintiffs have made demand on Defendant Judy Tang that action be taken to redress the wrongs as alleged herein, and Plaintiffs have requested that the parties allocate the resources of the corporation only for the benefit of the The Sportsman, yet Defendant Judy Tang continues to spend in the manner alleged herein, but Defendant Judy Tang ignored Plaintiff's demands and has retaliated by taking control of the defendant corporation and by continuing to participate in the wrongs alleged.

21.    Defendant Judy Tang and Defendant Yuang Tang are liable to the defendant corporation and the Plaintiffs for the damage and loss complained of herein.

22.    As a direct and proximate result of the actions of Defendant Judy Tang and Defendant Yuang Tang as alleged herein, the defendant corporation, the Plaintiffs, and their

shareholders sustained actual, consequential, and incidental damages in an amount to be determined at trial.

23.     In addition to seeking damages on their own behalf, Plaintiffs bring suit on behalf of the Defendant Travel Home 1405, LLC against Defendant Judy Tang and Defendant Yuang Tang for the actions complained of herein.

24.     Plaintiffs are informed and believe that they are entitled to judgment against Defendant Judy Tang and Yuang Tang on behalf of Defendant Travel Home 1405, LLC for actual, consequential, incidental, expectation, and punitive damages, any interest accrued upon those amounts, and the costs of this action in an amount to be determined by the trier of fact.

<div align="center">

### FOR A SECOND CAUSE OF ACTION
**(Judicial Dissolution of Corporation)**

</div>

25.     Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

26.     As described above, Defendant Travel Home 1405, LLC is a South Carolina corporation in which Plaintiff owns shares.

27.     Defendant Judy Tang and Defendant Yuang Tang are shareholders of the corporation.

28.     Defendant Judy Tang and Defendant Yuang Tang have acted, are acting, and will continue to act in a manner that is illegal, fraudulent, oppressive, and unfairly prejudicial to this corporation and to Plaintiffs in their capacity as shareholders.

29.     Defendant Judy Tang and Defendant Yuang Tang are misapplying and wasting the assets of these corporations.

30.     Plaintiffs, individually and as shareholders, are informed and believe they are entitled to an Order of this Court, pursuant to S.C. Code Ann. § 33-14-300(2)(ii) and (iv),

entering a decree of dissolution of Travel Home 1405, LLC, and directing the winding up and liquidation of this corporation's business and affairs in accordance with S.C. Code Ann. § 33-14-105 and notification of claimants in accordance with S.C. Code Ann. §§ 33-14-106 and 107.

31.    Plaintiffs are informed and believe they are entitled to an Order of this Court, pursuant to S.C. Code Ann. §§ 33-14-310 and 320, appointing a receiver or custodian to manage and wind up the affairs of the corporations.

### FOR A THIRD CAUSE OF ACTION
**(Demand for Accounting)**

32.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

33.    Defendant Judy Tang and Defendant Yuang Tang have acted, are acting, and will continue to act in a manner that is illegal, fraudulent, oppressive and unfairly prejudicial to Defendant Travel Home 1405, LLC and to Plaintiff.

34.    Defendant Judy Tang and Yuang Tang have misapplied or wasted, are misapplying or wasting, and will continue to misapply or waste the corporate assets of these businesses.

35.    To effectively dissolve this business, an accounting of said business is necessary.

36.    Plaintiffs are informed and believe Defendant Judy Tang and Yuang Tang have misappropriated the money and assets of Defendant Travel Home 1405, LLC for their own use.

37.    To effectively determine to what extent these misappropriations have occurred, an accounting of every business in which Defendant Judy Tang and Defendant Yuang Tang have an interest is necessary.

38.    Plaintiffs, individually and as shareholders of Defendant Travel Home 1405, LLC, are informed and believe Defendant Judy Tang and Defendant Yuang Tang should be

ordered to provide an accounting of every business in which Defendant Judy Tang and Defendant Yuang Tang have an interest.

### FOR A FOURTH CAUSE OF ACTION
#### (Demand for Inspection of Corporate Records)

39.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

40.    Pursuant to S.C. Code Ann. §§ 33-16-102 and 33-16-10, Plaintiffs have a right to inspect and copy corporate records of Defendant Travel Home 1405, LLC including:

   a.   Records of minutes of all meetings of shareholders and/or board of directors;

   b.   Record of all actions taken by the shareholders or board of directors without a meeting;

   c.   Record of all actions taken by a committee of the board of directors in place of the board of directors on behalf of the corporation;

   d.   All appropriate accounting records;

   e.   Record of its shareholders, in a form that permits preparation of a list of the names and addresses of all shareholders, in alphabetical order by class of shares showing the number and class of shares held by each;

   f.   All articles or restated articles of incorporation and all amendments to them currently in effect;

   g.   All bylaws or restated bylaws and all amendments to them currently in effect;

   h.   Any operating agreement currently in effect, as well as any revisions that have been made to it;

   i.   All resolutions adopted by its board of directors creating one or more classes or series of shares, and fixing their relative rights, preferences, and limitations, if shares issued pursuant to those resolutions are outstanding;

   j.   The minutes of all shareholders' meetings;

   k.   Records of all action taken by shareholders without a meeting, for the past ten years;

l.  All written communications to shareholders as a group within the past three years;

m.  All financial statements furnished for the past three years under Section 33-16-200;

n.  List of the names and business addresses of its current directors and officers;

o.  The most recent annual report delivered to the Department of Revenue under Section 12-19-20;

p.  Federal and state income tax returns for the last ten years; and

q.  all bank statements for any and all accounts related to Defendant Travel Home 1405, LLC for the past three (3) years.

41.    Plaintiffs are informed and believe they are entitled to an Order of this Court allowing them to inspect and copy such records of Defendant Travel Home 1405, LLC.

## FOR A FIFTH CAUSE OF ACTION
### (Demand for a Corporate Financial Statement)

42.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

43.    S.C. Code Ann. § 33-16-200 requires every corporation registered to do business or doing business in South Carolina to provide an annual Corporate Financial Statement, which shall include a balance sheet as of the end of the fiscal year, an income statement for the year, and a statement of change in shareholders' equity for such year.  Further, the annual Corporate Financial Statement shall be prepared according to generally accepted accounting principles.

44.    In addition, the annual Corporate Financial Statement must contain a statement of the president or the person responsible for the accounting records that he or she reasonably believes whether the annual Corporate Financial Statement has been prepared on the basis of generally accepted accounting principles and if not, the basis of such preparation. The annual

Corporate Financial Statement shall describe any respects in which it was not prepared on a basis of accounting consistent with the statements prepared for the preceding year.

45.    Based on information and belief, Defendant Judy Tang and Defendant Yuang Tang have failed to provide annual Corporate Financial Statements for Defendant Travel Home 1405, LLC as required by S.C. Code Ann. § 33-16-200.

46.    Plaintiffs demand that they be provided with the annual Corporate Financial Statements of Defendant Travel Home 1405, LLC for every year since its incorporation.

## FOR A SIXTH CAUSE OF ACTION
### (Demand for Annual Report)

47.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

48.    All corporations organized under the laws of the State of South Carolina or that do business in the State of South Carolina must file an annual report as provided in S.C. Code Ann. § 33-16-220.

49.    The individual wishing to comply with § 33-16-220 must have access to the corporation's records and books.

50.    Because Plaintiffs have been denied access to the necessary corporate records and books, they cannot make certain that Defendant Judy Tang and/or Defendant Yuang Tang have complied with § 33-16-220.

51.    Because Defendant Judy Tang and/or Defendant Yuang Tang have denied Plaintiffs access to these corporate records and books, Defendant Judy Tang and Defendant Yuang Tang should be ordered to prepare an annual report for Defendant Travel Home 1405, LLC pursuant to § 33-16-220.

## FOR A SEVENTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

52.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

53.    Defendant Judy Tang and Defendant Yuang Tang, as officers, directors, and/or employees of these businesses, owe Plaintiffs, as a shareholder or members of these businesses, a fiduciary duty to act honestly and in good faith.

54.    Defendant Judy Tang and Defendant Yuang Tang, as officers, directors, and/or employees of these business, owe the business a fiduciary duty to act honestly and in good faith.

55.    Plaintiffs, individually and as shareholders in the business, and the business are informed and believe Defendant Judy Tang and Defendant Yuang Tang  have breached their fiduciary duties owed to Plaintiffs and Defendant Travel Home 1405, LLC as alleged herein and as follows:

      a.  By usurping corporate opportunities;

      b.  By conducting and managing the business in a manner that is in the individual Defendants' own best interests and not the best interests of the business or Plaintiffs;

      c.  By attempting to extort money and shares from Plaintiffs;

      d.  By failing to account to the business and to hold as trustee for them any property, profit, or benefit derived by Defendant Judy Tang and Defendant Yuang Tang in managing the businesses;

      e.  By engaging in grossly negligent, reckless, and intentional misconduct and violating the law;

      f.  By denying Plaintiffs the ability to perform their duties as employees and as a majority shareholder in Travel Home 1405, LLC;

      g.  By misrepresenting their compensation packages as purported business expenses;

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 11 of 22
2013-CP-26-

Complaint

h. By usurping control of the business and managing it in a manner that is harsh and oppressive to Plaintiffs as shareholders; and

i. Such other particulars as the evidence may show.

56. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiffs, individually and as shareholders of Defendant Travel Home 1405, LLC, and the corporation have suffered actual, incidental, consequential, and punitive damages in an amount to be proven at trial.

### FOR AN EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

57. Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

58. Defendant Judy Tang and Defendant Yuang Tang have been unjustly enriched at the expense of and to the detriment of Plaintiffs and Defendant Travel Home 1405, LLC by withholding and utilizing assets and monies to which they are not entitled.

59. Plaintiffs, individually and as shareholders of Defendant Travel Home 1405, LLC, are informed and believe they and the corporation are entitled to recover from all assets, monies, and other items of value withheld and received, any benefits received from these Defendants' refusal to deliver said assets, monies, and other items of value, plus interest thereon from the time of refusal to deliver said assets, monies, and other items of value.

### FOR A NINTH CAUSE OF ACTION
### (Conversion)

60. Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

61. Plaintiffs, acting as shareholder on behalf of Defendant Travel Home 1405, LLC, has an interest in the assets of the various businesses.

62.     Plaintiffs are informed and believe Defendant Judy Tang and Defendant Yuang Tang have converted the assets of the Plaintiffs and Defendant Travel Home 1405, LLC and for their own use.

63.     Such use was without Plaintiffs' or Defendant Travel Home 1405, LLC's permission.

64.     As a direct and proximate result of the Defendants' conversions, Plaintiffs and Defendant Travel Home 1405, LLC have sustained actual, consequential, incidental, and expectation damages.

65.     Plaintiffs are informed and believe that they and Defendant Travel Home 1405, LLC are entitled to judgment against the individual Defendants for actual, consequential, incidental, expectation, and punitive damages, interest that has accrued on these amounts, and the costs of this action, in an amount to be determined at trial.

### FOR A TENTH CAUSE OF ACTION
**(Breach of Contract)**

66.     Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

67.     At all times mentioned herein, on information and belief, Defendant Judy Tang was an agent, servant, or employee of both Travel Home, LLC and Travel Home 1405, LLC, and in doing the things herein mentioned, was acting within the scope of her authority as such agent, servant or employee of this corporation, and was acting with the permission and consent of the Defendants.

68.     Plaintiffs have tendered to Defendants nearly Two Million and no/100ths Dollars since early 2012 and have done all the things required by the oral agreement.

69.    Defendants, all and each of them, breached both the oral and written agreements by:

a.   Using funds and equipment meant for the renovation of The Sportsman for other projects;

b.   Transferring ownership of Defendant Travel Home 1405, LLC to parties without permission of the Plaintiffs as majority shareholder;

c.   Misleading Plaintiffs regarding the nature of debts and, thereby, making Plaintiffs pay off Defendant Judy Tang's personal debts; and

d.   Improperly operating Defendant Travel Home 1405, LLC by paying employees "under the table," misappropriating assets of the business, etc.

70.    As a direct and proximate result of Defendants' breach of contract, Plaintiffs suffered actual damages in an amount to be determined and request Judgment against the Defendants jointly and severally, including any interest that may have accrued since the damages were suffered.

## FOR AN ELEVENTH CAUSE OF ACTION
### (Breach of Contract Accompanied by Tortious Acts)

71.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

72.    Because the Defendants' actions alleged above were done from the instant of the making of the oral agreement, the Defendants breached the contract accompanied by the tortious acts.

73.    As a direct and proximate result of Defendants' breaches of contract, Plaintiffs suffered actual damages in an amount to be determined and request Judgment against the Defendants jointly and severally, including any interest that may have accrued since the damages were suffered.

## FOR A TWELFTH CAUSE OF ACTION
### (Fraud/Intentional Misrepresentation as to Defendant Judy Tang)

74.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim herein.

75.    The elements of a cause of action for fraud are: that a material representation was made by the defendant; that that representation was false; and that the Defendant(s) knew it was false when it was made, or that the representation was made recklessly, without any knowledge of the truth and as a positive assertion. The speaker must also have made the representation with the intent that the other party should act upon it; the party acted in reliance on the representation; and the party thereby suffered injury.

76.    Plaintiffs alleges that Defendants Judy Tang, or should have known, that she would not use the money and supplies provided to her by the Plaintiffs solely for rehabilitation of The Sportsman. Plaintiffs are informed and believe that Defendant Judy Tang intended to misappropriate funds from the Plaintiffs before these funds ever entered her possession. Additionally, Plaintiffs alleges that Defendant Judy Tang understood the difference between her business (Travel Home, LLC) and that she shared with the Plaintiff (Travel Home 1405, LLC), yet she continued to misuse and funds and make unauthorized transfers to her sole business without informing the Plaintiffs and, most importantly, without their permission. Furthermore, Plaintiffs are informed and believe that some of the monetary contributions they made to Defendant Judy Tang were to compensate for pre-existing personal and business debts to which the Plaintiffs had no connection.

77.    Plaintiffs are informed and believe that Defendant Judy Tang made these material representations with the intent that Plaintiffs would continue to provide funds so she could continue to pay off other debts and rehabilitate her own hotel, the Casa del Oro.

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 15 of 22
2013-CP-26-

Complaint

78.    Plaintiffs further allege that these actions of Defendant Judy Tang led Plaintiffs to spend money that was completely unrelated to the purchase and rehabilitation of The Sportsman, and that this is direct and calculable injury to them.

79.    Plaintiffs allege that his business and personal finances have suffered injury due to Defendant Judy Tang's false and reckless statements.

80.    Plaintiffs are informed and believe that they are entitled to compensatory and punitive damages on this issue, including any interest that may have accrued since the injuries were suffered.

## FOR A THIRTEENTH CAUSE OF ACTION
### (Conspiracy)

81.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim herein.

82.    Plaintiffs are informed and believe, and based upon such information and belief, allege that in 2012, in an unknown city and state, Defendant Judy Tang and Defendant Yuang Tang willfully, and with intent to defraud Plaintiffs and to obtain secret profits at the expense of Plaintiffs, conspired and agreed among themselves to do the aforementioned acts.

83.    Plaintiffs are informed and believe that the Defendants, all and each of them, did the acts and things alleged pursuant to and in furtherance of the conspiracy.

84.    Plaintiffs are informed and believe that, as a proximate result of Defendants' acts of conspiracy, Plaintiffs have suffered actual damages, and Plaintiffs request judgment for the actual and other damages against the Defendants jointly and severally.

85.    The aforementioned fraudulent acts of Defendants were willful, wanton, malicious, and oppressive, and were undertaken with an intent to injure Plaintiffs and justify the award of exemplary and punitive damages, and Plaintiffs request judgment against the

Defendants for the actual damages and punitive damages, both jointly and severally, including any interest that may have accrued since the damages were suffered.

## FOR A FOURTEENTH CAUSE OF ACTION
### (Unfair Trade Practices)

86.     Plaintiffs reallege each and every allegation contained above as if repeated verbatim herein.

87.     The acts as previously stated constitute unfair and deceptive acts and practices in the conduct of trade or commerce and are capable of repetition, and therefore violate the South Carolina Unfair Trade Practices Statute (SC Code Ann. § 39-5-10 *et sec.*).   The Plaintiffs suffered actual damages in an amount to be determined and request judgment against the Defendants both jointly and severally, including any interest that may have accrued since the damages were suffered.

## FOR A FIFTEENTH CAUSE OF ACTION
### (Declaratory Judgment)

88.     Plaintiffs reallege each and every allegation contained above as if repeated verbatim herein.

89.     The Plaintiffs request that the Court inquire into this matter and determine/declare as follows:

   a.   That Plaintiffs have fulfilled the terms of the true agreement.

   b.   That Plaintiffs did suffer harm to their business ventures.

   c.   That Plaintiffs are entitled to receipt of all items that were allegedly bought for The Sportsman.

   d.   That Plaintiffs are entitled to return of any money provided to or at the request of any Defendant above the purchase price of The Sportsman ($950,000.00).

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 17 of 22
2013-CP-26-

Complaint

## FOR A SIXTEENTH CAUSE OF ACTION
### (Constructive Trust)

90.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

91.    The circumstances under which the individual Defendants have acquired the money, property, and assets of Plaintiffs and Defendant Travel Home 1405, LLC make it inequitable that these entities be retained by the individual Defendants, who purport to hold legal title.

92.    Defendant Judy Tang's and Defendant Yuang Tang's bad faith, abuse of confidence, and violations of fiduciary duties give rise to an obligation in equity to make restitution.

93.    Plaintiffs, individually and as shareholders of Defendant Travel Home 1405, LLC are informed and believe that they are entitled to an order imposing a constructive trust on all profits, monies, and assets improperly acquired by the individual Defendants.

## FOR A SEVENTEENTH CAUSE OF ACTION
### (Injunctive Relief)

94.    Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

95.    This Temporary and Permanent Restraining Order and Temporary and Permanent Injunction are necessary to preserve the status quo and:

    a.    To prevent the individual Defendants from continuing to convert corporate assets for their own use;

    b.    To allow Plaintiffs to maintain the business, conduct the normal day-to-day operations, and satisfy the obligations of the business as they become due;

c. To prevent the individual Defendants from intentionally ignoring the obligations of the business, which will cause severe damage to Defendant Travel Home 1405, LLC and to Plaintiffs;

d. To prevent the individual Defendants from acting in a manner that is illegal, fraudulent, oppressive and unfairly prejudicial to Plaintiffs and the business; and

e. To prevent Defendants from misapplying or wasting the corporate assets of the business.

96.    Plaintiffs and Defendant Travel Home 1405, LLC will suffer immediate and irreparable harm if Defendant Judy Tang and Defendant Yuang Tang are allowed to act in a manner as described above.

97.    The issuance of a Temporary and Permanent Restraining Order and Temporary and Permanent Injunction are necessary for the protection of the Plaintiffs' and Defendant Travel Home 1405, LLC's rights during the course of this litigation, and Plaintiffs are likely to prevail, individually and on behalf of Defendant Travel Home 1405, LLC, on both the Complaint for Permanent Injunction and Restraining Order and the merits of the trial of this action.

98.    Plaintiffs and Defendant Travel Home 1405, LLC have no adequate remedy at law.

99.    Plaintiffs further request a hearing upon this application for Temporary Injunction within ten (10) days after entry of said Order as required by Rule 65, SCRCP.

100.    Due to the immediate and severe financial hardship imposed by the individual Defendants, and the irreparable harm that will injure Plaintiffs, both personally and professionally, and Defendant Travel Home 1405, LLC, Plaintiffs respectfully request that this court, within its discretion, impose a bond in connection with the Temporary and Permanent Restraining Order and Temporary and Permanent Injunction in the least amount possible.

101.   Plaintiffs are informed and believe they are entitled to an Order of this Court preventing Defendant Judy Tang and Defendant Yuang Tang from continuing to convert corporate assets for their own use including, but not limited to, payment of Defendant Judy Tang's personal debts, using the funds toward other projects, etc.; allowing Plaintiff to maintain the business, conduct the normal day-to-day operations, and satisfy the obligations of the business as they become due; preventing the individual Defendants from intentionally ignoring the obligations of the business; preventing the individual Defendants from acting in a manner that is illegal, fraudulent, oppressive and unfairly prejudicial to Plaintiffs and the business; and preventing the individual Defendants from misapplying or wasting the corporate assets of the business; all both temporarily and permanently.

### FOR AN EIGHTEENTH CAUSE OF ACTION
**(Transfer of Corporate Control to Plaintiffs or,)**
**(In the Alternative, Appointment of a Receiver)**

102.   Plaintiffs reallege each and every allegation contained above as if repeated verbatim within.

103.   Plaintiffs are informed and believe that, concurrent a grant of injunctive relief in their favor, an entity must be placed in control of the affairs of Defendant Travel Home 1405, LLC in order to ensure that ongoing relationships and obligations are maintained and met. Plaintiffs believe that they, as majority shareholders, are the proper seat for this authority and control.

104.   However, should the Court not wish to vest the Plaintiffs with these responsibilities, the Plaintiffs are informed and believe that they are entitled to an order of the Court appointing a receiver pursuant to §15-65-10, et seq., of the South Carolina Code of Laws (1976), as amended.

WHEREFORE, having fully set forth their Complaint against the Defendants, the Plaintiffs pray as follows:

a. For judgment against Defendant Judy Tang and Defendant Yuang Tang on behalf of Defendant Travel Home 1405, LLC for actual, consequential, incidental, expectation, and punitive damages, as well as costs of this action;

b. For an order of this Court dissolving Defendant Travel Home 1405, LLC, and directing the winding up and liquidation of this corporation's business and affairs, including the appointment of a receiver or custodian to manage this process;

c. For an order of this Court requiring Defendant Judy Tang and Defendant Yuang Tang to provide an accounting of every business in which they have an interest;

d. For an order of this Court allowing the Plaintiffs access to corporate records of Defendant Travel Home 1405, LLC;

e. For an order of this Court requiring Defendant Judy Tang and Defendant Yuang Tang to provide Plaintiffs with annual Corporate Financial Statements of Defendant Travel Home 1405, LLC for every year since its incorporation;

f. For an order of this Court requiring Defendant Judy Tang and Defendant Yuang Tang to prepare an annual report for Defendant Travel Home 1405, LLC;

g. For judgment against Defendant Judy Tang and Defendant Yuang Tang finding that they have violated their fiduciary duties and caused the Plaintiffs and Defendant Travel Home 1405, LLC actual, incidental, consequential, and punitive damages;

h. For an order of this Court allowing Plaintiffs, both individually and as shareholders of Defendant Travel Home 1405, LLC, to recover all assets, monies, and other items of value withheld, and received, any benefits received from Defendant Judy Tang and Defendant Yuang Tang's refusal to deliver said assets, monies, and other items of value, plus interest thereon from the time of refusal to deliver said assets, monies, and other items of value;

i. For judgment in favor of the Plaintiffs and Defendant Travel Home 1405, LLC against Defendant Judy Tang and Defendant Yuang Tang for actual, consequential, incidental, expectation, and punitive damages, as well as the costs of this action, resulting from their conversion of assets;

j. For judgment, both jointly and severally, in favor of the Plaintiffs against Defendant Judy Tang and Defendant Yuang Tang for breach of contract;

k. For judgment, both jointly and severally, against Defendant Judy Tang and Defendant Yuang Tang for breach of contract accompanied by tortious acts;

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 21 of 22
2013-CP-26-

Complaint

l.  For judgment against Defendant Judy Tang for fraud and intentional misrepresentation entitling Plaintiffs to compensatory and punitive damages;

m.  For judgment, both jointly and severally, against Defendant Judy Tang and Defendant Yuang Tang for actual and punitive damages caused by conspiracy;

n.  For judgment, both jointly and severally, against Defendant Judy Tang and Defendant Yuang Tang for actual damages caused by unfair trade practices;

o.  For a declaratory judgment;

p.  For an order of this Court creating a constructive trust for the benefit of Plaintiffs and Defendant Travel Home 1405, LLC on all profits, noise, and assets improperly acquired by the individual Defendants;

q.  For an order of this Court preventing Defendant Judy Tang and Defendant Yuang Tang from continuing to convert corporate assets for their own use; allowing Plaintiff to maintain the business; preventing Defendant Judy Tang and Defendant Yuang Tang from intentionally ignoring the obligations of the business; preventing Defendant Judy Tang and Defendant Yuang Tang from acting in a manger that is illegal, fraudulent, oppressive and unfairly prejudicial to Plaintiffs and the business; and preventing Defendant Judy Tang and Defendant Yuang Tang from misapplying or wasting corporate assets of the business; all both temporarily and permanently; and

r.  For any other and further relief that this Honorable Court may deem just and appropriate.

Respectfully submitted,
HILLS & HILLS, P.C.

James L. Hills
4701 Oleander Drive
Myrtle Beach, SC  29577
Phone: 843.626.2600
Fax: 843.448.6792
ATTORNEY FOR THE PLAINTIFFS

June _____, 2013
Myrtle Beach, South Carolina

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 22 of 22
2013-CP-26-

Complaint

STATE OF SOUTH CAROLINA    )

                             )        **VERIFICATION**

COUNTY OF HORRY           )

        PERSONALLY appeared before me the Plaintiff in the foregoing action who, being duly sworn, states as follows:

    (a)   That this Deponent has read the allegations contained in the attached pleading consisting of a Summons and Complaint of twenty-two (22) pages;

    (b)   That the attached pleading was prepared by this Deponent's attorney based upon information this Deponent has personally furnished to said attorney;

    (c)   That the allegations contained in the attached pleading are true and correct, and are based upon the personal knowledge of this Deponent, except for those allegations which are based upon this Deponent's information and belief, and as to those, this Deponent verily believes same to be true;

    (d)   That this Deponent has authorized said attorney to file the attached pleading, to present the same to the Court and secure any necessary orders based thereon; and also, to secure service of the attached pleading, and necessary process based thereon, upon the adverse party.

                                       _____

                                       Gengwu Qiu

                                       By Geng Min Qiu, his Attorney in Fact

SWORN to and subscribed to before me
this ___19___th___ day of June, 2013.

_____(L.S.)
Notary Public for _State of New York_
My commission expires _June 30, 2016_

HONG WU JIANG
Notary Public, State of New York
No. 01HO6189625
Qualified in Kings County
Certificate Filed in Queens County
Commission Expires June 30, 2016

STATE OF SOUTH CAROLINA,   )
                                  )        IN THE COURT OF COMMON PLEAS

COUNTY OF   HORRY       )
                                  )

Gengwu Qiu and Geng Min Qiu as   )       FIFTEENTH  JUDICIAL CIRCUIT
Attorney in Fact,                 )
               Plaintiff(s) )
vs.                            )       AFFIDAVIT OF SERVICE
                                  )
Judy Tang a/k/a June Tang a/k/a Jun  )   FILE NO:  2013-CP-26-4589
Tang, Yuang Tang, Travel Home 1405,
LLC,                              )
            Defendant(s). )

PERSONALLY PREPARED BEFORE ME, the undersigned deponent, who being duly sworn

says that (s)he served the    Civil Action Cover Sheet; Summons; Complaint (Jury   in this action
Trial Demanded); and Verification
<div align="center">(Describe document(s) served)</div>

        Judy Tang a/k/a June Tang a/k/a Jun
on    Tang, Yuang Tang, Travel Home 1405,LLC,        by delivery to
<div align="center">(Name of party served)</div>

            Judy Tang a/k/a June Tang a/k/a Jun
☐       Tang, Yuang Tang, Travel Home 1405,LLC     personally;
<div align="center">(Name of party served)</div>

☐           ,     the            of the party served,
      (Name of person served)           (Note relationship to party)

and a person of discretion residing at the residence of the party served;

☒     Liz Weber,    the    Manager    of    Casa del Oro Motel
     (Name of person served)        (Title)     (Name of corporate party served)
and leaving with ☐(him) ☒(her) a copy at   401 14th Ave S, , Rm. 106, Myrtle Beach, SC 29577
<div align="center">(Street address)</div>

in    Myrtle Beach           Horry       County, South Carolina,
    (City or Town)            County
on    July 18, 2013     at      12:34 p.m.    o'clock

that deponent knows the person so served, and that deponent is not a party of this action, is not less

than eighteen (18) years of age and has no interest therein or connection therewith.

      ☐ Unable to locate and serve the above process on the defendant after diligent efforts to do so.
The process is returned unexecuted.

Sworn to and Subscribed before me        )
this  18   day of   July    , 2013.  )
                                )
_Ronald S Soloman_ (L.S.)      )
Notary Public for South Carolina     )          Signature of Deponent

SCCA 402 (Revised 12/07)

My Commission expires   3/7/2015

Entered in the Sheriff's Service Book on

Book _____       Page _____       Number _____

FILED
_____ COUNTY
2013 JUL 19 AM 11:31
MELANIE HUGGINS-WARD
CLERK OF COURT

STATE OF SOUTH CAROLINA  )                IN THE COURT OF COMMON PLEAS
                          )                FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY           )
                          )                CASE NO.: 2013-CP-26-4589
                          )
Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact,         )
                          )
              Plaintiffs, )
                          )                ACCEPTANCE OF SERVICE OF
vs.                       )                CIVIL ACTION PLEADINGS ON
                          )                BEHALF OF YUANG TANG
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                      )
              Defendants. )


The undersigned hereby accepts and acknowledges the due personal service of a copy of the

**Civil Action Cover Sheet; Summons; Complaint (Jury Trial Demanded); and Verification**

in the above entitled action, this ____ day of August, 2013 on behalf of **Yuang Tang**; and

receipt of the true copies are hereby acknowledged.


_____               8-2-13
Gene M. Connell, Jr., Esq.              _____
                                         Date

STATE OF SOUTH CAROLINA  )          IN THE COURT OF COMMON PLEAS
                         )          FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY          )
                          )         CASE NO.: 2013-CP-26-4589
Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact,              )
                               )
              Plaintiffs,      )
vs.                            )    ACCEPTANCE OF SERVICE OF
                               )    CIVIL ACTION PLEADINGS ON
Judy Tang a/k/a June Tang a/k/a Jun )  BEHALF OF JUDY TANG A/K/A
Tang, Yuang Tang, Travel Home 1405, )  JUNE TANG A/K/A JUN TANG
LLC,                           )
              Defendants.      )

The undersigned hereby accepts and acknowledges the due personal service of a copy of the

**Civil Action Cover Sheet; Summons; Complaint (Jury Trial Demanded); and Verification**

in the above entitled action, this _____ day of August, 2013 on behalf of **Judy Tang a/k/a June**

**Tang a/k/a Jun Tang**; and receipt of the true copies are hereby acknowledged.


_____          _____
Gene M. Connell, Jr., Esq.                8-2-13
                                          Date

STATE OF SOUTH CAROLINA )     IN THE COURT OF COMMON PLEAS
                            )     FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY          )

                                 )     CASE NO.: 2013-CP-26-4589

Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact,                       )

                                 )
            Plaintiffs,        )
vs.                             )     **ACCEPTANCE OF SERVICE OF**
                                 )     **CIVIL ACTION PLEADINGS ON**
Judy Tang a/k/a June Tang a/k/a Jun )     **BEHALF OF TRAVEL HOME**
Tang, Yuang Tang, Travel Home 1405, )     **1405, LLC**
LLC,                               )
            **Defendants.**     )

The undersigned hereby accepts and acknowledges the due personal service of a copy of the

**Civil Action Cover Sheet; Summons; Complaint (Jury Trial Demanded); and Verification**

in the above entitled action, this ____ day of August, 2013 on behalf of **Travel Home 1405,**

**LLC;** and receipt of the true copies are hereby acknowledged.


_____
Gene M. Connell, Jr., Esq.

                                       8-2-13
                                 _____
                                   Date

STATE OF SOUTH CAROLINA )
                                 )
COUNTY OF HORRY         )

                                   )
Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact,                   )
                                   )
           Plaintiffs, )
vs.                                )
                                 )
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                               )
          Defendants.   )

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

MOTION FOR TEMPORARY
INJUNCTION AND
APPOINTMENT OF A RECEIVER

CASE NO.: 2013-CP-26-04589

YOU WILL PLEASE TAKE NOTICE THAT PLAINTIFFS will move this Honorable Court, pursuant to Rule 65 (b) of the SCRCP, for a hearing at the earliest possible time, for an Order for the following, inter alia:

    a.  To prevent the individual Defendants from continuing to convert corporate assets for their own use;

    b.  To prevent the individual Defendants from intentionally ignoring the obligations of the business, which will cause severe damage to Defendant Travel Home 1405, LLC and to Plaintiffs;

    c.  To prevent the individual Defendants from acting in a manner that is illegal, fraudulent, oppressive and unfairly prejudicial to Plaintiffs and the business;

    d.  To prevent the individual Defendants from misapplying or wasting the corporate assets of the business;

    e.  To prevent the individual Defendants from interfering with management of Defendant Travel Home 1405, LLC;

    f.  To prevent the individual Defendants from writing checks, pledging credit, ordering supplies, or performing any other actions that may obligate Defendant Travel Home 1405, LLC in any way;

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 2
2013-CP-26-04589

Motion for Injunction and Receiver

g. To make Plaintiff Gengwu Qiu the managing shareholder of Defendant Travel Home 1405, LLC; and

h. To allow Plaintiffs to maintain the business, conduct the normal day-to-day operations, and satisfy the obligations of the business as they become due or, in the alternative, for the Court to appoint a Receiver for the property to accomplish these goals.

In support of this Motion, Plaintiffs will show and allege unto this Court, by and through the facts set forth in Plaintiff's Complaint, which is on file with the Clerk of Court of Horry County in this matter, that immediate, irreparable injury, loss, and damage will result to Plaintiffs, unless Defendants are enjoined as outlined above, and unless a Receiver is appointed.

Therefore, it is within the province of this Court to dismiss this action based on reasons stated above.

This Motion may be based upon such additional grounds, affidavits, arguments of counsel, and case and statutory law as may be presented at the hearing hereof.

The undersigned counsel hereby affirms that consultation with the opposing party prior to filing this Motion in an effort to resolve the matters contained herein would serve no useful purpose or could not be timely held. I certify that this Motion was timely served on the opposing party.

Respectfully submitted:
HILLS & HILLS, P.C

James L. Hills
4701 Oleander Drive
Myrtle Beach, SC 29577
Telephone: 843-626-2600
Fax: 843-448-6792
Attorney for Plaintiffs

Myrtle Beach, South Carolina

August __15__, 2013

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 2 of 2
2013-CP-26-04589

Motion for Injunction and Receiver

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | CASE NO.: 2013-CP-26-04589 |
| | ) | |
| Gengwu Qiu and Geng Min Qiu as Attorney | ) | **MOTION AND ORDER INFORMATION** |
| in Fact | ) | |
| Plaintiff, | ) | **FORM AND COVERSHEET** |
| | ) | |
| vs. | ) | |
| | ) | |
| Judy Tang a/k/a June Tang a/k/a Jun Tang, | ) | |
| Yuang Tang, and Travel Home 1405, LLC | ) | |
| Defendant. | ) | |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| James L. Hills, Bar No. 2517 | Gene M. Connell, Jr., Bar No. _____ |
| Address: | Address: |
| 4701 Oleander Dr., Myrtle Beach, SC 29577 | PO Drawer 14547, Surfside Beach, SC 29587 |
| Phone: 843.626.2600 Fax 843.448.6792 | Phone: 843.238.5648 Fax 843.238.5050 |
| E-mail: jlh@hillsandhills.com Other: _____ | E-mail: _____ Other: _____ |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

### SECTION I: Hearing Information
Nature of Motion: Motion for Temporary Injunction and Appointment of Receiver
Estimated Time Needed: 30 minutes          Court Reporter Needed: ☒ YES/☐ NO

### SECTION II: Motion/Order Type
☒ Written motion attached
☐ Form Motion/Order
I hereby move for relief or action by the court as set forth in the attached proposed order.

Signature of Attorney for ☒ Plaintiff /☐ Defendant          August 19, 2013
                                                            Date submitted

### SECTION III: Motion Fee
☒ PAID – AMOUNT: $ _____
☐ EXEMPT:          ☐ Rule to Show Cause in Child or Spousal Support
   (check reason)  ☐ Domestic Abuse or Abuse and Neglect
                   ☐ Indigent Status    ☐ State Agency v. Indigent Party
                   ☐ Sexually Violent Predator Act   ☐ Post-Conviction Relief
                   ☐ Motion for Stay in Bankruptcy
                   ☐ Motion for Publication   ☐ Motion for Execution (Rule 69, SCRCP)
                   ☐ Proposed order submitted at request of the court; or,
                     reduced to writing from motion made in open court per judge's instructions
                     Name of Court Reporter: _____
                   ☐ Other: _____

| JUDGE'S SECTION | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ |
| ☐ Other: | Date: _____ |

### CLERK'S VERIFICATION
Collected by: _____  Date Filed: 8/19/13
☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2013-CP-26-4589

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

                      Plaintiffs,

           vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ANSWER AND COUNTERCLAIM

JURY TRIAL DEMANDED

       The Defendants, **Judy Tang a/k/a June Tang a/k/a Jun Tang, Yuang Tang and Travel Home 1405, LLC,** answering the Complaint of the Plaintiffs, state as follows:

       1.     The Defendants deny each and every allegation not hereinafter specifically admitted and demands strict proof thereof.

<u>FOR A FIRST DEFENSE</u>

       2.     The Defendants deny the allegations of Paragraph 1.

       3.     The Defendants admit the allegations of Paragraphs 2, 3, 4, 5 and 6.

       4.     The Defendants admit that Defendant Tang was approached by the Plaintiffs to partner with them in the purchase of the Sportsman Hotel.  Defendants admit the purchase price to be that found on the HUD 1.  The remaining allegations of Paragraph 7 are denied.

       5.     The Defendants admit the allegations of Paragraphs 8 and 9.

       6.     The Defendants deny the allegations of Paragraph 10.

       7.     The Defendants admit only that she was asked to form a partnership with Plaintiffs. The remaining allegations of Paragraph 11 are denied.

8.      The Defendants deny Paragraph 12 except that Defendant Tang did all of the work for the corporation.

9.      The Defendants deny the allegations of Paragraphs 13, 14 and 15.

10.     The Defendants deny Paragraphs 16, 17, 18, 19, 20, 21, 22, 23 and 24.

11.     The Defendants deny Paragraph 25.

12.     The Defendants deny that part of Paragraph 26 which states Plaintiff is the sole owner of the shares.

13.     The Defendants admit Paragraph 27.

14.     The Defendants deny Paragraphs 28, 29, 30 and 31.

15.     The Defendants deny Paragraphs 32, 33, 34, 35, 36, 37 and 38.

16.     The Defendants deny Paragraphs 39, 40 (including all subparts a–q) and 41.

17.     The Defendants deny Paragraphs 42, 43, 44, 45 and 46.

18.     The Defendants deny Paragraphs 47, 48, 49, 50 and 51

19.     The Defendants deny Paragraphs 52, 53, 54, 55 (including all subparts a-i) and 56.

20.     The Defendants deny Paragraphs 57, 58 and 59.

21.     The Defendants deny Paragraphs 60, 61, 62, 63, 64 and 65.

22.     The Defendants deny Paragraphs 66, 67, 68, 69 (including all subparts a-d) and 70.

23.     The Defendants deny Paragraphs 71, 72 and 73.

24.     The Defendants deny Paragraphs 74, 75, 76, 77, 78, 79 and 80.

25.     The Defendants deny Paragraphs 81, 82, 83, 84 and 85.

26.     The Defendants deny Paragraphs 86 and 87.

27.     The Defendants deny Paragraphs 88 and 89 (including all subparts a-d).

28.     The Defendants deny Paragraphs 90, 91, 92 and 93.

29.     The Defendants deny Paragraphs 94, 95 (including all subparts a-e), 96, 97, 98, 99, 100 and 101.

30.     The Defendants deny Paragraphs 102, 103 and 104.

### FOR A SECOND DEFENSE AND COUNTERCLAIM

#### (Breach of Contract)

31.     That the Plaintiffs and Defendants entered into a contract whereby the Plaintiffs and Defendants would purchase the old Sportsman Motor Inn located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina.

32.     That pursuant to the Articles of the Limited Liability Corporation filed January 23, 2012, Defendant Tang would be the organizer and manager of the Sportsman Motor Inn located at 1405 South Ocean Boulevard and would hire individuals to work on and/or repair the Sportsman Motor Inn for the coming summer season.

33.     That the Defendants Tang were to be reimbursed for all expenses and also receive a 10% interest in the  Sportsman Motor Inn and in the corporation known as TravelHome 1405 LLC.

34.     That Defendant Tang was to be paid a salary for her time in being the manager and in organizing the construction and/or reconstruction of the old Sportsman Motor Inn.

35.     That Defendant Tang worked for over a year renovating and repairing the Sportsman Motor Inn and at all times made payments to contractors, subcontractors, employees of contractors and others to repair and replace any and all parts of the Sportsman Motor Inn which were in need of repair in order to open for the summer season.

36.     That in January 2012, Plaintiff locked Defendants out of the Sportsman Motor Inn when it was almost complete by the Defendants Tang and Plaintiffs broke into Defendant's

3

house and stole the books and records of the Sportsman Motor Inn which showed how much the Defendants had spent on repairing the property.

37.    That with Defendant Tang's salary for the time that she managed the property in order to get it back running as an operating hotel and for all of her expenses Defendant Tang is owed in excess of $250,000.

38.    That Defendants bring this counterclaim against the Plaintiffs for breach of contract and for failure to live up to their obligations to make payment of all expenses made by the Defendants for the Sportsman Motor Inn and in failure to pay all wages and salaries owed to the Defendants for her work while Plaintiffs remained in China.

39.    That Defendants ask for judgment for breach of contract for actual damages and for the costs of this action.

<u>FOR A THIRD DEFENSE AND COUNTERCLAIM</u>

(Injunctive Relief)

40.    The Defendants reallege and reiterate each and every allegation as if fully repeated verbatim herein.

41.    The Defendants bring this counterclaim for injunctive relief and ask for an injunction by the court to enjoin the Plaintiffs from running the Sportsman Motor Inn as an ongoing business without escrowing at least 10% of the profits in this court pending the outcome of this litigation and the promised salary of $70,000.00.

42.    That Defendants bring an action for injunctive relief as Defendants are concerned that such actions of the Plaintiffs will be to secret the monies earned from the Sportsman Motor Inn and to place those in accounts in China and out of the reach of this Court.

4

43.    That Defendants believe that an injunctive relief is required and is necessary to protect Plaintiffs' position in the property.

### FOR A FOURTH DEFENSE AND  COUNTERCLAIM

(Lis Pendens)

44.    The Defendants reallege and reiterate each and every allegation as if fully repeated verbatim herein.

45.    The Defendants bring this counterclaim for a Lis Pendens because Defendant is one of the owners of TravelHome 1405, LLC which is also the owner of the old Sportsman Motor Inn located in or on Ocean Boulevard in Myrtle Beach, South Carolina.

46.    That the Lis Pendens is filed as follows:

> ALL AND SINGULAR that certain piece, parcel or lot of land, together with improvements thereon, situate, lying and being in the County of Myrtle Beach, Horry County, South Carolina, and being shown and designated as the Northeast portion of Lot Seven (7) of Block two (2) of the Withers Heights Section, as shown on a map of said Section made by T.M. Jordan, C.E., dated June, 1945, and recorded in Plat Book 25 at Page 184, Horry County records.  The parcel hereinabove described being designed as "B" on that certain subdivision map of Lot 7 of Block 2 Withers Heights Section, prepared by T.M. Jordan, C.E., dated February 12, 1948, and recorded February 27, 1948, in Plat Book 6 at Page 185, Horry County records, said plat being incorporated by reference herein as a part of this description.

47.    That Defendants are informed and believes that a lis pendens is appropriate in this case because of Defendant's ownership in the Sportsman Motor Inn and in Travel Home 1405 LLC.

48.    That this counterclaim is for a lis pendens pending this suit.

5

<u>FOR A FIFTH DEFENSE AND COUNTERCLAIM</u>

(S.C. Unfair Trade Practices)

49.    The Defendants reallege and reiterate each and every allegation as if fully repeated verbatim herein.

50.    The Defendants are informed and believe that the Plaintiffs have violated South Carolina Unfair Trade Practices Act in locking Defendants out of TravelHome 1405 LLC and its hotel known as the old Sportsman Motor Inn.

51.    That such actions by the Plaintiffs are capable or repetition, are unlawful and illegal and affect the public interest.

52.    That Defendants bring this counterclaim for South Carolina Unfair Trade Practices and ask for actual damages, double damages, attorney's fees, prejudgment interest and costs.

<u>FOR A SIXTH DEFENSE AND COUNTERCLAIM</u>

(Constructive Trust)

53.    The Defendants reallege and reiterate each and every allegation as if fully repeated verbatim herein.

54.    The Defendants are informed and believe that a constructive trust has been formed by the actions of the parties in placing the property in question, i.e., the old Sportsman Motor Inn, in the corporation known as TravelHome 1405, LLC.

55.    The Defendants are further informed and believe that a constructive trust has formed because Plaintiff are in charge and have ousted Defendants from the property and Defendants are a member of the limited liability corporation which owns the Sportsman Motor Inn and thus there is a constructive trust over the real property for the benefit of the Plaintiff.

6

56.    That Defendants ask this Court find a constructive trust has been formed over the old Sportsman Motor Inn now known as TravelHome 1405 LLC and the Court order the Plaintiffs to hold the assets of the old Sportsman Motor Inn and either order those properties be sold or that the Defendants be paid for their interest in the property.

57.    That Defendants ask for judgment on the constructive trust for actual damages, punitive damages and the costs of this action.

## FOR A SEVENTH DEFENSE AND COUNTERCLAIM

### (Conversion)

58.    The Defendants reallege and reiterate each and every allegation as if fully repeated verbatim herein.

59.    That the Plaintiffs have unlawfully converted Defendants' property and locked Defendants out taking keys and business records through an illegal break-in of Defendant's home in violation of the criminal laws of South Carolina.

60.    That the conversion of the hotel was unlawful, illegal and without force effect of law by the Plaintiffs.

61.    The Defendants bring this counterclaim for conversion and ask for actual damages, punitive damages and the costs of this action to include loss rents and profits because the Sportsman Motor Inn has not been open for the season.

## FOR AN EIGHTH DEFENSE AND COUNTERCLAIM

### (Breach of Contract Accompanied by a Fraudulent Act)

62.    The Defendants reallege and reiterate each and every allegation as if fully repeated verbatim herein.

7

63.    The Defendants are informed and believes that the Plaintiffs have breached the contract entered into with the Defendants whereby Defendants agreed to manage the property and retrofit it for the season to include Defendants loaning money to complete the construction.

64.    That when the Sportsman Motor Inn was almost complete Plaintiffs locked Defendants out, took the business records and ordered Defendants off the property.

65.    That the breach of the contract was accompanied by fraudulent act, to wit, allowing the Defendants to pay for the construction materials, allowing the Defendants to work almost a year with the promise in payment and once the property was almost completed and ready for opening in locking Defendants out and refusing to make payment to these Defendants.

66.    That such actions constitute a fraudulent act along with the breach of contract and Defendants are entitled to actual damages, punitive damages and the costs of this action.

WHEREFORE, having answered the Complaint, Defendants pray that the Plaintiffs' Complaint be dismissed and that Defendants have judgment as follows:

A.    As to the second defense and first counterclaim, Defendants pray for actual damages.

B.    As to the third defense and second counterclaim, Defendants pray for an injunction.

C.    As to the fourth defense and third counterclaim, Defendants pray that a lis pendens attach to this property.

D.    As to the fifth defense and fourth counterclaim, Defendants request actual damages, punitive damages, treble damages, prejudgment interest and costs.

E.    As to the sixth defense and fifth counterclaim, Defendants ask for actual damages, punitive damages and that a constructive trust be placed on the property.

8

F.     As to the seventh defense and sixth counterclaim, Defendants ask for actual damages and punitive damages.

G.     As to the eighth defense and seventh counterclaim, Defendants ask for actual damages, punitive damages and costs of the action.

<div style="margin-left: 40%;">

KELAHER, CONNELL & CONNOR, P.C.

Gene M. Connell, Jr.
The Courtyard, Suite 209
1500 U.S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net
**Attorney for Defendants**

</div>

August 21, 2013
Surfside Beach, South Carolina

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2013-CP-26-4589

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

                Plaintiffs,

vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

AFFIDAVIT OF SERVICE
BY MAIL

       PERSONALLY appeared before me, Shelia Y. McCumbee, who being duly sworn, deposes
and says that she is an employee of Kelaher, Connell & Connor, P. C., Attorneys at Law, and that
she has mailed, on the date set forth below, a copy of the document described below, in the above
entitled action to the following with proper postage affixed thereto:

<div align="center">
James L. Hills, Esquire<br>
Hills & Hills, P.C.<br>
4701 Oleander Drive<br>
Myrtle Beach, SC  29577
</div>

DOCUMENT:      Answer and Counterclaim (with Summons)

DATE OF MAILING:      August 23, 2013

                                        _Shelia Y. McCumbee_

**SWORN AND SUBSCRIBED** before me,
this 23rd day of August, 2013.

_____
Notary Public for South Carolina
My Commission Expires: 8·25·19

**STATE OF SOUTH CAROLINA**

**COUNTY OF HORRY**

**IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2013-CP-26-4589**

Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact, )
        )
             Plaintiffs, )
        )
           vs. )
        )
Judy Tang a/k/a June Tang a/k/a Jun Tang, )
Yuang Tang, Travel Home 1405, LLC, )
        )
            Defendants. )
        )

**SUMMONS**
(Counterclaim)

TO:    THE DEFENDANTS ABOVE NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Counterclaim in this action,

of which a copy is herewith served upon you, and to serve a copy of your answer to the said

Counterclaim on the subscriber or subscribers at his or their office at Suite 209, The Courtyard,

1500 U.S. Highway 17 North, Post Office Drawer 14547, Surfside Beach, South Carolina 29587

within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail

to answer the Counterclaim within the time aforesaid; the Defendant in this action will apply to the

Court for the relief demanded in the Counterclaim and judgment by default will be rendered against

you for the relief demanded in the Counterclaim.

                 KELAHER, CONNELL & CONNOR, P.C.

                 Gene M. Connell, Jr.
                 The Courtyard, Suite 209
                 1500 U.S. Highway 17 North
                 Post Office Drawer 14547
                 Surfside Beach, South Carolina  29587-4547
                 (843) 238-5648 (phone)
                 (843) 238-5050 (facsimile)
                 gconnell@classactlaw.net
                 **Attorney for Plaintiff**

August 21, 2013
Surfside Beach, South Carolina

STATE OF SOUTH CAROLINA )          IN THE COURT OF COMMON PLEAS
                        )          FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY         )

                        )
Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact,       )
                        )          AFFIDAVIT OF SERVICE BY MAIL
            Plaintiffs, )          PLAINTIFF'S DISCOVERY TO
vs.                     )          ALL DEFENDANTS
                        )
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                    )
            Defendants. )          CASE NO.: 2013-CP-26-04589

Personally appeared before me the undersigned who, being duly sworn, deposes and states as follows:

1.      He is a paralegal in the law firm of HILLS & HILLS, P.C.

2.      Regular communication by mail exists throughout the state of South Carolina and this is a proper circumstance for service by mail.

3.      A copy of the Plaintiffs' Initial Interrogatories, Initial Requests for Production, and Requests to Admit, were served on the addressee(s) named below by depositing same for service by the United States Postal Service at Myrtle Beach, South Carolina on August 13, 2013 with the proper address with postage fully paid.


Addressee:      Gene M. Connell, Jr., Esq.
                Kelaher Connell & Connor, PC
                Post Office Drawer 14547
                Surfside Beach, South Carolina 29587


                                        Ronald S. Solomon
                                        Ronald S. Solomon


SWORN to and subscribed before me
This 13th day of August, 2013

Notary Public for the State of South Carolina
My commission expires  10/30/13

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 1
2013-CP-26-04589

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                         )    FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY         )
                         )
Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact,           )
                         )    AFFIDAVIT OF SERVICE BY MAIL
          Plaintiffs,  )    PLAINTIFF'S DISCOVERY TO
vs.                       )    ALL DEFENDANTS
                         )
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                    )
            Defendants.   )    CASE NO.: 2013-CP-26-04589

Personally appeared before me the undersigned who, being duly sworn, deposes and states as follows:

1.    He is a paralegal in the law firm of HILLS & HILLS, P.C.

2.    Regular communication by mail exists throughout the state of South Carolina and this is a proper circumstance for service by mail.

3.    A copy of the Plaintiffs' First Supplemental Interrogatories and First Supplemental Requests for Production were served on the addressee(s) named below by depositing same for service by the United States Postal Service at Myrtle Beach, South Carolina on September 10th 2013 with the proper address with postage fully paid.

Addressee:    Gene M. Connell, Jr., Esq.
               Kelaher Connell & Connor, PC
               Post Office Drawer 14547
               Surfside Beach, South Carolina 29587

_Ronald S Solomon_
Ronald S. Solomon

SWORN to and subscribed before me
This 11th day of September, 2013

_G. Lynn Jordan_
Notary Public for the State of South Carolina
My commission expires _1/24/21_.

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 1
2013-CP-26-04589

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
           )  FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY    )
           )  CASE NO.: 2013-CP-26-04589
           )
Gengwu Qiu and Geng Min Qiu as Attorney )  **MOTION AND ORDER INFORMATION**
in Fact
       Plaintiff, )  **FORM AND COVERSHEET**
   vs.       )
           )
Judy Tang a/k/a June Tang a/k/a Jun Tang, )
Yuang Tang, and Travel Home 1405, LLC
       Defendant. )

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| James L. Hills, Bar No. 2517 | Gene M. Connell, Jr., Bar No. _____ |
| Address: | Address: |
| 4701 Oleander Dr., Myrtle Beach, SC 29577 | PO Drawer 14547, Surfside Beach, SC 29587 |
| Phone: 843.626.2600 Fax 843.448.6792 | Phone: 843.238.5648 Fax 843.238.5050 |
| E-mail: jlh@hillsandhills.com Other: _____ | E-mail: _____ Other: _____ |

☒**MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐**FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐**PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

### SECTION I: Hearing Information
Nature of Motion: SCHEDULED FOR OCTOBER 3, 2013 AT 1:00 P.M. - JUDGE HYMAN
Estimated Time Needed: _____   Court Reporter Needed: ☒YES/☐ NO

### SECTION II: Motion/Order Type
☒Written motion attached
☐Form Motion/Order
  I hereby move for relief or action by the court as set forth in the attached proposed order

_Jessica C. King for JLH_     09/19/13
Signature of Attorney for ☒ Plaintiff/☐ Defendant  Date submitted

### SECTION III: Motion Fee
☒ PAID – AMOUNT: $ _original filing_
☐ EXEMPT:   ☐ Rule to Show Cause in Child or Spousal Support
 (check reason) ☐ Domestic Abuse or Abuse and Neglect
      ☐ Indigent Status ☐ State Agency v. Indigent Party
      ☐ Sexually Violent Predator Act ☐ Post-Conviction Relief
      ☐ Motion for Stay in Bankruptcy
      ☐ Motion for Publication ☐ Motion for Execution (Rule 69, SCRCP)
      ☐ Proposed order submitted at request of the court; or,
       reduced to writing from motion made in open court per judge's instructions
      Name of Court Reporter: _____
      ☐ Other: _____

| JUDGE'S SECTION | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ |
| ☐ Other: | Date: _____ |

### CLERK'S VERIFICATION

Collected by:_____  Date Filed: _____
☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

MELANIE HUGGINS-WARD
CLERK OF COURT
FILED
HORRY COUNTY
2013 SEP 19 PH 12: 28

STATE OF SOUTH CAROLINA )      IN THE COURT OF COMMON PLEAS
                               )      FIFTEENTH JUDICIAL CIRCUIT
                               )
COUNTY OF HORRY            )

|   |   |
|---|---|
| Gengwu Qiu and Geng Min Qiu as Attorney in Fact, | ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| Judy Tang a/k/a June Tang a/k/a Jun Tang, Yuang Tang, Travel Home 1405, LLC, | ) ) ) |
| Defendants. | ) |

**AMENDED AND SUPPLEMENTED MOTION FOR TEMPORARY INJUNCTION AND APPOINTMENT OF A RECEIVER**

CASE NO.: 2013-CP-26-04589

YOU WILL PLEASE TAKE NOTICE THAT PLAINTIFFS will move this Honorable Court, pursuant to Rule 65 (b) of the SCRCP, for a hearing at the earliest possible time, for an Order for the following, inter alia:

    a.   To prevent the individual Defendants from continuing to convert corporate assets for their own use;

    b.   To prevent the individual Defendants from intentionally ignoring the obligations of the business, which will cause severe damage to Defendant Travel Home 1405, LLC and to Plaintiffs;

    c.   To prevent the individual Defendants from acting in a manner that is illegal, fraudulent, oppressive, and unfairly prejudicial to Plaintiffs and the business;

    d.   To prevent the individual Defendants from misapplying or wasting the corporate assets of the business;

    e.   To prevent the individual Defendants from interfering with management of Defendant Travel Home 1405, LLC;

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 3
2013-CP-26-04589

Motion for Injunction and Receiver

f.  To prevent the individual Defendants from writing checks, pledging credit, ordering supplies, or performing any other actions that may obligate Defendant Travel Home 1405, LLC in any way;

g.  To make Plaintiff Gengwu Qiu the managing shareholder of Defendant Travel Home 1405, LLC; and

h.  To allow Plaintiffs to maintain the business, conduct the normal day-to-day operations, and satisfy the obligations of the business as they become due or, in the alternative, for the Court to appoint a Receiver for the property to accomplish these goals.

Along with the original issues listed above, Plaintiffs have recently become aware that Defendant Judy Tang has obtained a mortgage on behalf of Defendant Travel Home 1405, LLC and that this mortgage is being foreclosed upon. Plaintiffs believe that this makes the above requests for relief even more pressing and necessary.

In support of this Motion, Plaintiffs will show and allege unto this Court, by and through the facts set forth in Plaintiff's Complaint, which is on file with the Clerk of Court of Horry County, as well as the attached affidavits and testimony to be provided, that immediate, irreparable injury, loss, and damage will result to Plaintiffs, unless Defendants are enjoined as outlined above, and/or unless a Receiver is appointed.

This Motion may be based upon such additional grounds, affidavits, arguments of counsel, and case and statutory law as may be presented at the hearing hereof.

The undersigned counsel hereby affirms that consultation with the opposing party prior to filing this Motion in an effort to resolve the matters contained herein would serve no useful

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 2 of 3
2013-CP-26-04589

Motion for Injunction and Receiver

purpose or could not be timely held. I certify that this Motion was timely served on the opposing party.

Respectfully submitted:
HILLS & HILLS, P.C

James L. Hills
4701 Oleander Drive
Myrtle Beach, SC 29577
Telephone: 843-626-2600
Fax: 843-448-6792
Attorney for Plaintiffs

Myrtle Beach, South Carolina

September __18__, 2013

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 3 of 3
2013-CP-26-04589

Motion for Injunction and Receiver

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                          )    FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY         )

                          )
**Gengwu Qiu and Geng Min Qiu as**   )
**Attorney in Fact,**          )
                          )          **AFFIDAVIT OF**
            **Plaintiffs,**     )      **GENG MIN QIU,**
**vs.**                          )   **AS ATTORNEY IN FACT FOR**
                          )       **GENG WU QIU**
**Judy Tang a/k/a June Tang a/k/a Jun** )
**Tang, Yuang Tang, Travel Home 1405,** )
**LLC,**                         )
            **Defendants.**   )   **CASE NO.: 2013-CP-26-04589**

2013 SEP 19 PM 12:28
MELANIE HUGGINS WARD
CLERK OF COURT
FILED
HORRY COUNTY

Personally appeared before me the deponent, Geng Min Qiu, as Attorney in Fact for Gengwu

Qiu, who, being duly sworn, deposes and states the following:

    1.     My name is Geng Min Qiu (or Qiu Geng Min – Qiu is my family name), and I am

the attorney in fact for my brother, Gengwu Qiu. We are from China, and my brother spends

most of his time there to manage his business, while I manage his business in the United States. I

hold a power of attorney for him so that I may appropriately care for all of his involvements

here. Though I will often speak as "I," my understandings and beliefs are shared by my brother,

whose guidance I had in making these many decisions. I should also note that I am not very

proficient at speaking English, and I cannot read English. I have relied on the help of friends to

draft this affidavit. Unfortunately, I also relied on Judy Tang a great deal in our business dealings

because she speaks English so well.

### The Hotel

    2.     In late 2011, I came across a newspaper advertisement offering an interest in a

hotel in Myrtle Beach. This advertisement was placed in a Chinese language newspaper in New

York, which is where I live the majority of the time. My brother thought this was a good

investment, and we got in touch with the owner of the advertisement, Judy Tang. The hotel to

which she was referring was the Casa del Oro. I went to Myrtle Beach with Judy, decided that we liked the Sportsman Motor Inn on the ocean better than the Casa del Oro and decided to try to invest. Because she speaks English the best, Judy went to negotiate and I went back to New York. She called me and said that the seller's bottom line price was One Million Three Hundred Thouasnd and no/100ths Dollars ($1,300,000.00). She proposed that I invest ninety percent (90%) and she would invest ten percent (10%). We decided to purchase the hotel on this basis, but I have never seen Judy's ten percent (10%) of the purchase price, which would have been One Hundred Thirty Thousand and no/100ths Dollars ($130,000.00). To the best of my knowledge, Judy still owns Casa del Oro through her limited liability corporation, Travel Home, LLC. Part of the issues that I am facing deal with the fact that Judy appears to have been mixing funds and materials between the two (2) hotels.

3.      Judy stated from the beginning that we needed a limited liability corporation (LLC) to handle the business of the hotel, including its purchase and renovation, and that this would be called Travel Home 1405, LLC. (It is sometimes written as Travelhome 1405, LLC.) I trusted her that this was necessary to run a business because I did not understand enough English, and I knew she had operated businesses before. I believe that the set-up of the LLC was done by Jay Haar, Esq. while he was preparing the closing documents on the hotel. Judy is the registered agent of the corporation, spelling her name Jun Tanh (as seen on the attached printout from the Secretary of State's website). The address is that of her own hotel, Casa del Oro. I thought that Judy's only compensation for finding the property and overseeing the renovations was to retain a ten percent (10%) ownership in the LLC, which she was to pay for, but never did. We never agreed for her to receive any kind of salary. It has come to light, though, that she immediately transmitted nine percent (9%) ownership to her daughter, Yuang Tang.

4.    My attorney has explained to me that, because we do not have an operating agreement, the South Carolina Code states that our LLC is operated by a majority vote of shareholders, not a vote of the majority of shares. In other words, though I own ninety percent (90%) of the LLC, I will always lose a vote because Judy and her daughter will always vote together, making it two (2) against one (1). This was never my intent, and I believed from the beginning that I was going to be in control of the hotel and the LLC. Neither my brother nor I ever agreed to pay Judy any money for her work on renovations of the hotel. Though Judy has acted as a managing shareholder in the LLC, she has only managed day-to-day activities and done what is allowable under the Code. This was my belief until I discovered a mortgage that she entered into, which I will discuss at length later.

5.    On or about January 27, 2012, I transferred Nine Hundred Thousand and no/100ths Dollars ($900,000.00 USD) to the trust account of Mr. Haar on behalf of my brother for the purchase of the hotel. I was at the closing on January 31, 2012, but I did not know what was going on during the transaction. I was asked to sign several documents, but I only followed instructions, and I was not given a copy to keep. I totally relied on Judy during the closing, just like during all of these transactions. I found out much later, by reviewing the closing documents, that the actual purchase price of the hotel was Nine Hundred Twenty-Five and no/100ths Dollars ($925,000.00). Regardless, I had been led to believe that the actual purchase price of the hotel was One Million Three Hundred Thousand and no/100s Dollars ($1,300,000.00), and that I was to pay the remainder via check. It was not until I saw the settlement statement from the closing that I found out what the actual purchase price was. Part of this remainder was paid by cashier's check from Cathay Bank that I drafted in December of 2011 in the amount of Fifty-Eight Thousand Five Hundred and no/100ths Dollars ($58,500.00). This check was described to me as

ninety percent (90%) of a deposit toward the hotel, even though the hotel was being purchased at about the same time.

6.    I met with Judy in New York on January 30, 2012 at Cathay Bank in Flushing, New York to get three (3) more cashier's checks. Copies of these checks are attached. I immediately handed these over to Judy. I believed Judy when she said that these were the remainder of the hotel's purchase price; however, it now seems that these were to cover Judy's personal debts, along with the check that I had written in December. My attorney's office has found that TravelHome, LLC also had outstanding liens against her from Lacy Earle Cooke and Enri Senatore, to whom two (2) of the checks were written. I believe that I effectively paid off the balances of these loans without knowing it. I still do not know who N&H Health is, or what any health expenses may have had to do with renovating the hotel. Based on her responses to my attorney's requests for admission, Judy has denied ever seeing these checks, though she was with me at the bank and directing me how to have the checks written. Judy left the bank with these checks in her possession. I have attached a document that reviews the checks that were written, as well as my contributions to the property and its renovations in hope that it illustrates my points more clearly.

7.    When it came to renovating the property, Judy and I agreed to put our investment money according to the ninety/ten (90/10) ratio of our initial investment. This was to be accomplished by putting money into the Travel Home 1405, LLC bank account. We agreed that all expenditures must be paid through company check, but Judy did not do that: she continued to draw cash, create false accounting records, and the company account was made very confusing and difficult to audit.

8.     Judy has made other allegations that are false. In her answer and counterclaim, she states that I am laundering money, which is a complete fabrication. All of the funds provided by my brother are completely legal, as are all of his businesses. Judy also alleges that I have locked her out of the property, which is untrue. I have never had keys to the hotel, though I do have a key to a house that she keeps next to the Casa del Oro, and which she rents to international students. This is where she keeps the books and where I stay when I come to Myrtle Beach. This is also the property that she claims I broke into and stole records from. Any keys I have were obtained from her, so she would be able to unlock all of the doors. Furthermore, I have never changed the locks on the property.

9.     Judy's last allegation is that I stole records from her, as mentioned above. This is also false. First of all, it is my understanding that, as a member of the LLC, I have equal right to corporate records. In fact, Judy showed me where she kept the records and said that I could look at them whenever I wanted. When I went to review the records, I believe that I found more than she thought I would and got upset. I reviewed and copied these records, as did my certified public accountant, Mark Xu (also known as Xu Yigang, and doing business as Xu CPA). I then gave the records to my attorney, who returned them to Mr. Connell. Nothing was stolen from Judy in any sense of the word.

10.     In fact, I believe that Judy has stolen from me and my brother. My brother has provided more money than we ever thought would be necessary for renovation to this hotel, and we have received no accountability of how it was spent. I have made many trips to Myrtle Beach to look at the hotel and see how things are progressing, but I kept being told that more money was needed and the work was not yet finished. To this day, the work is not finished, though Judy maintains that it is ready to open. I was promised that the hotel would be ready to open three (3)

months from the date of the closing, which was approximately twenty (20) months ago in January of 2012. The hotel still needs much work, and I need to be granted control of the property so that this work can be completed and we can open.

11.     Before this action was filed, my attorney was in touch with Mr. Gene Connell, who is now representing Judy. I am attaching letters that I received that evidence a conversation between the two attorneys regarding the status of the hotel. There is no response to Mr. Hills's letter to provide, and the questions that he raised have not been answered. Though we keep being told that the hotel is ready to open, Judy will not sign a consent order to give me the court's authority to take possession and control of the hotel. Therefore, I have not had an opportunity to earn money on the hotel and cannot begin to recoup the expenses that Judy cannot account for, much less earn a profit.

12.     Judy has taken other measures to harm me personally as well as the business. For example, when I went to where Judy keeps the records of the business to review them, Judy accused me of breaking into her house and stealing things. She was furious and tried, unsuccessfully, to have me arrested. Judy also accused me of stealing a car, which she had authorized me to borrow. She tried to have me arrested for this alleged theft, and she went so far as to file for a claim and delivery in magistrate's court regarding that. The truth is that she agreed for me to borrow it, and I have paid insurance and repairs on the car. Judy has made repeated threats to me, whether it is that her attorney will beat mine, or that I will never get the hotel open.

13.     Judy has also mismanaged the hotel and the corporation. She has let taxes gone unpaid, including those for workers. When I reviewed our records in March of 2013, she had not yet issued 1099 forms for employees, which I understand to be due by the end of every January. Lastly, also attached to this motion is an affidavit from Paul Edward Sesta who worked for Judy.

In it, he states that Judy ordered supplies for The Sportsman, but used them on her hotel, the Casa del Oro. I believe that this was a habit of hers, and I am not sure if it is possible to account for all of the materials and money that she misappropriated for her own use, though I am asking the court to allow me to try.

**The Pallay Mortgage**

14.    Not only has Judy asked for hundreds of thousands of dollars from me and my brother, she has apparently asked for even more money from another individual, Mr. Howard L. Pallay a/k/a Howard L. Pally. My attorney was notified by Mr. Connell on August 14, 2013, after he received a letter from John R. Richardson, Esq., that Judy had allegedly signed a promissory note on June 30, 2012 and it had come due. This note was allegedly for Two Hundred Thousand and no/100ths Dollars ($200,000.00), and a mortgage, which listed the hotel as collateral, was filed in June of 2013, nearly a year after the promissory note was allegedly signed. Mr. Pallay, by and through Mr. Richardson, has now instituted foreclosure proceedings against this mortgage. Copies of the promissory note, mortgage, and foreclosure action are attached.

15.    I cannot say enough that I had no idea that this promissory note or mortgage existed until I was informed by Mr. Hills! I would not have authorized such a debt, nor would have my brother. Had we known prior to the creation of the mortgage, we would have tried to remedy the situation somehow. Instead, we are at risk of losing our hotel because of a bad debt that we did not know about. We very much wish to understand more about the existence of the mortgage.

16.    I believe that Judy overstepped her role as managing shareholder by entering into this promissory note. I do not see how borrowing such a large sum of money could be considered

part of the day-to-day operations of a business. This loan should have required authorization by all shareholders. Even though I may not have been able to stop the loan, due to my only being one (1) of three (3) members, I could have taken actions to mitigate the damage that it has done and will continue to do to the LLC and the hotel.

17.     Furthermore, what if Judy has taken out other loans or made other transactions that I am not aware of? There is no way to know how much money the LLC may owe to unknown parties. Mr. Hills has asked this question to the Defendants through discovery, but we have yet to receive a response, and I am not sure if any response would be truthful. She has not, and I believe she cannot, account for where this money went. There is no deposit of Two Hundred Thousand and no/100ths Dollars ($200,000.00) into the Travel Home 1405, LLC account. Where did this money go?

18.     Judy has claimed that we have all of the records. By saying that, Judy is failing to account for anything. She is not making any effort to prove the existence or expenditure of any funds whatsoever, whether it is the Pallay mortgage or other monies. Mr. Xu, our CPA, has stated that there is lots of money unaccounted for, not limited to the proceeds of the alleged mortgage. This promissory note and mortgage are merely another example of how Judy has cheated and stolen throughout this entire process. It is imperative that I am given control of this property as soon as possible. My brother cannot afford to keep throwing money at a hotel that cannot be opened, and Judy Tang cannot be trusted. There is no reason for the hotel to sit empty when it is possible for it to be opened with only a small amount of work, and Judy should not be allowed to oversee the completion of the renovation or any operations. She has stolen and lied repeatedly, and she simply will not stop.

**Signature follows on next page.**

FUTHER DEPONENT SAYETH NAUGHT.

_____
Geng Min Qiu

SWORN and subscribed to before me
This __18__ day of September, 2013.

_____
Notary Public for the State of South Carolina
My commission expires __4/27/19__ .

STATE OF SOUTH CAROLINA ) 

                             ) **AFFIDAVIT OF PAUL EDWARD SESTA**

COUNTY OF HORRY )

    **Personally appearing before me,** Paul Edward Sesta, who, being duly sworn, deposes and states as follows:

1.    My name is Paul Edward Sesta, and I reside in Conway, South Carolina. I am 52 years old, and have been in construction most of my life.

2.    I have known Judy Tang for approximately two years. I originally began working for her at the Casa del Oro doing maintenance for two hundred ($200.00) dollars per week (cash) plus rent. She never withheld taxes from me, and I have never received a 1099. Instead of rent, I actually lived in one of the units at the Casa del Oro.

3.    In early 2012, Judy and Mr. Qiu purchased the Sportsman Hotel located at 1405 South Ocean Blvd. It was originally supposed to be opened in April or May, 2012. It did not get opened, because she stopped work on it.

4.    Dale Norris was Judy's boyfriend, sleeping with her, and he was her informal "foreman" for the work being done.

5.    Dale told me we were waiting on some money to come in. When it did come in, we went back to work on the Sportsman, and almost immediately began working on the Casa del Oro.

Air Conditioners.

6.    Last summer, I signed, as agent for Judy, for about twenty-five air conditioners that came in at the Casa del Oro. Those were later loaned to the Summer Sands. I know, because I helped take them over there. About one month later, we received another

MELANIE HUGGINS-WARD
CLERK OF COURT
2013 SEP 19 PM 12: 29
FILED
HORRY COUNTY

delivery of air conditioners to the Sportsman. That was about twenty-five more. I helped load them into the room at the Sportsman.

7.   I did help install the air conditioners at the Summer Sands.

8.   The sheetrock would come in on one order and we would take some to the Sportsman and some to the Casa del Oro. It was when she was doing the sheetrock at the Casa del Oro, that they got into trouble because of the asbestos.

9.   Things like tile, tools and other small tools, we would order and then Dale and I would go pick it up. For instance, there was an order of tile, which was split up and went to both places. For tools, things like an expensive tile cutter, saws, drills, etc. which were used at the Sportsman, the Casa del Oro, and last I saw them, they were at the Summer Sands.

10.   We were told from the beginning, that if we kept it under budget, that we could use the remainder at the Casa del Oro. After the money came in, then we started going to work at both.

11.   It was after the money came in that Dale got a pick-up and Tang bought her car, a grey SUV.

12.   It became obvious to me at some point that they were cheating Qiu. When I told Dale and Judy that I was going to talk to Qui, all of a sudden I was no longer in charge of anything.

13.   The final straw came when Judy tried to kick out the old lady that was living upstairs at the hotel at the Casa del Oro. She was unsuccessful because the old lady had all the signed receipts signed by Judy. However, I knew that if Judy would do it to her then she would do it to anyone. I knew it was time to leave.

14. My impression was that Judy was not a full-time resident at the Casa del Oro, as she spent a lot of time in New York City.

15. I do not know of any other Tang's.

Further Deponent sayeth not.

Paul Edward Sesta

SWORN TO BEFORE ME this **22** day of April, 2013.

_____ (L.S.)
Notary Public for South Carolina

My Commission Expires: __8-14-19__

STATE OF SOUTH CAROLINA     )
                                 )  **AFFIDAVIT OF Xu Yigang**
COUNTY OF GREENVILLE      )  **ON BEHALF OF** _Qiu Gengmin_
                                 )

       **Personally appeared before me**, Xu Yigang, who, being duly sworn deposes and states as follows:

    1.      My name is Xu Yigang, I am a CPA (license number 8344), I live at 9 Manley Road, Travelers Rest, SC, and I am the sole member of XU CPA, LLC.

    2.      Mr. Qiu Gengmin and Ms. Tang Jun formed Travelhome 1405, LLC for the purpose of purchase/remodel/operate the hotel/property located at 1405 S. Ocean Blvd. Myrtle Beach, SC.

    3.      Mr. Qiu Gengmin has suspicion of discrepancy in LLC capital contribution and cash disbursements, he hired XU CPA, LLC to perform investigation to determine whether discrepancy exists and if it does, the estimated or actual impact of the discrepancy.

    4.      I have performed investigation of all business records made available to me (including, bank statements, image of checks, check stubs, receipts of wire transfer, invoices from vendors, payroll records, and others). I have also searched public information which maybe related to this case (including, news websites, ROD office records, property tax records, and others). I have interviewed one worker and construction consultant involved with the remodel process, and I have visited the property twice with Mr. Qiu.

    5.      A bona fide partnership entails a joint contribution of capital, a common purpose to carry on a business and a community of interest in profit and loss. Based on my investigation of all records made available to me, there is discrepancy in LLC capital contribution and cash disbursements, please see attachments.

    6.      Conclusions may subject to change upon discovery of new record or document that has previously not been made available to me through the investigation process.

          Page **1** of **2**

**Further deponent sayeth not.**

Xu Yigang
_____
Xu Yigang

Sworn to and subscribed to before me
this _11th_ day of May, 2013
_____ (L.S.)
Notary Public for State of _SC_
My Commission Expires: _March 19, 2019_

## Affidavit of Xu Yigang, CPA
## on behalf of Qiu Gengmin

### Attachment

1. **Per Travelhome 1405, LLC initial contribution agreement between Mr. Qiu,Gengmin and Ms.Tang, Jun dated December 17, 2011, the purchase of 1405 S. Ocean Blvd property (known previously as Sportsman Inn) is $1,300,000 broken down as follows, property actually sold for $925,000**

|  | TOAL | QIU | TANG |
|---|---|---|---|
| a. Deposit upon execution of agreement | $    65,000 | $    58,500 | $    6,500 |
| b. Balance to be paid at closing in cash or certified funds. | 1,235,000 | 211,500 | 123,500 |
| c. Transfer to Bryan& Haar Attorneys at law |  | 900,000 |  |
| Total purchase price per initial agreement | $   1,300,000 | $  1,170,000 | $   130,000 |
|  | 100% | 90% | 10% |
| Purchase price per actual HUD statement | $    925,000 |  |  |

**A. QIU made all of the $1,170,000 initial contribution per agreement, some funds were made to TANG's creditors per TANG's instruction.**

|  | QIU | TANG |
|---|---|---|
| 1.December 17, 2011 cashier check made to Travelhome, LLC | 58,500 | (58,500) |
| *Travelhome, LLC is owner of the property located at 401 14th Avenue S. (d.b.a Casa Del Oro Hotel), Ms. Tang is sole member of Travelhome, LLC* |  |  |
| 2.January 30, 2012 cashier check made to Enri Senatore | 50,000 | (50,000) |
| *Enri Senatore of Little Neck, NY is the mortgagee of a mortgage on the Casa Del Oro hotel executed by Travelhome, LLC on October 28, 2011 for a $100,000 promissory note.* |  |  |
| 3. January 30, 2012 cashier check made to Lacy Earl Cooke | 100,000 | (100,000) |
| *Lacy Earl Cooke is the mortgagee of a mortgage on the Casa Del Oro hotel executed by Travelhome, LLC on September 22, 2005, later modified in April 30, 2007 for an original $567,500 mortgage loan note* |  |  |
| 4. January 30, 2012 cashier check made to N&H Health | 61,500 | (61,500) |
| *Unknown entity, no exisiting business record known to me indicated any connection between N&H Health and the purchase of 1405 S. Ocean Blvd. property.* |  |  |
| 5. January 27, 2012 transfer to Bryan & Haar trust account | 900,000 |  |
|  | 1,170,000 | (270,000) |
| **QIU TOTAL INITIAL CONTRIBUTIONS** | **$   1,170,000** |  |

**B. TANG made $29,641 initial contribution toward the purchase of the property.**

|  | QIU | TANG |
|---|---|---|
| 1. Deposit or earnest money shown on HUD statement | - | 25,000 |
| 2. Settlement charge due buyer shown on HUD statement | - | 4,641 |
|  | - | 29,641 |

| TANG TOTAL INITIAL CONTRIBUTION DUE | 100,359 |
|---|---|
| TOTAL FUND MADE TO TANG'S CREDITORS OR FOR OTHER PERSONAL USES | 270,000 |
| *TOTAL DUE FROM TANG FOR INITIAL CONTRIBUTION* | $    370,359 |

<u>Affidavit of Xu Yigang, CPA</u>                              PAGE 2/3
<u>on behalf of Qiu Gengmin</u>
<u>Attachment</u>

II. **QIU MADE $485,000 FURTHER CONTRIBUTION IN 2012, TANG MADE $50,922 FURTHER CONTRIBUTION IN 2012 AND $38,809 VARIOUS WITHDRAWLS AND TRANSFER OUT.**

III. **TANG TOOK $67,920 CASH FROM LLC ACCOUNT TO PAY WORKERS, WORKERS ACTUALLY GOT PAID ONLY $27,025, $40,895 DISCREPANCY DUE FROM TANG.**

| Check Date | Withdrawl Amount | Workers Got Paid | Discrepancy |
|---|---|---|---|
| February 4, 2012 | 3,800 | 2,650 | 1,150 |
| February 10, 2012 | 4,220 | 2,625 | 1,595 |
| March 2, 2012 | 3,100 | 2,525 | 575 |
| March 9, 2012 | 4,400 | 2,225 | 2,175 |
| March 15, 2012 | 5,600 | 1,900 | 3,700 |
| March 23, 2012 | 5,600 | 2,050 | 3,550 |
| March 29, 2012 | 5,600 | 2,050 | 3,550 |
| April 6, 2012 | 3,800 | 2,950 | 850 |
| April 13, 2012 | 5,600 | 2,950 | 2,650 |
| April 19, 2012 | 5,300 | 2,950 | 2,350 |
| April 27,2012 | 5,300 | - * | 5,300 |
| May 4, 2012 | 5,300 | - * | 5,300 |
| May 12, 2012 | 2,400 | 350 | 2,050 |
| May 25, 2012 | 4,700 | 600 | 4,100 |
| June 25, 2012 | 3,200 | 1,200 ** | 2,000 |
| | 67,920 | 27,025 | 40,895 |

*TOTAL CASH PAYROLL DISCREPANCY DUE FROM TANG*            $        40,895

\* Per signed statement of worker Paul Edward Sesta, nobody worked that week.

\*\* No support document, estimated actual per Paddy Son record.

IV. **TANG USED TRAVELHOME 1405, LLC FUND TO PAY FOR TRAVELHOME, LLC (d.b.a CASA DEL ORO HOTEL) REMODEL EXPENSE, INCLUDING BUT NOT LIMITED TO THE FOLLOWINGS:**

1. Kitchen cabinets                                                    1,113
2. 23 brand new 6 panel doors                                          3,002
3. Asbestos inspection and abatement                                  11,350
4. Painter and drywall labor                                           5,700
5. Pool work                                                           2,467
6. 15 brand new AC units with power cords                              8,235
7. December 12 payroll while nobody was working at 1405                5,000
8. Various materials, deco, labor, supplies, plumbing and dump exp.   14,514
9. Estimated 50% of drywall, tiles and general material used in the
   remodeling of Casa Del Oro                                         12,959  *
                                                                      64,340

*TOTAL DUE FROM TANG FOR FUND USED FOR HER OWN*
*BUSINESS CASA DEL ORO HOTEL*                          $        64,340

\* Per interview with Paul Edward Sesta at April 22, 2013, all rooms at Casa Del Oro were gutted to studs and brand new walls, trims and paint were installed, using material purchased by Travelhome 1405, LLC.

Affidavit of Xu Yigang, CPA
on behalf of Qiu Gengmin
Attachment

V.  **VARIOUS DEBIT CARD AND CHECK DISBURSMENTS HAVE NO SUPPORTING
DOCUMENT IN THE BUSINESS RECORD MADE AVAILABLE TO ME, INCLUDING:
1. NO RECEIPT; 2. NO INVOICE; 3. NO RECORD AND 4. UNIDENTIFIED PAYEES**

*$         40,626*



## TRAVELHOME 1405, LLC

*Note:This online database was last updated on 9/16/2013 6:01:38 PM.*
*See our Disclaimer.*

| | |
|---|---|
| **DOMESTIC / FOREIGN:** | Domestic |
| **STATUS:** | Good Standing |
| **STATE OF INCORPORATION / ORGANIZATION:** | SOUTH CAROLINA Profit |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| **REGISTERED AGENT NAME:** | JUN TANH |
| **ADDRESS:** | 401 14TH AVENUE SOUTH |
| **CITY:** | MYRTLE BEACH |
| **STATE:** | SC |
| **ZIP:** | 29577 |
| **SECOND ADDRESS:** | |
| **FILE DATE:** | 01/23/2012 |
| **EFFECTIVE DATE:** | 01/23/2012 |
| **DISSOLVED DATE:** | / / |

## Corporation History Records

| CODE | FILE DATE | COMMENT | Document |
|---|---|---|---|
| Domestic LLC | 01/23/2012 | AT WILL | |

Disclaimer: The South Carolina Secretary of State's Business Filings database is provided as a convenience to our customers to research information on business entities filed with our office. Updates are uploaded every 48 hours. Users are advised that the Secretary of State, the State of South Carolina or any agency, officer or employee of the State of South Carolina does not guarantee the accuracy, reliability or timeliness of such information, as it is the responsibility of the business entity to inform the Secretary of State of any updated information. While every effort is made to insure the reliability of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from this database does so at his own risk.

## Check Image

| Bus. Date | Blk Num | Seq. Num | Check | Acct. Num | Tran Code | Amount | FRB-ABA |
|-----------|---------|----------|-------|-----------|-----------|--------|---------|
| 12/19/2011 | 1004 | 10500264-0 | 000123511 | 71003003 | 38 | 58500.00 - USD | 50210395 |

**CATHAY BANK**

40-14 Main St., Flushing, NY 11354

CASHIER'S **000123511**
CHECK NO.

16-395
1222

AMOUNT: *****$58,500.00

FEE ASSESSMENT

DATE: 12/17/2011

PURCHASER'S SIGNATURE

TO THE ORDER OF    **TRAVELHOME LLC**

PURCHASER'S ADDRESS

## CASHIER'S CHECK - BANK COPY

REMITER: 52 BD INC

SLBC 0050 057 00007 12:01 PM 12/17/2011 $58,500.00 - 50897818

⑈000123511⑈ ⑆50210395⑆ ⑈710030030⑈    ⑈000058 50000⑈

SECURE

Ⓢ Standard Register

SECURE

SECURE

Ⓢ Standard Register

SECURE

818588264 12192911 >122203958< CathayBank

## Electronic Endorsements

| Seq# | Record Type | Description | ID | BusDate | Seq# | RT# | Truncated | Converted | Corrected | Return Code |
|------|-------------|-------------|-----|---------|------|-----|-----------|-----------|-----------|-------------|
| 1 | A | BOFD | 1 | 12/19/2011 | 301050026400 | 122203950 | | Y | | |

Exhibit A

## Check Image

| Bus. Date | Blk Num | Seq. Num | Check | Acct. Num | Tran Code | Amount | FRB-ABA |
|---|---|---|---|---|---|---|---|
| 01/30/2012 | 1007 | 10682227-0 | 000127638 | 71003003 | 36 | 100000.00 – USD | 50210395 |



**CATHAY BANK**

36-54 Main St., Flushing, NY 11354

16-395
1222

CASHIER'S 000127638
CHECK NO.

AMOUNT:  *****$100,000.00

FEE ASSESSMENT

DATE: 1/30/2012

TO
THE
ORDER
OF

*LACY EARL COOKE*

PURCHASER'S SIGNATURE

PURCHASER'S ADDRESS

### CASHIER'S CHECK - BANK COPY

SLBC 0056 637 00127 02:50 PM 1/30/2012 $100,000.00 - 50897818

⑈000127638⑈ ⑆50210395⑆ ⑈710030030⑈        ⑈0010000000⑈

SECURE

SECURE

618002227 G1382612 >122203958< CathayBank
Standard Register

SECURE
Standard Register

SECURE

SECURE

## Electronic Endorsements

| Seq# | Record Type | Description | ID | BusDate | Seq# | RT# | Truncated | Converted | Corrected | Return Code |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | A | BOFD | 1 | 01/30/2012 | 2001068222700 | 122203950 | Y | | | |

Exhibit B

## Check Image

| Bus. Date | Blk Num | Seq. Num | Check Acct. Num | Tran Code | Amount | FRB-ABA |
|---|---|---|---|---|---|---|
| 01/30/2012 | 1007 | 10662229-0 | 000127640 | 71003003 | 36  61500.00 - USD | 50210395 |

 **CATHAY BANK**

$\frac{16\text{-}395}{1222}$    CASHIER'S  **000127640**
CHECK NO.

36-54 Main St., Flushing, NY 11354

AMOUNT:  *****$61,500.00

FEE ASSESSMENT  *0.00*

PURCHASER'S SIGNATURE

DATE: 1/30/2012

TO
THE
ORDER
OF        *N&H HEALTH*

PURCHASER'S ADDRESS

## CASHIER'S CHECK - BANK COPY

SLBC 0066 637 00129 02:52 PM 1/30/2012 $61;500.00 - 50897818

⑈000127640⑈ ⑆50210395⑆ ⑈71003003⑈                ⑈0006150000⑈

816662229 01302012 >122203950< CathayBank

## Electronic Endorsements

| Seq# | Record Type | Description | ID | BusDate | Seq# | RT# | Truncated | Converted | Corrected | Return Code |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | A | BOFD | 1 | 01/30/2012 | 2001066222900 | 122203950 | Y | | | |

Exhibit C

Check Image

| Bus. Date | Blk Num | Seq. Num | Check | Acct. Num | Tran Code | Amount | FRB-ABA |
|-----------|---------|----------|-------|-----------|-----------|--------|---------|
| 01/30/2012 | 1007 | 10662225-0 | 000127639 | 71003003 | 38 | 50000.00 - USD | 50210395 |

 CATHAY BANK

16-394
1222

CASHIER'S 000127639
CHECK NO.

36-54 Main St., Flushing, NY 11354

AMOUNT: *****$50,000.00

FEE ASSESSMENT ___0___

DATE: 1/30/2012

PURCHASER'S SIGNATURE

TO
THE
ORDER
OF

*ENRI SENATORE*

PURCHASER'S ADDRESS

## CASHIER'S CHECK - BANK COPY

. SLBC 0066 637 00128 02:51 PM 1/30/2012 $50,000.00 - 60897818

⑆000127639⑆ ⑇5021⑈0395⑇ ⑈71003003⑈ ⑆0005000000⑆

818662225 81382812 >12228395S< CathayBank

SECURE
Standard Register

## Electronic Endorsements

| Seq# | Record Type | Description | ID | BusDate | Seq# | RT# | Truncated | Converted | Corrected | Return Code |
|------|-------------|-------------|-----|---------|------|-----|-----------|-----------|-----------|-------------|
| 1 | A | BOFD | 1 | 01/30/2012 | 2001086222500 | 122203950 | | Y | | |

Exhibit D

# TravelHome 1405 LLC

## Investment List  /  The amount of Investment that Jun Tang has deceived Mr. Qiu

1. Amount of investment on buying property: $1,300,000 ( Jun Tang informed Qiu )
   Actual amount of buying property: $925,000
   Qiu has invested on property $1,170,000 and hold 90% shares on the property.

2. Total amount of investment on the repair of property: $634,702
   Amount of investment has paid on the repair of property: $579,702
   Qiu has invested on repair of property: $549,702 ( with list below)

   a. *Mr. Qiu`s investment on repair of property (According to Bank of American transaction list)*

   | | | |
   |---|---|---|
   | 1) | 1-31-12 | $100,000 |
   | 2) | 2-27-12 | $100,000 |
   | 3) | 3-28-12 | $100,000 |
   | 4) | 4-23-12 | $100,000 |
   | 5) | 5-22-12 | $50,000 |
   | 6) | 7-30-12 | $30,000 |
   | 7) | 12-17-12 | $5,000 |
   | 8) | 1-22-13 | $10,000 |
   | 9) | 2-19-13 | $1,500 |
   | 10) | 2-26-13 | $23,275 |
   | 11) | 3-1-13 | $12,300 |

   b. *Mr. Qiu Pay TravelHome 1405 LLC`s tax to Horry County, South Carolina    $17,627.09*

   Jun Tang has invested on repair of property: $30,000
   Debit $55,000

   As per all the bills, the total amount of payment: $383,872.05
   The investment of repair on the property was estimated by Contractor Paddy-son
   is $375,000, the balance of the investment on property repair should be $259,702, but no balance
   at all in company`s bank account.

3. The amount of Investment that Jun Tang has deceived Qiu on property is $337,500
   ($1,170,000 – $925,000 × 90%)
   The amount of Investment that Jun Tang has deceived Qiu on property repair is $212,202
   ($549,702 – $375,000 × 90%)
   The total amount of Investment that Jun Tang has deceived Qiu is $549,702

*Gaofrin Qiu*
*09/17/13*

1. How did Mr. Pally lend TravelHome 1405 LLC with $200,000 fund?

2. Why didn't Mr. Pally request to use TravelHome 1405 LLC`s real property as collateral (Mortgage)?

3. Did Mr. Pally feel safe to lend $200,000 to TravelHome 1405 LLC by only one Promissory Note without any property collateral (Mortgage)?

1. Why didn't Mr. Pally request in any written form documents for $200,000 refund with TravelHome 1405 LLC when payment term was due?

2. Why did Mr. Pally arrange real property Mortgage through Jun Tang after one year of initial lending date with TravelHome 1405 LLC?

1. Why did Mr. Pally so quickly initiate a none redemption law suit through the court, when he had the Mortgage?

2. What is Mr. Pally`s purpose? Is the purpose for TravelHome 1405 LLC`s real property or a refund of lending fund of $200,000?



**Jun.30, 2012** Promissory Note (TravelHome 1405 LLC borrow USD200,000 from Mr.Pally via Jun Tang.)



**Jun.7, 2013** Jun Tang pledged Travelhome 1405`s real property as Mortgage to Mr. Pally.



**Aug.28, 2013** Pally filed a lawsuit via court ( Mr. Pally VS. TravelHome 1405 LLC.)





1. Which bank account did Jun Tang deposit the borrowed $200,000 from Mr. Pally in the name of TravelHome 1405 LLC?

2. Why didn`t Jun Tang inform Mr. Qiu, who owns 90% shares of TravelHome 1405 LLC, that she borrowed $200,000 in the name of TravelHome 1405 LLC?

3. How did Jun Tang manage with the borrowed $200,000? Please provide evidence.



1. Why for one year period didn`t Jun Tang inform Mr. Qiu or Mr. Qiu`s attorney, who owes 90% shares of TravelHome 1405 LLC, that she borrowed $200,000 from Mr. Pally in the name of TravelHome 1405 LLC one year ago?

2. Why didn`t Jun Tang inform Mr.Qiu or his attorney that TravelHome 1405 LL needs to pay back $200,000 borrowed fund back to Mr.Pally when pay back date is due?

3. Why didn`t Jun Tang inform Mr.Qiu or his attorney, that he pledged TravelHome 1405 LLC`s real property as Mortgage to Pally?



1. What is the purpose of Jun Tang that she sneakily pledged TravelHome 1405 LLC`s real property as Mortgage to Mr. Pally? Is the purpose for debit payment or intentionally transferred real property to Mr. Pally under the table in order to damage major share holder`s interest?

2. What is the relationship between Jun Tang and Mr. Pally? What kind of role are they playing? Their activities are so abnormal that no logic can explain.?

**Jun Tang`s borrowing flow chart from lender Mr. Pally**

**Jay Haar**

| | |
|---|---|
| **From:** | Bill Bryan |
| **Sent:** | Monday, January 09, 2012 8:51 AM |
| **To:** | Jay Haar |
| **Subject:** | FW: TravelHome1405, LLC |

Jay , are you doing something for Judy Tang ?  Could this have been intended for you ?.Bill

**From:** Judy Tang [mailto:judytang888@yahoo.com]
**Sent:** Friday, January 06, 2012 5:12 PM
**To:** Bill Bryan
**Subject:** TravelHome1405, LLC

Company  TravelHome1405, LLC

| Cooperation(Shares): | Tang ,Jun | SS# REDACTED.7314 | 1% | Shares |
|---|---|---|---|---|
| | Qiu, geng min | SS# REDACTED.1043 | 90% | Shares |
| | Tang ,Yuan | SS# REDACTED.4294 | 9% | Shares |

**From:** Bill Bryan <BillBryan@bryanandhaar.net>
**To:** judytang888@yahoo.com
**Sent:** Wednesday, September 21, 2011 6:54 PM
**Subject:** FW: Cooke v. TravelHome

Judy , here is what Cooke's lawyer sent this afternoon . The loan
modification has the payment terms as we agreed . You should note there
is a blank for the amount due , after the $100,000 payment is credited .
Hopefully Cooke will compromise on the amount due , rather than insist
on the amount shown on the attached calculation .
I have asked Cooke's lawyer to consider waiving the requirement that
you have both a flood insurance policy and a wind policy . He has not
responded , but was skeptical that Cooke would go along with no wind or
flood insurance coverage . I will get back in touch with the attorney
tomorrow to see if we can resolve these matters . I am leaving the
office now , and will be in touch with you or Dale tomorrow . Bill

——Original Message-----
**From:** Tammy Morse [mailto:TMorse@thompsonlaw.com]
**Sent:** Wednesday, September 21, 2011 3:47 PM
**To:** Bill Bryan
**Subject:** Cooke v. TravelHome

Please see attachments in reference to the above.

1

Gregmin Qiu
09/17/13

# KELAHER, CONNELL & CONNOR, P.C.

ATTORNEYS AT LAW
SUITE 209
THE COURTYARD
1500 U.S. HIGHWAY 17 NORTH
P.O. DRAWER 14547
SURFSIDE BEACH, SOUTH CAROLINA 29587

EDWARD T. KELAHER*
GENE M. CONNELL, JR.
L. SIDNEY CONNOR, IV
LISA POE DAVIS

* OF COUNSEL

AREA CODE 843
238-5648
FAX: 238-5050

May 23, 2013

James L. Hills, Esquire
Hills & Hills, P.C.
4701 Oleander Drive
Myrtle Beach, SC  29577

      Re:    Tang v. Qiu GengMin
             Our File No. 2013-0070C

Dear Jim:

      Enclosed is a set of records showing the amount my client spent on the property.  It totals $155,147.15.  (I have reviewed all charges and removed one charge of $10,000.00.)  Further, my client had an agreement where she would be paid an extra $100,000.00 to get the hotel up and running, a process which took all year.  Accordingly, we demand the sum of $255,147.15 or I will file suit.  I enclose the receipts, bills and other back up records to support my position that the money is owed.

      The Sportsman Inn was purchased on January 31, 2012 for cash in the amount of $925,000.00.  An LLC was formed with Ms. Tang as the Manager and she was to get 10%.  However, no bylaws or management agreements were signed.  Ms. Tang managed the whole project and it is ready to open.

      The records of closing also show the balance due at closing of $4,641.00 was paid by Judy Tang on January 31, 2012.  Further, Tang paid 10% of the purchase price and assigned the contract to TravelHome LLC on January 31, 2012.  The Resolution of purchase was also signed by her.  The HUD Authorization was signed by her.  Also the Tax Agreement and Addendum to Contract of Sale were signed by her.  (All of these documents are attached.)

      Please advise as I am authorized to file suit if this matter is not resolved by your client immediately.

Sincerely yours,

Gene M. Connell, Jr.

GMC,Jr.:sm
Enclosures

in. Client 5-31-13 @ 5pm (RS)
in CPA 6-4-13-w) nonsgreial pickup (RS)

# HILLS & HILLS, P.C.
## ATTORNEYS AT LAW

JAMES L. HILLS
CAROLYN R. HILLS
   CERTIFIED FAMILY COURT MEDIATOR
JESSICA E. KINARD
JENNIFER D. HILLS

June 14, 2013

4701 OLEANDER DRIVE
MYRTLE BEACH, SOUTH CAROLINA 29577
(843) 626-2600
FAX: (843) 448-6792
info@hillsandhills.com

**VIA EMAIL AT gconnell@classactlaw.net and USPS**
Gene M. Connell, Jr., Esq.
Kelaher, Connell & Connor, P.C.
Post Office Drawer 14547
Surfside Beach, South Carolina  29587

        Re:    TravelHome 1405, LLC

Dear Gene:

I am writing to respond to your letter of May 23, 2013. I have gone over your points with my client, and we will simply tell you the following:

1. As you know, my client does not speak English, and therefore had to totally rely on Judy Tang to explain the things that were happening with the property.

2. The purchase price of the hotel was $1.3 million. This is the amount that my client paid. Ms. Tang had him purchase 4 bank checks for the remainder above $925,000.00. We have copies of those bank checks and can prove that he was the one who purchased them. These checks were given to her.

3. Mr. Qiu and Ms. Tang did have a loose understanding that she was to handle getting the repairs done and the property up and running. Until we received your letter of May 23, 2013, my client had no knowledge that the motel was ready to open. If it is ready, why isn't it open?

4. From my review of the records, it does not appear that Ms. Tang paid ten percent (10%) of the purchase price.

5. My client says that there was no agreement that Ms. Tang would receive an extra $100,000.00 to get the hotel up and running.

6. When I first spoke to you in March about the records, you told me that Ms. Tang needed the records in order to get 1099s out. As you are aware, 1099s are due in January. Did she not send out the 1099s in January?

7. A cursory review of the records indicates that some of the money may have been spent on repair/refurbishment of Ms. Tang's motel. This is a matter of some concern to my client.

8. It does appear from the documents that Ms. Tang was to be the manager and that she was to receive ten percent (10%) of the shares in the LLC. We agree that no by-laws or management agreements were signed. Therefore, the South Carolina Code governs. It was not agreed that Ms. Tang would immediately transfer some of her shares to a third party which, therefore, gave her voting control of the LLC.

9. Ms. Tang originally told my client that they would be open by the summer of 2012 and now, over a year later, they still are not open. It would be interesting to hear an explanation on that.

I look forward to your explanations on the above issues.

With kind regards, I remain

Very truly yours,

HILLS & HILLS, P.C.

James L. Hills

JLH/jek
cc:    Geng Min Qiu (via email)

# PROMISSORY NOTE

**$200,000.00**                                    **JUNE 30, 2012**

TRAVELHOME1405, LLC. PROPERTY ADDRESS: 1405 SOUTH OCEAN BLVD 29577
("BORROWER"), After date for value received, I promise to pay to the order of
HOWARD L PALLY, his successors/or assigns, TWO HUNDRED THOUSAND
DOLLARS AND 00/XX CENTS ($200,000.00) with accrued interest at 6% per annum
on June 30, 2013.

Jun Tang

On the 30th day of June 2012, before me the undersigned personally appeared
TRAVELHOME1405, LLC, (Jun Tang), personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed
to the within instrument and acknowledged to me that she executed the same in
her capacity and that by her signature on the instrument, the individual or the
person on behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

SHARYN D GLASS
Notary Public - State of South Carolina
My Commission Expires December 8, 2020

STATE OF SOUTH CAROLINA    )
                           )    **MORTGAGE OF REAL ESTATE**
COUNTY OF HORRY            )

TO ALL WHOM THESE PRESENTS MAY CONCERN:

**IN THE STATE AFORESAID-SEND GREETING:**

WHEREAS, it, the said TravelHome 1405, LLC (hereinafter also styled the Mortgagor) in and by its certain Note or obligation bearing the date of June 30, 2012, stand firmly held and bound unto Howard L. Pally a/k/a Howard L. Pallay (hereinafter also styled the Mortgagee) in the sum of Two Hundred Thousand and NO/100----Dollars ($200,000.00) as in and by the said Note and conditions thereof, reference thereunto had will more fully appear.

NOW, KNOW ALL MEN, that it, the said Mortgagor in consideration of the said debt, and for the better securing the payment thereof, according to the conditions of the said Note; which with all its provisions is hereby made a part hereof; and also in consideration of Three Dollars to the said Mortgagor in hand well and truly paid, by the said Mortgagee, at and before the sealing and delivery of these Presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold and released, and by these Presents do grant, bargain, sell and release unto the said Mortgagee the following described property, to wit:

> ALL that lot, piece, or parcel of land, with improvements thereon, situate, lying, and being in the City of Myrtle Beach, School District 8, Horry County, South Carolina, shown and designated as the Northeastern portion of Lot Seven (7) of Block Two (2) of the Withers Heights Section, as shown on a map of said Section made by T.M. Jordan, C.E., dated June 1945, and recorded in Plat Book 25 at Page 184, in the Office of the Clerk of Court for Horry County. The parcel hereinabove described being designated as "B" on a subdivision map of Lot Seven (7) of Block Two (2) of the Withers Heights Section, made by T.M. Watson, C.E. dated February 1948, and recorded February 27, 1948, in Plat Book 6 at Page 185 in the Office of the Clerk of Court for Horry County.

> This is the identical property conveyed to the Mortgagor herein by deed from RBC Bank (USA) f/k/a RBC Centura Bank, said deed dated January 31, 2012 and recorded February 1, 2012 in Deed Book 3565 at Page 1561, records of the Register of Deeds for Horry County.

TOGETHER with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining.

TO HAVE AND TO HOLD, all and singular the said Premises unto the said Mortgagee.

1

Instrument#: 2013000068617, MTG BK: 5506 PG: 3464 DOCTYPE: 002 06/11/2013 at 01:37:02 PM, 1 OF 3
BALLERY V. SKIPPER, HORRY COUNTY, SC REGISTRAR OF DEEDS

AND it hereby binds itself and its successors and assigns, to procure or execute any further necessary assurances of title of the said premises, the title to which is unencumbered, and also to warrant and forever defend all and singular the Premises unto the said Mortgagee, his heirs and assigns, from and against it and its successors and assigns, and all persons lawfully claiming, or to claim the same or any part thereof.

AND IT IS AGREED, by and between the parties hereto, that the said Mortgagor, its successors and assigns, shall keep the buildings erected or to be erected on said premises, insured against loss or damage by fire, for the benefit of the said mortgagees, for an amount equal to the maximum insurable value thereof, in such company as shall be approved by the said Mortgagee, and shall deliver the policy to the said Mortgagee, and in default thereof, the said Mortgagee, his heirs or assigns, may effect such insurance and reimburse himself under this Mortgage for the expense thereof, with interest thereon, from the date of such payment. And it is further agreed, in the event of other insurance and contribution between the insurers, that the said Mortgagee, his heirs or assigns, shall be entitled to receive from the aggregate of the insurance moneys to be paid, a sum equal to the amount of the debt secured by this mortgage.

AND IT IS AGREED, by and between the said parties, that if the said Mortgagor, its successors or assigns, shall fail to pay all taxes and assessments upon the said premises when the same shall first become payable, then the said Mortgagee, his heirs or assigns, may cause the same to be paid, together with all penalties and costs incurred thereon, and reimburse themselves under this Mortgage for the sums so paid, with interest thereon, from the dates of such payments.

AND IT IS AGREED, by and between the said parties, that upon any default being made in the payment of the interest on the said Note, or of the insurance premiums, or of the taxes, or of the assessments hereinabove mentioned, when the same shall severally first become payable, or in any other of the provisions of this mortgage, that then the entire amount of the debt secured, or intended to be secured hereby, shall forthwith become due, at the option of the said Mortgagee, his heirs or assigns, although the period for the payment of the said debt may not then have expired.

AND IT IS AGREED, that if the holders of the Note secured hereby are compelled to pay any taxes upon the debt represented by said note, or by this mortgage, then, and in that event, unless the said taxes are paid by some party other than the said holders, then the entire amount of the debt secured or intended to be secured, shall forthwith become due at the option of the said Mortgagee, heirs or assigns, although the period for the payment of the said debt may not then have expired.

AND IT IS AGREED, by and between the said parties, that should legal proceedings be instituted for the collection of the debt secured hereby, then and in that event, the said Mortgagee, his heirs or assigns, shall have the right to have a Receiver appointed of the rents and profits of the above described premises, with power to forthwith lease out the said premises anew if he should so elect, who, after deducting all charges and expenses attending such proceedings, and the execution of the said trust as Receiver, shall apply the residue of the said rents and profits towards the payment of the debts secured hereby.

AND IT IS FURTHER AGREED, by and between the said parties, that should legal proceedings be instituted for the foreclosure of this mortgage, or for any purpose involving this mortgage, or should the debt hereby secured be placed in the hands of an attorney at law for collection, by suit or otherwise, that all costs and expenses incurred by the Mortgagee, his heirs or assigns, including a reasonable counsel fee of not less than fifteen (15%) percent of the amount involved shall thereupon become due and payable as a part of the debt secured hereby, and may be recovered and collected hereunder.

PROVIDED, ALWAYS, and it is the true intent and meaning of the parties to these Presents, that when the said mortgagors, their heirs or assigns, executors or administrators shall pay, or cause to be paid unto the said Mortgagee, hi heirs or assigns, certain attorneys or assigns, the said debt, with the interest thereon, if any shall be due, and also all sums of money paid by the said conditions and agreements of the said note, and of this mortgage and shall perform all the obligations according to the true intent and meaning of the said note and mortgage, and the conditions thereunder written, then this Deed of bargain and Sale shall cease, determine and be void, otherwise it shall remain in full force and virtue.

AND IT IS LASTLY AGREED, by and between the said parties, that the said Mortgagor, its successors and assigns, shall be entitled to hold and enjoy the said premises until default of payment shall be made.

IN WITNESS WHEREOF, the Mortgagor has caused this Mortgage to be executed this 7th day of June, 2013.

IN THE PRESENCE OF:                          TravelHome 1405, LLC

*Meredith C. Neal*                           *_____ (manager)*
                                             By: Jun Tang, Manager

*John R. Richardson*


STATE OF SOUTH CAROLINA        )
                               )             **PROBATE**
COUNTY OF HORRY                )

PERSONALLY appeared before me, the first witness who signed above and made oath that (s)he saw the within-named Jun Tang, authorized representative of TravelHome 1405, LLC, sign, seal, and as its act and deed deliver the within-written Mortgage; and that (s)he, with the other above subscribed witness witnessed the execution thereof.

SWORN to before me this 7th
day of June, 2013                            *Meredith C. Neal*
                                             First Witness

*John R. Richardson* (L.S.)
Notary Public for South Carolina,
My Commission expires: *12/15/2021*

3

STATE OF SOUTH CAROLINA )     IN THE COURT OF COMMON PLEAS
COUNTY OF HORRY ) 

)
Howard L. Pally a/k/a Howard L. Pallay )
**Plaintiff(s)** )    **CIVIL ACTION COVERSHEET**
)
)     2013-CP - 26- _____5966_____
**vs.** )
)
TravelHome 1405, LLC )
**Defendant(s)** )

Submitted By: John R. Richardson, Esquire     SC Bar #:    4719
Address: P.O. Box 1182, Myrtle Beach, SC 29578    Telephone #:    (843) 448-8405
    Fax #:    (843) 448-5724
    Other:
    E-mail:    jrr@sc.rr.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

***If Action is Judgment/Settlement do not complete***

☐ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☒ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____ -CP-_____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | |     Settlement Payment Rights | ☐ Zoning Board (970) |
| | |     Application (760) | ☐ Public Service-Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| **Special/Complex /Other** | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |     Compensation Settlement | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) |     Approval (780) | ☐ Other (999) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | ☐ Other (799) | |
| |     an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: *John R. Richardson*     Date: August 28, 2013

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)     Page 1 of 2

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )   IN THE COURT COMMON PLEAS
                                )   FIFTEENTH JUDICIAL CIRCUIT

COUNTY OF HORRY         )   CIVIL ACTION NO. 2013-CP-26-_____

Howard L. Pally a/k/a Howard L. Pallay, )
                                )

        Plaintiff,       )

                                )

        vs.          )   **CERTIFICATE OF EXEMPTION**
                                )         **FROM ADR**

TravelHome 1405, LLC,     )
                                )

        Defendant.     )

I certify that this action is exempt from ADR because:

☐    this is a special proceeding or action seeking extraordinary relief such as mandamus, habeas corpus or prohibition;

☐    this action is appellate in nature;

☐    this is a post conviction relief matter;

☐    this is a contempt of court proceeding;

☐    this is a forfeiture proceeding brought by the State;

☒    this is a case involving a mortgage foreclosure; or

☐    the parties submitted the case to voluntary mediation with a certified mediator prior to the filing of this action.

               McCRACKIN, BARNETT & RICHARDSON, LLP

               *John R. Richardson*

               John R. Richardson
               S.C. Bar No. 4719
               Post Office Box 1182
               Myrtle Beach, South Carolina 29578
               (843) 448-8405
               Email: jrr@sc.rr.com
               Attorneys for Plaintiff

Myrtle Beach, SC
August 28, 2013

                        Page 1 of 1

*[Stamp: 2013 AUG 29 PM 4:42 MELANIE HUGGINS-WARD CLERK OF COURT ... COUNTY]*

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | CIVIL ACTION NO. 2013-CP-26-_____ |

|  |  |  |
|---|---|---|
| Howard L. Pally a/k/a Howard L. Pallay, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **LIS PENDENS** |
| | ) | |
| TravelHome 1405, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

2013 AUG 29 PM 4: 42
MELANIE HUGGINS-WARD
CLERK OF COURT
HORRY COUNTY

**NOTICE IS HEREBY GIVEN** that an action has been commenced by Plaintiff, Howard L. Pally a/k/a Howard L. Pallay, against TravelHome 1405, LLC, the Defendant above named, for the foreclosure of a certain Mortgage from TravelHome 1405, LLC unto Howard L. Pally a/k/a Howard L. Pallay dated June 7, 2013 and recorded June 11, 2013 in Mortgage Book 5506 at Page 3464, records of the Register of Deeds for Horry County, South Carolina.

The real property described in the aforesaid Mortgage which is the subject of this foreclosure action is described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED BY REFERENCE

McCRACKIN, BARNETT & RICHARDSON, LLP

John R. Richardson
John R. Richardson
S.C. Bar No. 4719
Post Office Box 1182
Myrtle Beach, South Carolina  29578
(843) 448-8405
Email: jrr@sc.rr.com
Attorneys for Plaintiff

Myrtle Beach, SC
August 28, 2013

Page 1 of 2

## EXHIBIT "A"

ALL that lot, piece, or parcel of land, with improvements thereon, situate, lying, and being in the City of Myrtle Beach, School District 8, Horry County, South Carolina, shown and designated as the Northeastern portion of Lot Seven (7) of Block Two (2) of the Withers Heights Section, as shown on a map of said Section made by T.M. Jordan, C.E., dated June 1945, and recorded in Plat Book 25 at Page 184, in the Office of the Clerk of Court for Horry County. The parcel hereinabove described being designated as "B" on a subdivision map of Lot Seven (7) of Block Two (2) of the Withers Heights Section, made by T.M. Watson, C.E. dated February 1948, and recorded February 27, 1948, in Plat Book 6 at Page 185 in the Office of the Clerk of Court for Horry County.

This is the identical property conveyed to the Mortgagor herein by deed from RBC Bank (USA) f/k/a RBC Centura Bank, said deed dated January 31, 2012 and recorded February 1, 2012 in Deed Book 3565 at Page 1561, records of the Register of Deeds for Horry County.

| STATE OF SOUTH CAROLINA | ) | IN THE COURT COMMON PLEAS |
|---|---|---|
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | CIVIL ACTION NO. 2013-CP-26-_____ |

Howard L. Pally a/k/a Howard L. Pallay,        )

                            Plaintiff,        )

                            vs.        )

TravelHome 1405, LLC,        )

                        Defendant.        )

**SUMMONS AND NOTICES**
**(NON-JURY)**
**FORECLOSURE OF**
**REAL ESTATE MORTGAGE**
**DEFICIENCY DEMANDED**

TO: DEFENDANT ABOVE NAMED:

    YOU ARE HEREBY SUMMONED and required to appear and defend by answering the Complaint in this action, of which copies are herewith served upon you and to serve a copy of your Answer on the subscribers at their offices, 1000 - 21st Avenue N., Myrtle Beach, South Carolina (mailing address: Post Office Box 1182, Myrtle Beach, South Carolina 29578) within thirty (30) days after the service hereof, exclusive of the day of such service, except that the United States of America, if named, shall have sixty (60) days to answer after the service hereof, exclusive of the day of service; and if you fail to do so, Judgment by Default will be rendered against you for the relief demanded in the Complaint.

    YOU WILL ALSO TAKE NOTICE that the Plaintiff will move for an Order of Reference or that the Court may issue a General Order of Reference of this action to a Master in Equity/Special Referee, pursuant to Rule 53, of the South Carolina Rules of Civil Procedure.

    TO MINOR(S) OVER FOURTEEN YEARS OF AGE, AND/OR TO MINOR(S) UNDER FOURTEEN YEARS OF AGE AND THE PERSON WITH WHOM THE MINOR(S) RESIDES AND/OR TO PERSONS UNDER SOME LEGAL DISABILITY:

Page 1 of 2

YOU ARE FURTHER SUMMONED AND NOTIFIED to apply for the appointment of a Guardian Ad Litem with thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by Plaintiff.

YOU WILL ALSO FURTHER NOTICE that you are hereby being served with the "Notice Required by the Fair Debt Collection Practices Act" (see 15 USC Section 1601, as amended) which is attached hereto and incorporated herein by specific reference thereto.

McCRACKIN, BARNETT & RICHARDSON, LLP
Attorneys for the Plaintiff

John R. Richardson
S.C. Bar No. 4719
1000-21st Ave. N.
Post Office Box 1182
Myrtle Beach, South Carolina  29578
(843) 448-8405
Email: jrr@sc.rr.com
Attorneys for Plaintiff

Myrtle Beach, SC
August 28, 2013

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

| STATE OF SOUTH CAROLINA | ) | IN THE COURT COMMON PLEAS |
|---|---|---|
|  | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | CIVIL ACTION NO. 2013-CP-26-_____ |

Howard L. Pally a/k/a Howard L. Pallay,)
)
           Plaintiff,    )
)
    vs.         )
)
TravelHome 1405, LLC,    )
)
          Defendant.   )
_____ )

**COMPLAINT**
(Non-Jury)
**FORECLOSURE OF**
**REAL ESTATE MORTGAGE**
**DEFICIENCY JUDGMENT DEMANDED**

PLAINTIFF ALLEGES:

    1.     This is an action for the foreclosure of a mortgage upon certain real estate in Horry County, South Carolina.

    2.     Plaintiff has the legal right to enforce the negotiable instrument secured by the mortgage and is the real party in interest as defined by Rule 17(a) of the South Carolina Rules of Civil Procedure.

    3.     Defendant, TravelHome 1405, LLC, is the borrower and Mortgagor herein and is a limited liability company organized and existing under and by virtue of the laws and statutes of the State of South Carolina that is duly registered and qualified with the South Carolina Secretary of State's Office, transacts business on a regular basis in South Carolina and also owns, uses and possesses real property in Horry County, South Carolina.

    4.     Some or all of the interest in the real estate, the subject of this action, may be claimed by the Defendant herein.

    5.     Heretofore, on or about June 30, 2012, TravelHome 1405, LLC, by and through its Manager, Jun Tang, made, executed and delivered a certain Fixed Rate Note ("Note") in the principal sum of Two Hundred Thousand Dollars ($200,000.00) payable with accrued interest on June 30, 2013.

6.    In order to secure the payment of the Note according to the terms and conditions thereof, Jun Tang, Manager of TravelHome 1405, LLC, made, executed and delivered unto Howard L. Pallay a/k/a Howard L. Pally a certain Real Estate Mortgage ("Mortgage") covering the following described property and any and all improvements to the property:

> ALL that lot, piece, or parcel of land, with improvements thereon, situate, lying, and being in the City of Myrtle Beach, School District 8, Horry County, South Carolina, shown and designated as the Northeastern portion of Lot Seven (7) of Block Two (2) of the Withers Heights Section, as shown on a map of said Section made by T.M. Jordan, C.E., dated June 1945, and recorded in Plat Book 25 at Page 184, in the Office of the Clerk of Court for Horry County. The parcel hereinabove described being designated as "B" on a subdivision map of Lot Seven (7) of Block Two (2) of the Withers Heights Section, made by T.M. Jordan, C.E. dated February 1948, and recorded February 27, 1948, in Plat Book 6 at Page 185 in the Office of the Clerk of Court for Horry County.
>
> This is the identical property conveyed to the Mortgagor herein by deed from RBC Bank (USA) f/k/a RBC Centura Bank, said deed dated January 31, 2012 and recorded February 1, 2012 in Deed Book 3565 at Page 1561, records of the Register of Deeds for Horry County.
>
> TMS No.: 187-01-06-014

7.    The Mortgage was signed, witnessed and probated June 7, 2013; thereafter, the mortgage was recorded in the office of the Register of Deeds for Horry County on June 11, 2013 in Mortgage Book 5506 at Page 3464.

8.    The Mortgage evidences and secures the repayment of money advanced by the Plaintiff and constitutes a first lien on the mortgaged premises.

9.    Defendant has made no payment of any amount toward the balance of principal and interest due on the subject loan, the loan is in default and due July 1, 2013, and the conditions of the Note and Mortgage have been broken. Plaintiff elects to and does declare the entire balance of said indebtedness due and payable and that there is due on the Note and Mortgage as of July 10, 2013 the principal sum of $200,000.00 with interest from June 30, 2012 to July 10, 2013 $12,238.80 and also for costs and disbursements of this action, including attorney's fees.

10.    Pursuant to South Carolina Code Sections 29-3-650 and 29-3-660, Plaintiff specifically demands or reserves his right to a personal or deficiency judgment, unless hereafter released against the



Page 2 of 4

Notemaker hereby obligated for the above-described debt.

11.     Pursuant to the terms of the Mortgage, Plaintiff has employed counsel to prosecute this action and a reasonable value for services of counsel in this action is the sum as the Court may find appropriate.

12.     Plaintiff may be forced to pay sums for taxes and insurance and costs for securing the property, which sums, according to the terms of the Mortgage, should be added to the amount of the debt.

13.     Pursuant to the terms of the Mortgage and applicable state law, Plaintiff requests the Mortgage be foreclosed and that the property be sold at public auction in accordance with law, subject to any liens for taxes, special assessments of record against the property and any existing easements or restrictions of record.

WHEREFORE, having fully set forth its complaint, the Plaintiff prays that this Honorable Court inquire into the matters as set forth herein and;

(1)     Under direction of this Court, ascertain and determine the amount due upon the Note and Mortgage held by Plaintiff, together with the attorney's fees and costs of this action.

(2)     Declare Plaintiff's Mortgage a first lien and render judgment of foreclosure for the amount so found to be due and owing thereon, together with any as valorem taxes, or insurance premiums, and any other expenses which may be due and have been advanced by Plaintiff, with reasonable attorney's fees and for the costs of this action.

(3)     Order the reimbursement of all costs for inspecting and securing the property incurred by Plaintiff as a result of the delinquency.

(4)     Appoint a Receiver to collect the rents, issues, profits, or designated sums from the Mortgagor and/or the Grantee of the Mortgagor and/or tenant occupying or exercising control over the mortgaged premises and hold the same subject to the further order of this Court.

(5)     Under the direction of this Court, sell the mortgaged premises, bar any equity of redemption and apply the proceeds of sale as follows:

First, to the costs and expenses of the within action and sale;

Second, to the payment and discharge of the amount due on Plaintiff's Note and Mortgage, together with the attorney's fees as aforesaid; and

Third, to the distribution of the surplus pursuant to Rule 71, of the South Carolina Rules of Civil Procedure.

(6)     Issue an Order directing the Sheriff of Horry County, South Carolina, to place the successful purchaser at said foreclosure sale in possession of the property should the same become necessary.

(7)     For such other and further relief as may be just and proper.

McCRACKIN, BARNETT & RICHARDSON, LLP
Attorneys for the Plaintiff

John R. Richardson
S.C. Bar No. 4719
1000-21st Ave. N.
Post Office Box 1182
Myrtle Beach, South Carolina  29578
(843) 448-8405
Email: jrr@sc.rr.com

Myrtle Beach, SC
August 28, 2013

## NOTICE REQUIRED BY THE FAIR DEBT
## COLLECTION PRACTICES ACT (THE ACT)
## 15 U.S.C. § 1692g AS AMENDED

1.      This Notice is attached to and made part of the Complaint referenced herein.

2.      The full amount of debt that is owed to Howard L. Pally a/k/a Howard L. Pallay as of the filing date of the Complaint is the entire amount referenced in paragraph 8 of the Complaint. Additionally, Plaintiff is entitled to costs and litigation, costs of collection and reasonable attorney's fees as set forth in more detail in the body of this complaint, the terms and provisions of which are incorporated herein by reference.

3.      The debt is owed to Howard L. Pally a/k/a Howard L. Pallay, the Plaintiff and Creditor in this action, under the terms of the Promissory Note executed and delivered to Howard L. Pally a/k/a Howard L. Pallay by TravelHome 1405, LLC by its Manager, Jun Tang.  All relevant loan documents will be provided to you upon request.

4.      The debt(s) described in the Complaint will be assumed to be valid by this law firm, unless you, the debtor, within thirty (30) days after receipt of this Notice, dispute the validity of the debt(s), or any portion(s) thereof.

5.      If you, the debtor, notify this law firm in writing within thirty (30) days of the receipt of this Notice, that the debt(s) or any portion(s) thereof is/are disputed, this law firm will obtain for you a verification(s) of the debt and a copy/copies of such verifications(s) will be mailed to you by this law firm.

6.      Further, upon you written request within thirty (30) days of the receipt of this Notice, this law firm will provide you the name and address of the original creditor(s), if different from the current creditor(s).

7.    Written requests should be addressed to:

John R. Richardson, Esquire
McCrackin, Barnett & Richardson, LLP
P.O. Box 1182
Myrtle Beach, SC 29578

8.    This Notice should not be construed as a thirty (30) day grace period.  Creditor is pursuing collection efforts immediately and shall not wait thirty (30) days.

9.    THIS NOTICE IS AN ATTEMPT TO COLLECT THE DEBT YOU OWE TO PLAINTIFF AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

McCRACKIN, BARNETT & RICHARDSON, LLP

John R. Richardson
S.C. Bar No. 4719
Post Office Box 1182
Myrtle Beach, South Carolina  29578
(843) 448-8405
Email: jrr@sc.rr.com
Attorneys for Plaintiff

Myrtle Beach, SC
August 28, 2013

COUNTY OF HORRY     )

Gengwu Qiu and Geng Min Qiu as   )
Attorney in Fact,   )
     )   **AFFIDAVIT OF SERVICE BY MAIL**
     Plaintiffs,   )   **AMENDED AND SUPPLEMENTED**
vs.     )   **MOTION FOR TEMPORARY**
     )   **INJUNCTION, ET AL.**
Judy Tang a/k/a June Tang a/k/a Jun   )
Tang, Yuang Tang, Travel Home 1405,   )
LLC,     )
     Defendants.   )   **CASE NO.: 2013-CP-26-04589**

Personally appeared before me the undersigned who, being duly sworn, deposes and states as follows:

1.     He is a paralegal in the law firm of HILLS & HILLS, P.C.

2.     Regular communication by mail exists throughout the state of South Carolina and this is a proper circumstance for service by mail.

3.     A clocked copy of the Plaintiffs' Amended and Supplemented Motion for Temporary Injunction and Appointment of a Receiver with attached affidavits was served on the addressee named below by depositing same for service by the United States Postal Service at Myrtle Beach, South Carolina on September 19, 2013 with the proper address with postage fully paid.

Addressee:     Gene M. Connell, Jr., Esq.
     Kelaher Connell & Connor, PC
     Post Office Drawer 14547
     Surfside Beach, South Carolina 29587

                       *Ronald S Solomon*
                       Ronald S. Solomon

SWORN to and subscribed before me
This 19th day of September, 2013

_____ (L.S.)
Notary Public for the State of South Carolina
My commission expires _June 5, 2013_

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 1
2013-CP-26-04589

STATE OF SOUTH CAROLINA  )      IN THE COURT OF COMMON PLEAS
                          )      FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY           )
                          )      CASE NO.: 2013-CP-26-4589
Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact,              )
                               )
              Plaintiffs,      )
vs.                            )      ACCEPTANCE OF SERVICE
                               )        OF PLAINTIFF'S REPLY
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                                )
              Defendants.           )

       The undersigned hereby accepts and acknowledges the due personal service of a

copy of the Plaintiff's **Reply** in the above entitled  action, this 27th day of September, 2013, and

receipt of the true copies are hereby acknowledged.

_____
Gene M. Connell, Jr., Esq.

September 27, 2013
Date

STATE OF SOUTH CAROLINA )
                         )
COUNTY OF HORRY          )

                    IN THE COURT OF COMMON PLEAS
                    FIFTEENTH JUDICIAL CIRCUIT

                    CASE NO.: 2013-CP-26-4589

Gengwu Qiu and Geng Min Qiu as      )
Attorney in Fact,                   )
                                    )
           Plaintiffs,              )
                                    )
vs.                                 )
                                    )
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                                )
_____Defendants.          )

                    REPLY TO DEFENDANTS'
               ANSWER AND COUNTERCLAIM
                   (Jury Trial Demanded)

     The Plaintiffs, Gengwu Qiu and Geng Min Qiu, acting as Gengwu Qiu's attorney in fact, complaining of the Defendants herein, respectfully reply to the Defendants' answer and counterclaim as follows:

     1.     The Plaintiffs herein reaffirm and reiterate all of the allegations of the Complaint in this Reply, deny each and every allegation not hereinafter specifically admitted, qualified, or otherwise explained, denies the allegations of the Defenses inconsistent therewith, and demands strict proof thereof.

     2.     Plaintiffs deny paragraphs 2, 4 (regarding allegations denied by Defendants), 6, 7 (regarding allegations denied by Defendants), 8 (regarding allegations denied by Defendants), 9, 10, 11, 12 (regarding allegations denied by Defenadnts), 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30.

     3.     Plaintiffs deny the allegations of Paragraphs 34, 36, 37, 51, 59, 60, 64, 65, and 66.

     4.     Regarding Paragraphs 32, 35, 38, 39, 41, 42, 43, 45, 46, 47, 48, 50, 52, 54, 55, 56, 57, 61, and 63, Plaintiffs lack information sufficient to form a belief and therefore deny the same and demand strict proof thereof.

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 2
2013-CP-26-04589

Reply

5.      Regarding Paragraph 31, the parties entered into an oral agreement to purchase the property.

6.      Regarding Paragraph 33, Plaintiffs deny that the Defendants Tang were to be reimbursed for all expenses, though Plaintiffs admit that Defendant Judy Tang was to purchase a ten percent (10%) share in Travel Home 1405, LLC.

7.      Paragraphs 40, 44, 49, 53, 58, and 62 require no response.

WHEREFORE, Plaintiffs pray for an order of this Court

a.  Dismissing Defendants' Answer and Counterclaim;
b.  Granting Plaintiffs judgment on their Complaint; and
c.  For any other and further relief that this Honorable Court may deem just and appropriate.

Respectfully submitted,
HILLS & HILLS, P.C.

James L. Hills – S.C. Bar # 2517
Jessica E. Kinard – S.C. Bar # 77889
4701 Oleander Drive
Myrtle Beach, SC  29577
Phone: 843.626.2600
Fax: 843.448.6792
ATTORNEYS FOR THE PLAINTIFFS

September __17__, 2013
Myrtle Beach, South Carolina

Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 2 of 2
2013-CP-26-04589

Reply

STATE OF SOUTH CAROLINA )
                                       )
COUNTY OF HORRY         )

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

                 Plaintiffs,

vs.

Judy Tang a/k/a June Tang a/k/a Jun
Tang, Yuang Tang, Travel Home 1405,
LLC,

                 Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

CASE NO.: 2013-CP-26-4589

**ACCEPTANCE OF SERVICE OF
PLAINTIFF'S RESPONSES TO
DEFENDANTS' INITIAL DISCOVERY**

        The undersigned hereby accepts and acknowledges the due personal service of a clocked

copy of **Plaintiff's Responses to Defendants' Initial Discovery** in the above entitled

action, this 27th day of September, 2013, and receipt of the true copies are hereby acknowledged.

_____
Gene M. Connell, Jr., Esq.

September 27, 2013
Date

2013 SEP 30 PM 4:38
MELANIE HUGGINS-WARD
CLERK OF COURT
FILED
HORRY COUNTY

STATE OF SOUTH CAROLINA  )          IN THE COURT OF COMMON PLEAS
                         )          FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY          )
                                )   CASE NO.: 2013-CP-26-4589
Gengwu Qiu and Geng Min Qiu as  )
Attorney in Fact,               )
                                )
                  Plaintiffs,   )
vs.                             )   ACCEPTANCE OF SERVICE
                                )      OF PLAINTIFF'S REPLY
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC,                            )
                  Defendants.   )
_____ )

The undersigned hereby accepts and acknowledges the due personal service of a

copy of the Plaintiff's **Reply** in the above entitled action, this 27th day of September, 2013, and

receipt of the true copies are hereby acknowledged.

_____
Gene M. Connell, Jr., Esq.

September 27, 2013
Date

FILED
HORRY COUNTY
2013 SEP 30  PM 4:38
MELANIE HUGGINS-WARD
CLERK OF COURT

STATE OF SOUTH CAROLINA )

COUNTY OF HORRY )

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

                Plaintiffs,

vs.

Judy Tang a/k/a June Tang a/k/a Jun
Tang, Yuang Tang, Travel Home 1405,
LLC,

                Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

CASE NO.: 2013-CP-26-04589

AFFIDAVIT OF ROLAND G. PADDY

Personally appeared before me the deponent, Roland G. Paddy, who, being duly sworn, deposes and states the following:

      1.      My name is Roland G. Paddy, and I am a licensed contractor in the State of South Carolina. My company is Paddy-Son Development Co., Inc., which is a South Carolina corporation. I have been in business at the beach for many years.

      2.      On February 2, 2012, a contract was entered into between Paddy-Son Development Co., Inc. and TravelHome 1405, LLC. At all times, when I dealt with TravelHome1405, LLC, I was dealing with June Tang, although the contract was signed by R. Dale Norris, one of her employees.

      3.      At this point, TravelHome, 1405, LLC still owes me $2,500 Dollars on draw # 7 and $7,980.00 Dollars on draw # 8. ~~I also have a bounced check from them in the amount of~~ *R.P.* ~~$1,000 Dollars.~~

      4.      Ms. Tang hired me to provide, "construction consulting services" concerning the renovation to be done on the property. The property was Sportsman Motor Inn property, located at 1405 South Ocean Boulevard, Myrtle Beach, SC.  The total work on the property should have been about $325,000 Dollars, and the work should have been done in three (3) months. However,

Affidavit of Roland G. Paddy
Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 1 of 2

2013-CP-26-04589

I was not allowed to hire any of my own people. Ms. Tang's employee, Dale, was the person I had to deal with on a day to day basis. Ms. Tang insisted on hiring her own workers to do the work. After the workers started to come to me to ask how things should be done, Dale told the workers not to talk to me. There was never any work done at night on the motel.

5.      The normal method would be to immediately start the inside work, but no work was done inside the motel until November, 2012.  My understanding is that two (2) of the sub-contractors were not paid and had filed mechanic's liens on the property.

6.      I do not know why Ms. Tang would not start any of the inside work until November, 2012. Normally, when you refurbish a motel you start on the inside of the rooms. The whole job could normally have been done in about three (3) months.

7.      A complete copy of my file is attached hereto and incorporated herein by reference.

**Further Deponent Sayeth Not.**

Roland G. Paddy

SWORN and subscribed to before me
this  3  day of October, 2013.

Notary Public for the State of South Carolina
My commission expires  4|27|19    .

Affidavit of Roland G. Paddy                                      2013-CP-26-04589
Qiu vs. Tang, Tang, and Travel Home 1405, LLC
Page 2 of 2

## CONSTRUCTION MANAGEMENT AGREEMENT

THIS AGREEMENT is made and entered into this _____ day of February, 2012, by and between Paddy-Son Development Co., Inc., a South Carolina corporation ("Paddy"), and Travelhome 1405, LLC, a South Carolina Corporation (the "Property Owner").

### RECITALS

WHEREAS, Paddy and the Property Owner have entered into an agreement for Paddy to provide construction consulting services to the Property Owner; and

WHEREAS, Paddy has offered to provide construction management services to the
Property Owner for the renovations and remodeling of the Property Owner's Sportsman Motor Inn property; and

WHEREAS, the Property Owner desires to have Paddy provide construction management services to the Property Owner,

NOW THEREFORE, in consideration of the mutual covenants hereinafter exchanged, it is agreed as follows:

1. Construction Management Services

Paddy will provide the following services in connection with the construction of the Property Owner's renovations and remodeling:

(a) Design/Plan Review

Paddy will work closely with the Property Owner's engineers to assist in the development of a detailed set of engineering drawings and specifications for the structural work required on the project.

Upon receipt of the engineering drawings from the Property Owner's engineer, as-builts from the previous owner build-out (if available), Paddy will review the drawings before submittal to the City of Myrtle Beach for the building permit.

(b) Bidding & Permits

Paddy will assist the Property Owner in the acquisition of bids for the work from qualified, licensed South Carolina contractors to handle the painting, millwork, signage, graphics and other special equipment. Applications for building permits will be made as well as the submittal for City of Myrtle Beach approval. Bids will be evaluated and a

recommendation will be provided to the Property Owner. The final choice of acceptable subcontractors' bids is wholly up to the Property Owner. Paddy's responsibilities shall remain supervisory only in ensuring that the subcontractors hired by the Property Owner complete their portions of the work according to the customs, codes, and regulations of the City of Myrtle Beach and the State of South Carolina.

(c) Construction Supervision

Paddy will monitor the day-to-day activities of the subcontractor(s) and coordinate scheduling and material and equipment deliveries. Discrepancies, field conditions and requests for additional information will be handled and resolved by the Property Owner.

Paddy's responsibilities shall remain supervisory only in ensuring that the subcontractors hired by the Property Owner complete their portions of the work according to the customs, codes, and regulations of the City of Myrtle Beach and the State of South Carolina.

Paddy, or his agent, shall be on-site from the acquisition of the building permit, Six (6) days per week, from 7:30am to 4:00pm.

(d) Pay Request Review

All requests for payment, including change orders, will be reviewed and evaluated by Paddy and paid in full by the Property Owner within Ten (10) days of receipt of such pay request. Lien waivers will be obtained, reviewed and compared to the pay requests. All required documentation from the subcontractors and equipment, fixture and other suppliers, including the completion of punchlist items, will be obtained and held by Paddy. Paddy will advise the Property Owner that the contractor may be paid and the Property Owner will provide proof of payment to Paddy throughout the project.

2. Fees and Reimbursement of Expenses

(a) As compensation for Paddy's services under this Agreement, the Property Owner shall pay, or cause to be paid, to Paddy a base fee (the "Construction Management Fee") of:

Sixty Thousand Dollars ($60,000.00). This fee is for the acquisition of the building permit and the supervision of the process and progress of the Work. Payment to Paddy of the Construction Management Fee shall be in no way be construed to create in Paddy liability for the Work as a general contractor. The Property Owner shall be acting as its own general contractor for any and all liability purposes.

The Construction Management Fee outlined above shall be paid as follows: Seventy-five Hundred Dollars ($7,500.00) beginning with the acquisition of the building permit and

continuing with bi-weekly payments of Seventy-five Hundred ($7,500.00) throughout the Project based on an estimated three to four month project length.

(b) The fee paid under paragraph 2(a) above does not include changes to existing plans or trouble shooting issues not contemplated in the original contract. If the Property Owner requests additional design or construction services not covered in the scope of this Agreement, such services will be billed to the Property Owner at the rate of cost (labor and materials) plus 20%.

3. Term

The term of this agreement shall commence upon the acquisition of the building permit and shall terminate upon completion of the Project and the acquisition of an approved final inspection.

4. Disclaimer

The Property Owner understands that Paddy does not purport to offer structural and engineering services or installation and construction services (collectively "Construction Services"). The Property Owner shall contract for Construction Services and the Property Owner shall, at its cost, defend any claims against Paddy with respect to said Construction Services. The Property Owner shall pay, satisfy and/or discharge any judgments, orders and decrees, which may be rendered against Paddy in connection with the foregoing.

5. Notices

All notices called for hereunder shall be deemed delivered one day after having been posted in the United States mail, postage prepaid, at the address shown on the signature page of this Agreement, which address may be changed by either party by giving notice as called for herein.

*(Signature Page Follows)*

IN WITNESS WHEREOF, the parties have executed this Agreement the day and year first written above.

**PADDY-SON DEVELOPMENT CO., INC.**

_Roland D. Paddy_   2/2/05

Roland G. Paddy, President
728 Eighth Avenue North
Myrtle Beach SC 29577
843-222-1325
843-449-1248 (fx)

**TRAVELHOME 1405, LLC**

BY _R Dale Norris_   1/2/12

ITS _____

Corporate Address:
_401   14th   Ave  S_
_Myrtle Beach SC  29577_
Contact Phone: _843  424-2427_
Contact Fax: _____



**TRAVELHOME 1405, LLC**

*Note:This online database was last updated on 1/25/2012 6:01:27 PM.*
*See our Disclaimer.*

| | |
|---|---|
| DOMESTIC / FOREIGN: | Domestic |
| STATUS: | Good Standing |
| STATE OF INCORPORATION / ORGANIZATION: | SOUTH CAROLINA Profit |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| REGISTERED AGENT NAME: | JUN TANH |
| ADDRESS: | 401 14TH AVENUE SOUTH |
| CITY: | MYRTLE BEACH |
| STATE: | SC |
| ZIP: | 29577 |
| SECOND ADDRESS: | |

| | |
|---|---|
| FILE DATE: | 01/23/2012 |
| EFFECTIVE DATE: | 01/23/2012 |
| DISSOLVED DATE: | / / |

### Corporation History Records

| CODE | FILE DATE | COMMENT | Document |
|---|---|---|---|
| Domestic LLC | 01/23/2012 | AT WILL | |

Disclaimer: The South Carolina Secretary of State's Business Filings database is provided as a convenience to our customers to research information on business entities filed with our office. Updates are uploaded every 48 hours. Users are advised that the Secretary of State, the State of South Carolina or any agency, officer or employee of the State of South Carolina does not guarantee the accuracy, reliability or timeliness of such information, as it is the responsibility of the business entity to inform the Secretary of State of any updated information. While every effort is made to insure the reliability of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from this database does so at his own risk.



### South Carolina
# Secretary of State
#### Mark Hammond

**TRAVELHOME2, LLC**

*Note:This online database was last updated on 1/25/2012 6:01:27 PM.*
*See our Disclaimer.*

| | |
|---|---|
| DOMESTIC / FOREIGN: | Domestic |
| STATUS: | Good Standing |
| STATE OF INCORPORATION / ORGANIZATION: | SOUTH CAROLINA Profit |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| REGISTERED AGENT NAME: | JUN TANG |
| ADDRESS: | 401 14TH AVENUE SOUTH |
| CITY: | MYRTLE BEACH |
| STATE: | SC |
| ZIP: | 29577 |
| SECOND ADDRESS: | |

| | |
|---|---|
| FILE DATE: | 10/06/2006 |
| EFFECTIVE DATE: | 10/06/2006 |
| DISSOLVED DATE: | / / |

## Corporation History Records

| CODE | FILE DATE | COMMENT | Document |
|---|---|---|---|
| Domestic LLC | 10/06/2006 | AT WILL | |

**Disclaimer:** The South Carolina Secretary of State's Business Filings database is provided as a convenience to our customers to research information on business entities filed with our office. Updates are uploaded every 48 hours. Users are advised that the Secretary of State, the State of South Carolina or any agency, officer or employee of the State of South Carolina does not guarantee the accuracy, reliability or timeliness of such information, as it is the responsibility of the business entity to inform the Secretary of State of any updated information. While every effort is made to insure the reliability of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from this database does so at his own risk.



**TRAVELHOME, LLC**

*Note:This online database was last updated on 1/25/2012 6:01:27 PM.*
*See our Disclaimer.*

| | |
|---|---|
| **DOMESTIC / FOREIGN:** | Domestic |
| **STATUS:** | Good Standing |
| **STATE OF INCORPORATION / ORGANIZATION:** | SOUTH CAROLINA |
| | Profit |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| **REGISTERED AGENT NAME:** | JUN TANG |
| **ADDRESS:** | 401 14TH AVE S |
| **CITY:** | MYRTLE BEACH |
| **STATE:** | SC |
| **ZIP:** | 29577 |
| **SECOND ADDRESS:** | |

| | |
|---|---|
| **FILE DATE:** | 08/31/2005 |
| **EFFECTIVE DATE:** | 08/31/2005 |
| **DISSOLVED DATE:** | / / |

## Corporation History Records

| CODE | FILE DATE | COMMENT | Document |
|---|---|---|---|
| Domestic LLC | 08/31/2005 | AT WILL | |

Disclaimer: The South Carolina Secretary of State's Business Filings database is provided as a convenience to our customers to research information on business entities filed with our office. Updates are uploaded every 48 hours. Users are advised that the Secretary of State, the State of South Carolina or any agency, officer or employee of the State of South Carolina does not guarantee the accuracy, reliability or timeliness of such information, as it is the responsibility of the business entity to inform the Secretary of State of any updated information. While every effort is made to insure the reliability of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from this database does so at his own risk.

TRAVELHOME1405 LLC    01-12                                    1294
1405 SOUTH OCEAN BVLD                                   57-445/539 SC
MYRTLE BEACH SC 29577-4528                                      8003

DATE   02/13/13

PAY TO THE
ORDER OF   Paddy = Son                              $  1000 00

one  Thousand only                           DOLLARS

Bank of America

FOR

REDACTED

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

**TRAVELHOME1405 LLC**
1406 SOUTH OCEAN BVLD
MYRTLE BEACH SC 29677-4628

01-12

1294

67-448/539 SC
8903

DATE 02/13/13

PAY TO THE ORDER OF  Paddy—son                    $ 1000 00

One Thousand only                    DOLLARS

**Bank of America**
ACH R/T 053904483

FOR _____

⑈001294⑈ ⑈053904483⑈ REDACTED⑈161⑈

# Paddy-Son Development Co., Inc.

**Post Office Box 2273, Myrtle Beach, South Carolina 29578-2273**

**843/448-2281 (O)**
**843/448-1607 (F)**
**843/222-1325 (M)**

Sportsman                                         3/14/13

Monies due:

| | |
|---|---|
| Paddy-Son Development Co, Inc | 12,092.43 |
| Active Glass Co. | 961.60 |
| S&B Electric | 5,292.37 |
| Carefree Exterior (Railings) | 7,493.00 |
| | 25,839.40 |

Contracts:

| | | |
|---|---|---|
| 1. | Paving patched, coated and new lines | 4,000.00 |
| 2. | Landscaping with irrigation | 6,700.00 |
| | | 10,700.00 |

**NORTH & SOUTH CAROLINA GENERAL CONTRACTORS IN AN UNLIMITED BUILDING CLASS**

# Paddy-Son Development Co., Inc.

**Post Office Box 2273, Myrtle Beach, South Carolina 29578-2273**

**843/448-2281 (O)**
**843/448-1607 (F)**
**843/222-1325 (M)**

TravelHome, LLC                                    6/1/2012
1405 S. Ocean Blvd

1. Draw #8 – Paddy-Son                           7,500.00
2. Elvis Port-a-John                                 123.24
3. Lynn Scaffolding                                  356.79
                                                    7,980.03

**NORTH & SOUTH CAROLINA GENERAL CONTRACTORS IN AN UNLIMITED BUILDING CLASS**



*Elvis Service Co., Inc.*

2200 EXECUTIVE AVENUE
MYRTLE BEACH, S.C. 29577
(843) 448-5016
FAX (843) 626-7002

| INVOICE NUMBER: | 227579 |
| INVOICE DATE: | 05/19/2012 |
| TERMS: | NET 30 DAYS |
| CONTRACT NUMBER: | 38531 |
| BILLING PERIOD: | 04/22/2012 TO 05/19/2012 |
| ORDERED BY: | ROLAND |
| P.O. NUMBER: | |
| JOB NUMBER: | |
| SALESPERSON: | DC |

CUSTOMER NUMBER · NAME · ADDRESS          0249

PADDY-SON DEVELOPMENT CO. INC.
P.O. BOX 2273
MYRTLE BEACH, SC 29578

← RENTED TO

DELIVERED TO →

SITE NAME · ADDRESS

1405 SOUTH OCEAN BLVD

MYRTLE BEACH, SC

# INVOICE

| Y | DESCRIPTION | PRICE | START-END BILLING | AMOUNT |
|---|---|---|---|---|
| 2 | PORTABLE TOILET-RENT UNITS: 2161, 1778 | $ 60.00 | 04/22/2012 TO 05/19/2012 | $ 120.00 |
| | | SUB-TOTAL | | $ 120.00 |
| | | STATE/LOCAL TAX | | $ 3.24 |
| | | DUE THIS INVOICE | | $ 123.24 |

*Sportsman 123.24*

WE ACCEPT MC, VISA AND DISCOVER.

ORIGINAL INVOICE

# LYNN LADDER AND SCAFFOLDING
4908 HIGHWAY 501, MYRTLE BEACH, SC 29579
**REMIT TO:**
P.O. BOX 3568
CAPITOL HEIGHTS, MD 20791-3568
(843) 349-1300
Fax No. (843) 349-1304



D-U-N-S NO.
15 - 021 - 8154

Page Number-                    1
Billing #                  357984
Job Register #              75931

S Paddy-Son Development Company Inc.
O 728 8th Avenue N
L Myrtle Beach SC 29577
D

T
O

J Paddy-Son Development Company I.
O Travelhome 1405 LLC
B 1405 S Ocean Blvd
  Myrtle Beach SC 29577
L
O
C

| CUSTOMER NO. | CYCLE | | | INVOICE NO. | INVOICE DATE | TERMS |
|---|---|---|---|---|---|---|
| 33371 | Dale | | | 7593104 R6 | 05/29/12 | Net 30 Days |

| QUANTITY SHIPPED | CATALOG NO. | DESCRIPTION | RENTAL PERIOD | AMOUNT |
|---|---|---|---|---|
| 29 | SGRP | 256377 SN<br>SLAB GUARD RAIL POST | 04/27/12 - 05/24/12 | 100.85 |
| 31 | SGRP | 256377 SN  260959 CN<br>SLAB GUARD RAIL POST | 04/27/12 - 05/24/12 | 107.80 |
| 35 | SGRP | 256754 SN<br>SLAB GUARD RAIL POST | 04/27/12 - 05/24/12 | 121.71 |

Wounded Warriors
A Non-Profit Organization Helping Our Wounded
www.woundedwarriors.org

*Sportsman*
356.79
H

| | | | | |
|---|---|---|---|---|
| **IF PAYMENT IS MADE WITHIN OUR TERMS** ◄DEDUCT | | SC 1026 | STATE SALES TAX<br>26.43 | **PAY THIS AMOUNT**<br>356.79 |

A SERVICE CHARGE of 1½% an ANNUAL PERCENTAGE RATE of 18% will be added to all past due in

TRAVELHO 1405 LLC    01-12    1254
1405 SOUTH OCEAN BVLD
MYRTLE BEACH SC 29577-4528    67-448/539 SC
8003

DATE 6/23/12

PAY TO THE ORDER OF _Paddy Son Devel. Co Inc._    $ 4,000.00

_Four Thousand — 00/xx_    DOLLARS

Bank of America
ACH R/T 083904483

FOR _Tvr_ 建商费

⑈⑈00125411⑈⑈0539045411⑈ REDACTED 716 11⑈

Balance 4076.79
plus 6/1/12 7980.03

**TRAVELHOME1405 LLC**  01-12
1405 SOUTH OCEAN BVLD
MYRTLE BEACH SC 29577-4628

1274

67-448/539 SC
8003

DATE 10/4/12

PAY
TO THE
ORDER OF _____   $ 1500 00/100

One sthousand five hundred only _____ DOLLARS

**Bank of America**

ACH R/T 053904483

FOR _____

⑈001274⑈ ⑆053904483⑆   REDACTED   7161⑈

# Paddy-Son Development Co., Inc.

Post Office Box 2273, Myrtle Beach, South Carolina 29578-2273

843/448-2281 (O)
843/448-1607 (F)
843/222-1325 (M)

TravelHome, LLC                                    5/15/2012
1405 S. Ocean Blvd

1. Draw #7 – Paddy-Son                      7,500.00
2. Collins Gore – Masonry in office           220.00
3. Lynn Scaffolding – Temporary rails         356.79
                                             8,076.79

*4,000.⁰⁰ paid 6/23/12*

*4,076.79 balance due*

*1,500.⁰⁰ paid 10/8/12*

*2,576.79 balance 10/8/12*

*Roland Paddy*

NORTH & SOUTH CAROLINA GENERAL CONTRACTORS IN AN UNLIMITED BUILDING CLASS

519973

# STATEMENT

| DATE<br>May-10-12 | TERMS |
| --- | --- |

TO  PADDY + SON

ADDRESS  Myrtle Beach

S. C.

IN ACCOUNT WITH

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| | | Close in Air unit | | | |
| | | Whole | | | |
| | | Material d Labor | = $220, | 00 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | Robin W. Hare | | | |
| | | | | | |
| | | 843- 602-1163 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

DC5812

# Paddy-Son Development

UNLIMITED GENERAL CONTRACTORS
P.O. Box 2273, 728 - 8ᵗʰ Avenue N.
Myrtle Beach, SC 29578

## Roland Paddy

(843) 222-1325/M

(843) 448-2281/O            (843) 448-1607/F

Collins Gore 5/9/12

| | | |
|---|---|---|
| | Install block in window openings | $220.00 |

Remit To: Lynn Ladder & Scaffolding
          P.O. Box 3568
          Capitol Heights MD 20791-3568

Paddy-Son Development Company Inc.          Page       -       1
728 8th Avenue N                           Date       -  04/30/12
Myrtle Beach SC 29577                       Account    -     371
                                           Statement No -   325634

| Invoice Number | Invoice Date | Remark | Open Amount | Discount Taken | Payments Received | Adjustments | Outstanding Balance Due |
|---|---|---|---|---|---|---|---|
| COMPANY: 00002 Waco Ladder & Scaffolding Co I | | | | | | | |
| R6  7593103 | 04/30/12 | 00355910 (Sales Order | 356.79 | .00 | .00 | .00 | 356.79 |
| | | TOTAL CURRENT BALANCE DUE | | | | | 356.79 |

ACCOUNT AGING

| Current | 1 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 |
|---|---|---|---|---|---|
| 356.79 | .00 | .00 | .00 | .00 | .00 |



4908 HIGHWAY 501, MYRTLE BEACH, SC 29579
REMIT TO:
P.O. BOX 3568
CAPITOL HEIGHTS, MD 20791-3568
(843) 349-1300
Fax No. (843) 349-1304



D-U-N-S NO.
15 - 021 - 8154

Page Number-                    1
Billing #                 355910
Job Register #             75931

S  Paddy-Son Development Company Inc.
O  728 8th Avenue N
L  Myrtle Beach SC 29577
D

T
O

J  Paddy-Son Development Company In
O  Travelhome 1405 LLC
B  1405 S Ocean Blvd
   Myrtle Beach SC 29577
L
O
C

| TOMER NO. | CYCLE | YOUR P.O. NO. | SLSP | INVOICE NO. | INVOICE DATE | TERMS |
|---|---|---|---|---|---|---|
| 33371 | | Dale | | 7593103 R6 | 04/30/12 | Net 30 Days |

| NTITY PPED | CATALOG NO. | DESCRIPTION | RENTAL PERIOD | AMOUNT |
|---|---|---|---|---|
| 60 | SGRP | 256377 SN<br>SLAB GUARD RAIL POST | 03/30/12 - 04/26/12 | 208.65 |
| 35 | SGRP | 256754 SN<br>SLAB GUARD RAIL POST | 03/30/12 - 04/26/12 | 121.71 |

Wounded Warriors
A Non-Profit Organization Helping Our Wounded
www.woundedwarriors.org

THE SCAFFOLD KING

| IF PAYMENT IS MADE WITHIN OUR TERMS | | | STATE SALES TAX | PAY THIS AMOUNT |
|---|---|---|---|---|
| ◄DEDUCT | SC 1026 | | 26.43 | 356.79 |

A SERVICE CHARGE of 1½%, an ANNUAL PERCENTAGE RATE of 18%, will be added to all past due Invoices.