# TRAVELHOME 1405, LLC

## PROXY

    Pursuant to the Operating Agreement of TravelHome 1405, LLC., the undersigned Member, being the owner of a ninety percent (90%) interest in said LLC, appoints Geng Min Qiu as proxy with full power to vote and act for the undersigned, with full power to appoint a substitute proxy to vote and act for the undersigned, and with full power to revoke the appointment of any substitute proxy.

Dated: December 13, 2012      _____

                                            Gengwu Qiu

EXHIBIT

5

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | | |
| GENGWU QIU AND GENG MIN | ) | CASE NO.: 2013-CP-26-4589 |
| QIU AS ATTORNEY IN FACT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF HEARING** |
| | ) | |
| JUDY TANG a/k/a JUNE TANG, | ) | |
| a/k/a JUN TANG, YUANG TANG, | ) | |
| TRAVEL HOME 1405, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that a hearing on I.M. Skaugen Marine Services Pte. Ltd.'s

Motion to Intervene in the above-captioned action will be held at 2:00 p.m. on December 2,

2013, at the Horry County Courthouse, located at 1301 Second Ave., Conway, SC 29526.

PLEASE BE PRESENT IF SO MINDED.

Date: November 14, 2013          WOMBLE CARLYLE SANDRIDGE & RICE, LLP

Charles P. Summerall, IV, SC Bar No. 5433
P.O. Box 999
Charleston, SC 29402-0999
(843) 722-3400

ATTORNEYS FOR I.M. SKAUGEN
MARINE SERVICES PTE. LTD

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | |
| GENGWU QIU AND GENG MIN | ) | CASE NO.: 2013-CP-26-4589 |
| QIU AS ATTORNEY IN FACT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| JUDY TANG a/k/a JUNE TANG, | ) | |
| a/k/a JUN TANG, YUANG TANG, | ) | |
| TRAVEL HOME 1405, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

I do hereby certify that on the 14th day of November, 2013, I served a copy of the within *Notice of Hearing* on the following parties in the within entitled matter by sending a copy of the same via United States First Class Mail addressed to:

James L. Hills
4701 Oleander Drive
Myrtle Beach, SC 29577-5762

Gene M. Connell, Jr.
P.O. Drawer 14547
Surfside Beach, SC 29587

C. Nicholas Diez
1341 44th Avenue North, Suite 103
Myrtle Beach, SC 29577

Nicole M. Beaulieu, Paralegal to
Charles P. Summerall, IV, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE
5 Exchange Street (29401)
P.O. Box 999
Charleston, SC 29402
Ph. (843) 722-3400
Facsimile: (843) 723-7398

ATTORNEYS FOR I.M. SKAUGEN
MARINE SERVICES PTE. LTD

STATE OF SOUTH CAROLINA )     IN THE COURT OF COMMON PLEAS
                                )     FIFTEENTH JUDICIAL CIRCUIT

COUNTY OF HORRY          )

                                )

**Gengwu Qiu and Geng Min Qiu as**    )
**Attorney in Fact,**                  )

                                )     **AFFIDAVIT OF JAMES L. HILLS**

                **Plaintiffs,**       )

**vs.**                                )

                                )

**Judy Tang a/k/a June Tang a/k/a Jun**   )
**Tang, Yuang Tang, Travel Home 1405,**   )
**LLC,**                                 )

            **Defendants.**        )     **CASE NO.: 2013-CP-26-04589**

Personally appeared before me the deponent who, being duly sworn, deposes and states the following:

      1.     My name is James L. Hills. I am an attorney in private practice in the firm of Hills & Hills, P.C.

      2.     In March of 2013, I was contacted by a friend and asked to participate in a consultation regarding some Chinese citizens who needed legal advice regarding a corporation and property in Myrtle Beach. I met with Geng Min Qiu and his assistant, Edith, and we entered into a letter of representation dated March 13, 2013. We agreed that I represented Geng Min Qiu only in his capacity as proxy for his brother's shares and that, ultimately, I represented his brother, Gengwu Qiu.

      3.     As part of my representation, I commenced the instant action of Gengwu Qiu and Geng Min Qiu as Attorney in Fact vs. Judy Tang a/k/a June Tang a/k/a Jun Tang, Yuang Tang, Travel Home 1405, LLC; Case No.: 2013-CP-26-04589. The initial pleadings in this action were verified by Geng Min Qiu in his capacity as attorney in fact on June 19, 2013, and filed on July 1, 2013.

4.      Since that time, another action has been filed regarding a foreclosure on a mortgage that was taken out in the name of Travel Home 1405, LLC from a private lender (*see* Howard L. Pally a/k/a Howard L. Pallay vs. Travel Home 1405, LLC; Case No.: 2013-CP-26-5966). With authority of my client, Gengwu Qiu, I filed a motion to intervene, which contained a proposed complaint for intervention. These documents listed the proposed intervenors as Gengwu Qiu and his attorney in fact, Geng Min Qiu.

5.      Lastly, I have also made a limited appearance for Gengwu Qiu regarding a case that the City of Myrtle Beach has filed against Travel Home 1405, LLC for violations of municipal code. Again, in this situation, any communication or representation of Geng Min Qiu was only in his capacity as attorney in fact for Gengwu Qiu.

6.      In sum, it was never my intent to represent Geng Min Qiu as an individual. I have only represented Geng Min Qiu in his capacity as attorney in fact under the limited durable power of attorney executed by Gengwu Qiu.


FURTHER DEPONENT SAYETH NAUGHT.

James L. Hills, Esq.

SWORN to and subscribed before me
This 26 day of November, 2014
_____
Notary Public for the State of South Carolina
My commission expires 4/27/__.

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                      )    FIFTEENTH JUDICIAL CIRCUIT

COUNTY OF HORRY         )    Civil Action No. 2013-CP-26-4589

Gengwu Qiu and Geng Min Qiu as  )
Attorney in Fact,            )
                      )
        Plaintiff,      )
                      )
         vs.         )    **NOTICE OF APPEARANCE**
                      )
Judy Tang a/k/a June Tang a/k/a Jun Tang,  )
Yuang Tang, Travel Home 1405, LLC,  )
                      )
        Defendants.    )
                      )
                      )

**TO:**    **TO THE ABOVE NAMED PLAINTIFFS, DEFENDANTS, AND THEIR ATTORNEYS:**

        The undersigned, as attorney for the Defendant, Travel Home 1405, LLC, notify and advise this

Court and the parties above-named that he is appearing on behalf of the Defendant, Travel Home 1405,

LLC.

                        TURNER, PADGET, GRAHAM & LANEY, P.A.

By:                      
                      Mark Goddard (SC ID #:73965)
                      P.O. Box 2116
                      Myrtle Beach, South Carolina 29578
                      Ph: (843) 213-5500
                      Fax: (843) 213-5555
                      Email: mgoddard@turnerpadget.com
                      ATTORNEYS FOR DEFENDANT,
                      TRAVEL HOME 1405, LLC

November 27, 2013

Myrtle Beach, South Carolina

TPGL 5466591v1

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | Civil Action No. 2013-CP-26-4589 |
| | ) | |
| Gengwu Qiu and Geng Min Qiu as | ) | |
| Attorney in Fact, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CERTIFICATE OF MAILING** |
| Judy Tang a/k/a June Tang a/k/a Jun Tang, | ) | |
| Yuang Tang, Travel Home 1405, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

I, Brenda Kitelinger, an employee of Turner Padget Graham & Laney P.A., hereby certify

that on this _27_ day of November, _2013_, the foregoing Notice of Appearance has been served

upon counsel of record by depositing a copy of it in the United States Mail, postage prepaid, and

properly addressed as follows:

Charles P. Summerall, IV, Esq.
Womble Caryle Sandridge & Rice LLP
5 Exchange Street
P.O. Box 999
Charleston, SC 29402
Ph: (843) 722-3400
Fax: (843) 723-7398
csummerall@wcsr.com
Attorneys for I. M. Skaugen Marine Services PTE,
LTD.

James L. Hills, Esq.
Hills & Hills, P.C.
4701 Oleander Drive
Myrtle Beach, SC 29577-5762
Ph: (843) 448-6792
Fax: (843) 448-6792
Attorneys for the Plaintiffs

Gene M. Connell, Jr., Esq.
Kelaher, Connell & Connor, P.C.
P.O. Drawer 14547
Surfside Beach, SC 29587
Ph: (843) 238-5648
Fax: (843) 238-5050
gconnell@classactlaw.net
Attorney for Defendants

Hamilton Osbourne, Esq.
Haynsworth Sinkler Boyd PA
1201 Main Street, 22nd Floor
Columbia, SC 29201-3232
Ph: (803) 540-7855
Fax: (803) 765-1243
hosbourne@hsblawfirm.com

Brenda Kitelinger

2

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS

Case No. 2013-CP-26-04589

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

Plaintiffs,

vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC,

Defendants.

## NOTICE OF APPEARANCE

The undersigned hereby gives notice of his appearance in this action as attorney for

Plaintiff Gengwu Qiu.

HAYNSWORTH SINKLER BOYD, P.A.

By: _Hamilton Osborne Jr._

Hamilton Osborne, Jr., Bar #4290
1201 Main Street, 22nd Floor
Columbia, SC 29201
(803) 779-3080

Attorney for Plaintiff Gengwu Qiu

November 27, 2013

DM: 2155533 V.1

## CERTIFICATE OF SERVICE

I, the undersigned employee of Haynsworth Sinkler Boyd, P.A., certify that I served the attached document on the following attorneys by causing true copies thereof to be mailed by first-class mail, postage prepaid, to them addressed as follows:

| | |
|---|---|
| James L. Hills, Esquire<br>Jessica E. Kinard, Esquire<br>HILLS & HILLS, P.C.<br>4701 Oleander Drive<br>Myrtle Beach, SC 39577<br><br>Attorney for Plaintiffs | Gene M. Connell, Jr., Esquire<br>KELAHER, CONNELL & CONNOR, P.C.<br>P.O. Drawer 14547<br>Surfside Beach, SC 29587-4547<br><br>Attorney for Defendants<br><br><br>Charles P. Summerall, IV, Esquire<br>WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br>P.O. Box 999<br>Charleston, SC 29402<br><br>Attorney for I.M. Skaugen Marine Services Pte. Ltd. |

WITNESS my hand this 27 day of November, 2013.

_Charlotte D. Ariail_
Charlotte D. Ariail

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS

Case No. 2013-CP-26-04589

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

               Plaintiffs,

    vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC,

               Defendants.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## MOTION TO INTERVENE

      Plaintiff Gengwu Qiu submits this memorandum in opposition to the motion of I.M.
Skaugen Marine Services Pte. Ltd. ("Skaugen") to intervene in this action. The Affidavit of
Gengwu Qiu accompanies this Memorandum. For the reasons stated herein, the motion should
be denied.

### ARGUMENT

      The decision to grant or deny a motion to intervene lies within the sound discretion of the
trial court. *Ex parte Gov't Employee's Ins. Co.*, 373 S.C. 132, 134, 644 S.E.2d 699, 701 (2007).
In this case, sound reasons exist for the Court to exercise its discretion against granting
Skaugen's motion to intervene.

      Stripped of its rhetoric, Skaugen's argument is as follows: Because Skaugen alleges that
Plaintiff Gengwu Qiu acquired his interest in Travel Home 1405, LLC (more properly known as
TravelHome 1405, LLC) by a fraudulent conveyance from his brother, Geng Min Qiu, against
whom Skaugen has a judgment, Skaugen has a right to intervene in this lawsuit in which

Gengwu Qiu is asserting, among other things, his rights as an owner of Travel Home 1405, LLC. This argument is, in effect, that if a judgment creditor alleges that the owner of an interest in a business acquired the interest through a fraudulent conveyance from the judgment debtor, those allegations alone are sufficient to give the judgment debtor a right to intervene in any lawsuit in which the owner is the plaintiff and the business is a defendant, regardless of whether the judgment creditor has established that the conveyance was fraudulent. Allowing intervention on such a tenuous and conditional set of circumstances would unreasonably extend the right of intervention.

Furthermore, Gengwu Qiu's claims against the Defendants are primarily, if not solely, legal in nature, and Skaugen's potential claim against Gengwu Qiu to set aside his interest in Travel Home 1405, LLC as a fraudulent conveyance is an equitable claim. Engrafting Skaugen's equitable claim onto the legal claims of Gengwu Qiu against the Defendants would unreasonably complicate this action and would, in effect, create a collateral action that must be tried separately in equity. Skaugen can assert its claim against Gengwu Qiu in a separate equitable action, and no injustice would be done to Skaugen by requiring Skaugen to do so.

HAYNSWORTH SINKLER BOYD, P.A.

By: _Hamilton Osborne_

Hamilton Osborne, Jr., Bar #4290
1201 Main Street, 22nd Floor
Columbia, SC 29201
(803) 779-3080

Attorney for Plaintiff Gengwu Qiu

November 27, 2013

## CERTIFICATE OF SERVICE

I, the undersigned employee of Haynsworth Sinkler Boyd, P.A., certify that I served the attached document on the following attorneys by causing true copies thereof to be mailed by first-class mail, postage prepaid, to them addressed as follows:

| | |
|---|---|
| James L. Hills, Esquire<br>Jessica E. Kinard, Esquire<br>HILLS & HILLS, P.C.<br>4701 Oleander Drive<br>Myrtle Beach, SC 39577<br><br>Attorney for Plaintiffs | Gene M. Connell, Jr., Esquire<br>KELAHER, CONNELL & CONNOR, P.C.<br>P.O. Drawer 14547<br>Surfside Beach, SC 29587-4547<br><br>Attorney for Defendants<br><br><br>Charles P. Summerall, IV, Esquire<br>WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br>P.O. Box 999<br>Charleston, SC 29402<br><br>Attorney for I.M. Skaugen Marine Services Pte. Ltd. |

WITNESS my hand this 27 day of November, 2013.

Charlotte D. Ariail

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS

Case No. 2013-CP-26-04589

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

Plaintiffs,

vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC,

Defendants.

## AFFIDAVIT OF GENGWU QIU

I, the undersigned Gengwu Qiu, being duly sworn, depose and state on oath as follows:

1.      I am a Plaintiff in this case.

2.      I am a citizen of the People's Republic of China, and I reside in China.

3.      Mandarin is my native language, and I do not read or speak English.

4.      This Affidavit was translated into Mandarin and read to me orally by my assistant, Guo Lin, who is also known as Edith. Mandarin is her native language, and she also reads and speaks English.

5.      I am a businessman, and I am engaged primarily in manufacturing in China and elsewhere. I am interested, however, in acquiring real property in the United States as an investment.

6.      Geng Min Qiu is my brother, and as my attorney in fact, he invested substantial sums of money that I provided in a hotel in Myrtle Beach, South Carolina, known as the Sportsman Inn.

## AFFIDAVIT OF TRANSLATOR

I, the undersigned Guo Lin, being duly sworn, depose and state on oath as follows:

1.    I am a citizen of the People's Republic of China, and Mandarin is my native language.  I also read and speak English.

2.    My Chinese name is Guo Lin, but I am also known in English as Edith.

3.    I am employed by Mr. Gengwu Qiu as his assistant and translator.  Before Mr. Qiu signed the foregoing Affidavit, I orally translated it into Mandarin for him.

4.    I understood the Affidavit clearly myself, and I accurately translated the Affidavit into Mandarin for Mr. Qiu.

WITNESS MY HAND this 25 day of November, 2013, at Columbia, South Carolina.

*Guo Lin   Edith*

_____
Guo Lin, a/k/a Edith

Sworn to and subscribed before me
this 25 day of November, 2013.

*Charlotte D. Qui o*

_____
Notary Public, State of South Carolina
My commission expires *1-13-2020* .

(SEAL)

DM: 2152134

## CERTIFICATE OF SERVICE

I, the undersigned employee of Haynsworth Sinkler Boyd, P.A., certify that I served the
attached document on the following attorneys by causing true copies thereof to be mailed by
first-class mail, postage prepaid, to them addressed as follows:

| | |
|---|---|
| James L. Hills, Esquire<br>Jessica E. Kinard, Esquire<br>HILLS & HILLS, P.C.<br>4701 Oleander Drive<br>Myrtle Beach, SC 39577<br><br>Attorney for Plaintiffs | Gene M. Connell, Jr., Esquire<br>KELAHER, CONNELL & CONNOR, P.C.<br>P.O. Drawer 14547<br>Surfside Beach, SC 29587-4547<br><br>Attorney for Defendants<br><br><br>Charles P. Summerall, IV, Esquire<br>WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br>P.O. Box 999<br>Charleston, SC 29402<br><br>Attorney for I.M. Skaugen Marine Services Pte. Ltd. |

WITNESS my hand this 27 day of November, 2013.

*Charlotte D. Ariail*

Charlotte D. Ariail

STATE OF SOUTH CAROLINA            IN THE COURT OF COMMON PLEAS

COUNTY OF HORRY                    Case No. 2013-CP-26-04589

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

        Plaintiffs,

vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC,

        Defendants.



FILED HORRY COUNTY 2013 DEC -3 AM 10:04 MELANIE HUGGINS-WARD CLERK OF COURT

### AFFIDAVIT OF GENGWU QIU

I, the undersigned Gengwu Qiu, being duly sworn, depose and state on oath as follows:

1.    I am a Plaintiff in this case.

2.    I am a citizen of the People's Republic of China, and I reside in China.

3.    Mandarin is my native language, and I do not read or speak English.

4.    This Affidavit was translated into Mandarin and read to me orally by my assistant, Guo Lin, who is also known as Edith. Mandarin is her native language, and she also reads and speaks English.

5.    I am a businessman, and I am engaged primarily in manufacturing in China and elsewhere. I am interested, however, in acquiring real property in the United States as an investment.

6.    Geng Min Qiu is my brother, and as my attorney in fact, he invested substantial sums of money that I provided in a hotel in Myrtle Beach, South Carolina, known as the Sportsman Inn.

7.     The hotel is now owned by TravelHome 1405, LLC, a South Carolina limited liability company also known as Travel Home 1405, LLC. I am a member of TravelHome 1405, LLC, and I own a 90% interest in the company.

8.     I provided my brother, Geng Min Qiu, with the money needed to purchase the Sportsman Inn. The money came from my business interests, and to the best of my knowledge, my brother did not invest any of his own money or any money from any business he owned or controlled in the Sportsman Inn.

9.     My 90% interest in TravelHome 1405, LLC was initially placed in the name of my brother, Geng Min Qiu, because he was my attorney in fact and spends much of his time in the United States. I did not have a visa to travel to the United States, and I believed that my brother had a better understanding than I did of how business is conducted in the United States.

10.    On December 13, 2012, my brother signed an Assignment of Membership Interest assigning to me the 90% interest in TravelHome 1405, LLC he had acquired with the money I had provided to him to invest in the Sportsman Inn on my behalf. A true copy of the Assignment of Membership Interest my brother signed is attached to this Affidavit.

WITNESS MY HAND this 25 day of November, 2013, at Columbia, South Carolina.

_Gengwu Qiu_
_____
Gengwu Qiu

Sworn to and subscribed before me
this 25 day of November, 2013.

_Charlotte D. Craig_
_____
Notary Public, State of South Carolina
My commission expires _1-13-2020_.

(SEAL)

DM: 2152134

## AFFIDAVIT OF TRANSLATOR

I, the undersigned Guo Lin, being duly sworn, depose and state on oath as follows:

1.      I am a citizen of the People's Republic of China, and Mandarin is my native language.  I also read and speak English.

2.      My Chinese name is Guo Lin, but I am also known in English as Edith.

3.      I am employed by Mr. Gengwu Qiu as his assistant and translator.  Before Mr. Qiu signed the foregoing Affidavit, I orally translated it into Mandarin for him.

4.      I understood the Affidavit clearly myself, and I accurately translated the Affidavit into Mandarin for Mr. Qiu.

WITNESS MY HAND this _25_ day of November, 2013, at Columbia, South Carolina.

_Guo Lin    Edith_
Guo Lin, a/k/a Edith

Sworn to and subscribed before me
this _25_ day of November, 2013.

_Charlotte D. Garcia_
Notary Public, State of South Carolina
My commission expires _1-13-2020_ .

(SEAL)

DM: 2152134

## CERTIFICATE OF SERVICE

I, the undersigned employee of Haynsworth Sinkler Boyd, P.A., certify that I served the attached document on the following attorneys by causing true copies thereof to be mailed by first-class mail, postage prepaid, to them addressed as follows:

| | |
|---|---|
| James L. Hills, Esquire<br>Jessica E. Kinard, Esquire<br>HILLS & HILLS, P.C.<br>4701 Oleander Drive<br>Myrtle Beach, SC 39577<br><br>Attorney for Plaintiffs | Gene M. Connell, Jr., Esquire<br>KELAHER, CONNELL & CONNOR, P.C.<br>P.O. Drawer 14547<br>Surfside Beach, SC 29587-4547<br><br>Attorney for Defendants<br><br><br>Charles P. Summerall, IV, Esquire<br>WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br>P.O. Box 999<br>Charleston, SC 29402<br><br>Attorney for I.M. Skaugen Marine Services Pte. Ltd. |

WITNESS my hand this 27 day of November, 2013.

Charlotte D. Ariail
Charlotte D. Ariail

2013 DEC -3 AM 10: 04
'LANE HUGGINS-WARD
CLERK OF COURT
COUNTY

STATE OF SOUTH CAROLINA      IN THE ☒ COURT OF COMMON PLEAS
COUNTY OF HORRY      ☐ FAMILY COURT

Gengwu Qiu and Geng Min Qiu as Attorney-in-Fact,)
☐ Plaintiff                          )
v.                                         )
Travel Home 1405, LLC, et al.          )
☒ Defendant.                    )
**check box above indicating submitting party** )

CASE NO. 2013-CP-26-4589

**MOTION INFORMATION FORM
AND COVER SHEET**

| Name, S.C. Bar no. and address of plaintiff's attorney | Name, S.C. Bar no. and address of defendant's attorney |
|---|---|
| **See attached sheet** | Mark B. Goddard, S.C. Bar # 73965<br>Turner Padget Graham & Laney P.A.<br>P.O. Box 2116, Myrtle Beach, SC 29578<br>Tel.: 843-213-5542;<br>mgoddard@turnerpadget.com<br>**Attorney for C. Nicholas Diez, as<br>Receiver for Travel Home 1405 LLC** |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II AND III)**

**SECTION I: Hearing Information**
Nature of Motion: Motion for Clarification as to Order Appointing Receiver
Estimated Time Needed: 15 min.                Court Reporter Needed: yes

**SECTION II: Motion Type**
☒ Written motion attached
☐ Form Motion --
      I hereby move for relief or action by the court as set forth in the attached proposed order.

*Mark B. Goddard* (signature)                  December 5, 2013
Signature of Attorney for Receiver, Mark B. Goddard       Date submitted

**SECTION III: Motion Fee**
☒ **PAID – AMOUNT:$25**
☐ EXEMPT:     ☐ Rule to Show Cause in Child or Spousal Support
(check reason)       ☐ Domestic Abuse or Abuse and Neglect
                ☐ Indigent Status    ☐ State Agency v. Indigent Party
                ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
                ☐ Motion for Stay in Bankruptcy
                ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
      ☐ Proposed order submitted at request of the court; or,
                reduced to writing from motion made in open court per judge's instructions
                Name of Court Reporter:
                ☐ Other:

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order.<br>☐ Other: | _____ JUDGE<br><br>CODE: _____ Date: _____ |

**CLERK'S VERIFICATION**               DATE FILED

Collected by: _____
           (print name)

☐ MOTION FEE COLLECTED: _____
☐ CONTESTED – AMOUNT DUE: _____

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY )

Gengwu Qiu and Geng Min Qiu as ) Case No.: 0213-CP-26-04589
Attorney in Fact, )
)
Plaintiffs, )
)
.v. )
)
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC, )
Defendants, )
)
)
_____ )

## RECEIVER'S INITIAL REPORT

The undersigned hereby submits his initial report in connection with the Receivership in the above captioned matter.

1.    Defendant Travel Home 1405, LLC is a limited liability company created in and registered with the State of South Carolina. Travel Home 1405, LLC owns the former Sportsman Motor Inn, located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina.

2.    Plaintiff Gengwu Qiu allegedly owns a ninety percent (90%) share of Travel Home 1405, LLC.  Defendant Judy Tang allegedly owns a one percent (1%) share of Travel Home 1405, LLC.  Defendant Yuang Tan allegedly owns nine percent (9%) share of Travel Home 1405, LLC.

3.    The Honorable Larry B. Hyman, Jr., signed an Order Appointing Receiver in this litigation on November 6, 2013.  This Order appointed me, C. Nicholas Diez, CPA, as receiver for the premises and the corporation.  This Order required me to submit my findings on the financial condition of the premise and corporation within 30 days.

4.      I have taken the following actions during the pendency of the Receivership:

a.      opened and maintained a dedicated bank account for the receivership;

b.      obtained counsel to represent my interests as the receiver and the interests of the company;

c.      received bids for fencing work to secure the premises;

d.      investigated and participated in ongoing litigation relating to both the company and the premises involved in the receivership; and

e.      requested from all parties all books, files, records and accounts for the company that are in possession or control of the parties.

5.      To date, I have not received possession or control of any books, files, records, or accounts from any parties involved in the litigation. Since the parties have not yet relinquished control of any books, files, records or accounts related to the company, I have been unable to take any steps necessary to investigate the financial status of the company nor have I been able to take any steps to physically secure the property.

6.      I continue to encounter significant resistance from the parties as to the scope of work required in the receivership and the consequent fees and expenses necessary to carry out the obligations of the receiver as explained in the Order. Further, I have received correspondence from counsel for Gengwu Qiu instructing me to halt my work as receiver. I had planned to move forward protecting the interest of the company in ongoing litigation, install fencing on the perimeter of the property to formally secure the premise, and begin investigation into the current financial condition of the company and the potential options for the premises. However, due to current circumstances and resistance from the parties, I feel the court needs to instruct me as to certain items prior to moving forward with the receivership. Therefore, I have instructed my

counsel to file a Motion for Clarification of the Order of Appointment to further instruct me as to the scope of the receivership, my obligations and responsibilities as receiver, and as to the parties' responsibility for necessary expenses and fees.

_C. Nicholas Diez_

C. Nicholas Diez, CPA
As Receiver for Travel Home 1405, LLC
1341 44th Avenue North, Suite 103
Myrtle Beach, South Carolina 29577

Date: December 5, 2013

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | |
| Gengwu Qiu and Geng Min Qiu as | ) | Case No.: 0213-CP-26-04589 |
| Attorney in Fact, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Judy Tang a/k/a June Tang a/k/a Jun | ) | |
| Tang, Yuang Tang, Travel Home 1405, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants, | ) | |

## MOTION FOR CLARIFICATION AS TO ORDER APPOINTING RECEIVER

TO:    GENGWU QIU AND HIS ATTORNEY, HAMILTON OSBORNE, JR., GENG MIN QIU, AND HIS ATTORNEY, JAMES L. HILLS, AND JUDY TANG AND HER ATTORNEY GENE M. CONNELL, JR.

**YOU WILL PLEASE TAKE NOTICE** that C. Nicholas Diez, CPA, as receiver for Travel Home 1405, LLC, by and through his undersigned counsel, will move before the Presiding Judge of the Fifteenth Judicial Circuit at the Horry County Courthouse in Conway, South Carolina, on the tenth (10th) day after service hereof or as soon thereafter as the parties might be heard, pursuant to Rule 37 of the South Carolina Rules of Civil Procedure, for an Order Clarifying the Order of Appointment signed by the Honorable Larry B. Hyman, Jr. on November 6, 2013 and filed with the Horry County Clerk of Court on November 12, 2013.

## BACKGROUND

1.    Defendant Travel Home 1405, LLC, is a limited liability company created in and registered with the State of South Carolina. Travel Home 1405, LLC, owns the former

Sportsman Motor Inn, located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina (hereinafter "the premises").

2.    Plaintiff Gengwu Qiu allegedly owns a ninety percent (90%) share of Travel Home 1405, LLC.  Defendant Judy Tang allegedly owns a one percent (1%) share of Travel Home 1405, LLC.  Defendant Yuang Tan allegedly owns nine percent (9%) share of Travel Home 1405, LLC.

3.    The Honorable Larry B. Hyman, Jr., signed an Order appointing C. Nicholas Diez, CPA, as Receiver for the premises and the company in this litigation on November 6, 2013.  This Order required Mr. Diez to submit his findings on the financial condition of the premise and LLC within 30 days.  A copy of Order of Appointment is attached hereto as Exhibit 1.  A copy of the Receiver's Initial Report is attached hereto as Exhibit 2.

4.    The Order instructs the Receiver to take possession, custody and control of the premises, contracts, insurance policies, assets, files, papers, keys, accounts receivable, records, documents, licenses, permits, monies, securities, choses-in-action, and books of account that relate to the premises.  The Order also directs the Receiver to pay all reasonable necessary expenses for the preservation of the premises and the LLC. The Order authorizes the Receiver to contract with such individuals and entities as may be necessary to preserve, protect, supervise, operate and manage the premises and the LLC.  The Order further authorizes the Receiver to employ attorneys, accountants or other professionals if reasonably required and authorizes the Receiver to perform all necessary tasks reasonably necessary for the proper administration, conservation, maintenance, security, and protection of the premises and/or the LLC.

5.    The Order instructs that the Receiver shall present to the Plaintiffs and Defendants monthly financial reports which shall include all fees and expenses paid by the Receiver.

6.     To date, the Receiver has requested but has not received any books, files, records or account for the company that are in the possession of the parties. Further, upon current information and belief, there are no funds in any operating accounts for the company that would allow the Receiver to take actions to preserve and protect the LLC. Further, there is no agreement between the parties as to who will be responsible for the fees and expenses of the receiver.

7.     A Notice of Complaint has been filed against Travel Home 1405, LLC in the Court of Common Pleas in Horry County, South Carolina. This Notice of Complaint is captioned *Bruce Boulineau, Director/Chief Building Official for the City of Myrtle Beach v. Travel Home 1405, LLC, 401 14th Avenue South, Myrtle Beach, SC 29577*. This Notice of Complaint relates to alleged violations of the City of Myrtle Beach's Building Codes and Ordinances. A public hearing was held on December 4, 2013, relating to this Notice of Complaint. At this hearing, Mr. Boulineau granted a sixty (60) day continuance to allow the parties to determine the proper role of the receivership.

8.     Travel Home 1405, LLC, is currently a named Defendant in a mortgage foreclosure action filed in Court of Common Pleas in Horry County, South Carolina. The case is assigned civil action number 2013-CP-26-05966 and is captioned *Howard L. Pally a/k/a Howard L. Pallay v. Travel Home 1405, LLC*.

9.     Parties have not yet reached an agreement as to the role of Receiver in these accompanying lawsuits directly relate to the premises and the LLC.

10.    On December 2, 2013, the Honorable Steven John granted the motions of I.M. Skaugen Marine Services PTE, LTD to intervene in both this lawsuit and the above referenced

mortgage foreclosure action filed by Mr. Pally. A formal order granting these motions has yet to be signed by the court.

## RELIEF REQUESTED

1. The Receiver requests that the Court:

   a. Authorize the Receiver to engage counsel to appear and formally defend Travel Home 1405, LLC, in the lawsuits filed by the City of Myrtle Beach and Mr. Pally referenced above;

   b. Clarify how the fees and expenses of the Receiver will be apportioned and paid between the parties.

   c. Require the parties to pay $20,000 in into an Operating Account to serve as security for the Receiver and to allow the Receiver to pay necessary fees and expenses required to allow the Receiver to fulfill his duties under the current Order of Appointment. The Receiver will still be required to submit all invoices to the parties for their approval prior to paying these any fees or expenses, and the parties still will have 10 days to challenge any such expenses with the Court.

   d. Clarify the scope of the Receivership including the scope of the investigation of the Defendant's alleged misuse of assets and the Receiver's authority to institute necessary legal action against any parties, that through the Receiver's investigation, are believed to be involved in unlawful actions against the property and/or the company.

   e. Instruct the parties to immediately identify and turn over all contracts, insurance policies, assets, files, papers, keys, accounts receivable, records, documents,

licenses, permits, monies, securities, choses-in-action, and books of account that are in the parties' possession or control and relate to the premises;

f.   Allow the Receiver to immediately take necessary steps to physically secure the premise by installing a perimeter fence in the front and rear of the property.

WHEREFORE, the Receiver respectfully moves the Court for an order providing for the relief prayed for herein, and grant such other and further relief as the Court deems just and proper.

TURNER PADGET GRAHAM & LANEY, PA

Mark B. Goddard (S.C. Bar# 73965)
2411 North Oak Street, Suite 301
Myrtle Beach, SC 29577
Telephone: (843) 213-5542
mgoddard@TurnerPadget.com
Attorneys for C. Nicholas Diez, as Receiver for Travel Home 1405, LLC

Date: _December 5, 2013_

Exhibit 1

STATE OF SOUTH CAROLINA )
                                    )
COUNTY OF HORRY        )

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

)
Gengwu Qiu and Geng Min Qiu as )
Attorney in Fact, )
)
              **Plaintiffs,** )
vs. )
)
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC, )
             **Defendants.** )

ORDER APPOINTING RECEIVER
(not ending action)

CASE NO.: 2013-CP-26-04589

Hearing Date:
Hearing Judge:
Plaintiffs' Attorney:
Defendants' Attorney:
Court Reporter:

October 3, 2013
The Honorable Larry B. Hyman, Jr.
James L. Hills
Gene M. Connell, Jr.
Natalie Dahl

THIS MATTER CAME BEFORE THE COURT for a hearing on Plaintiffs' motion for a temporary injunction or to appoint a receiver. At the call of the case, Plaintiff Geng Min Qiu was present with attorney James L. Hills and Defendant Judy Tang was present with attorney Gene M. Connell, Jr. After reviewing the pleadings, affidavits, and other submissions of the parties, as well as hearing the argument of counsel and statement of the Plaintiff, I make the following findings of fact and conclusions of law pursuant to Rule 52 of the South Carolina Rules of Civil Procedure.

## FINDINGS OF FACT

1.     Defendant Travel Home 1405, LLC is a limited liability corporation created in and registered with the State of South Carolina. Its registered agent is Defendant Judy Tang.

2.     Plaintiff Gengwu Qiu owns a ninety percent (90%) share of Defendant Travel Home 1405, LLC.

3.       The instant case is a dispute in which Plaintiffs are alleging that Defendant Judy Tang misrepresented material facts and mismanaged the assets of the former Sportsman Motor Inn, a property now owned by Defendant Travel Home 1405, LLC. Because discrepancies exist, this Court believes that a third party is necessary to review the income, assets, expenditures, and overall financial situation of the corporation.

4.       The Court has reviewed the specific civil procedures regarding receivership in this state, which include South Carolina Rule of Civil Procedure 66 and §15-65-10 *et seq.* of the South Carolina Code, Annotated.

## CONCLUSIONS OF LAW

1.       Receivership: The premises at issue in this case – the former Sportsman Motor Inn located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina – and its owner corporation of Travel Home 1405, LLC are placed in receivership immediately upon the execution of this order. Mr. Diez, as receiver, shall have all powers available under South Carolina law, including those enumerated in South Carolina Rule of Civil Procedure 66 and §15-65-10 *et seq.* of the South Carolina Code, Annotated.

2.       Receiver: C. Nicholas Diez, CPA of 1341 44th Avenue North, Suite 103, Myrtle Beach, South Carolina is hereby appointed receiver over the premises and corporation. All communication to receiver shall be directed to receiver at the address stated above. Confirmation of general insurance coverage as to receiver or a bond of Twenty-Five Thousand ($25,000.00) Dollars shall be filed with the Court within seven (7) business days after the date on which this order is executed.

3.       Restraint: Immediately upon execution of this order, all parties, including their respective agents, representatives, and employees (and any other individuals or entities receiving

notice of this order), are restrained from disposing of, transferring, conveying, or otherwise encumbering the premises or books, files, records, and accounts relating to the premises and corporation, and they and all other parties having such books, files, records, and accounts in their possession or under their control are hereby directed to deliver the same to receiver.

4. Cooperation: All parties, including their respective agents, representatives, and employees, are ordered to cooperate with the receiver and appear at the receiver's address listed above in section 2 herein, at such reasonable times as may be required to sign such legal documents as may be reasonably necessary and to furnish such records as receiver may reasonably require. The parties are hereby ordered to cooperate reasonably with receiver at all times during the pendency of this receivership. If the parties are asked by the receiver to provide assistance to the receiver regarding any matters that could be performed by another party, the receiver may pay, in his discretion the reasonable costs, expenses, and fees (the "costs") of the parties incurred pursuant to receiver's requests out of such funds as may be in the receiver's possession. If the parties are the only individuals who legally can execute a document or identify the location of documents, accounts, or premises under the control of the receiver, such cooperation shall not entitle the parties to costs. Furthermore, the receiver shall make reasonable efforts to cooperate with parties in connection with marketing and sales efforts for the premises.

5. Income and Deposits: Parties, including their respective agents, representatives, and employees, and any other person receiving actual notice of the terms of this order, are hereby ordered and directed to pay to receiver all of the income and profits (both current and prepaid) that remain in such person's possession as of the date of this order or that are generated in the future, pending adjudication of the parties' rights thereto and subject to such other orders of this court as may be subsequently entered.

6.     Possession of Premises: Receiver shall take and have exclusive possession, custody, and control of the premises, contracts, insurance policies, assets, files, papers, keys, accounts receivable, records, documents, licenses, permits, monies, securities, choses-in-action, and books of account that relate to the premises, and shall retain custody of the same until further order of this Court. Parties and other persons and corporations now or hereafter in possession of the premises, or any part thereof, or any other of the items entrusted to the receiver as set forth herein, shall surrender such possession to the receiver immediately upon execution of this order.

7.     Operating Account: Receiver shall establish and/or maintain, at a banking or savings and loan institution located in South Carolina whose deposits are insured by the FDIC, a separate operating account ("the operating account') into which receiver shall deposit all receipts from the premises and corporation, and from which receiver shall disburse regularly and punctually (to the extent available) all amounts due and payable as are reasonable, necessary, and proper operating expenses of the premises and corporation, subject to the terms of this order.

8.     Costs: Receiver is hereby authorized, empowered, and directed to pay from the operating account all reasonable expenses necessary for the preservation of the premises and corporation including, but not limited to, the costs of all taxes, labor, insurance, equipment, and supplies which are necessary to the preservation of the premises and corporation, together with any expenditures authorized by the Court. Before entering into any contracts or authorizing any expenditures over a minor amount and/or outside the ordinary course of business, receiver shall notify all parties in writing of the proposed action, and the parties shall have ten (10) days to notify the Court of any objection and/or to seek relief from the Court if they disapprove of the proposed action.

9.      Operation: Receiver is hereby authorized, empowered, and directed to contract with such individuals and entities as may be necessary to preserve, protect, supervise, operate, and manage the premises and corporation. Receiver shall use his best efforts to operate the premises and corporation profitably, and to maintain the building, appurtenances, and grounds of the premises in accordance with customary standards for a business of its type.

10.     Collection of Income and Profits: Receiver is hereby authorized, empowered, and directed to enforce and collect all debts, accounts receivable, rents, or other obligations due and owing to or from the operation of the premises and/or the corporation.

11.     Insurance: Receiver is hereby authorized, empowered, and directed to maintain all policies of insurance or similar contracts affecting the premises and/or corporation in full force and effect and, if none exists, to insure the premises for its current fair market value against personal injury, property damage, and liability claims. Receiver shall maintain or purchase appropriate property insurance for the premises, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, and burglary and theft insurance, as well as any necessary weather related insurance due to its location. Defendant Travel Home 1405, LLC shall be listed as the insured and the loss payee on all such insurance policies. Receiver shall promptly investigate and provide Plaintiffs' and Defendants' counsel a full, prompt written report as to all serious and material accidents, claims for damage relating to the ownership, operation and maintenance of the premises, and any damage or destruction to the premises and the estimated cost of repair thereof, and shall prepare any and all reports required by any insurance company in connection therewith. All existing insurance coverage purchased by Defendants or by any other person, which is now in force for the protection of the premises, is hereby assigned to the receiver.

12.     Actions against Receiver: All persons, funds, corporations, associations, and
all other parties are hereby enjoined and restrained from commencing, maintaining, or otherwise
prosecuting any action at law or in equity against receiver during the pendency of the
receivership without prior leave of this Court.

13.     Default: Entry of this order shall not constitute a breach of default of any
contract relating to the premises or the corporation unless receiver expressly cancels such
contract.

14.     Employment of Professionals: Receiver may employ attorneys, accountants, or
other professionals if reasonably required to discharge its duties herein and shall, if necessary,
apply to this Court for instructions and advice if in doubt concerning its rights and
responsibilities as receiver.

15.     Sale of Mortgaged Premises: Receiver is authorized to sell, only with the
consent of the parties, the premises on commercially reasonable terms and conditions, upon
thirty (30) days' notice of such intent to sell to Plaintiffs' and Defendants' counsel and to the
Court, and subject to the Court's approval of such transaction. Plaintiffs or Defendants may
object to the proposed sale at any time after receipt of the notice of intent to sell from the
receiver, and the Court must rule upon such objection(s) prior to approving any sale. The parties
may consent to the sale of the premises, in writing, if such sale would not require notice beyond
the parties.

16.     Other Tasks: Receiver is hereby authorized, empowered, and directed to
perform all other tasks reasonably necessary for the proper administration conservation,
maintenance, security, and protection of the premises and/or corporation.

17.     Fees: At the end of each month, receiver shall present to Plaintiffs and Defendants monthly financial reports which shall include all fees and expenses paid by the receiver, including fees to receiver, which receiver shall pay in the ordinary course. Receiver shall be compensated at the rate of One Hundred Seventy-Five and no/100ths Dollars ($175.00) per hour. In the event Plaintiffs or Defendants object to the payment of any invoice contained in any receiver report, they may seek an order as to such payment or non-payment. The compensation of receiver shall be at the discretion of the Court and shall be finally determined by the Court.

18.     Legal Actions: Receiver is hereby authorized, empowered, and directed to apply to this Court for instructions and/or authorization should it seem to be necessary or desirable to sue or defend any legal action or otherwise compromise or settle same.

19.     Use and Maintenance of Premises: Receiver shall not permit the use of the premises for any purpose which may or will void any required policy of insurance, which may or will render any loss thereunder uncollectible, or which may or would be in violation of any law or government restriction.

20.     Records: Receiver shall maintain a comprehensive system of office records, books, and accounts concerning the operation of the premises and corporation. At all reasonable times, Plaintiffs, Defendants, and their respective agents, employees, or other representatives shall have reasonable access to such records, accounts, and books and to all vouchers, files, and all other material pertaining to the operation of the premises and corporation, all of which receiver agrees to keep safe, available, and separate from any records not having to do with the operation of the premises and corporation.

21.     Legal Requirements: Receiver shall ensure that all aspects of the premises, the corporation, and their operation and management comply with any and all laws, regulations, orders, or requirements affecting the premises and corporation issued by any federal, state, county, or municipal authority having jurisdiction thereover.

22.     Employment of Agents: Receiver is hereby authorized to employ agents, servants, and employees and to contract as necessary for the purpose of renting, operating, managing, preserving, protecting, and taking possession of the premises, and carrying out the terms of this Order. Receiver shall collect the rents, revenues, and profits generated from the premises and corporation on or after the date on which this order is executed, including those now due and unpaid, and those hereafter to become due.

23.     Termination of Receivership: Plaintiffs or any Defendant may apply to the Court for an entry of an order terminating the receivership or discharging receiver once the purpose set forth in the appointment of receiver through this order has been accomplished.

24.     Retention of Jurisdiction: This Court retains jurisdiction of this matter to enter such further orders as may be just and proper.

25.     Sheriff's Assistance: Receiver is authorized and empowered to obtain the assistance of the Sheriff's Department of the counties of this State in performing those duties and responsibilities enumerated herein.

**THEREFORE**, it is

**ORDERED** C. Nicholas Diez, CPA of 1341 44th Avenue North, Suite 103, Myrtle Beach, South Carolina shall be appointed as receiver of Travel Home 1405, LLC and the premises it owns at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina;

IT IS FURTHER ORDERED that this receivership is established for the purpose of obtaining financial information to include contributions by the parties, expenditures by the corporation, and any other relevant financial information that may assist the receiver and the Court in determining whether Defendant Judy Tang has mismanaged the company or engaged in any improper activity;

IT IS FURTHER ORDERED that this receivership shall exist according to the terms enumerated above, and that the receiver shall have all powers available under South Carolina law; and

IT IS FURTHER ORDERED that the receiver shall report back to the Court within thirty (30) days of his appointment as to the status of the financial condition of the premises and corporation.

AND IT IS SO ORDERED.

_____
Larry B. Hyman, Jr.
Presiding Judge of the Circuit Court
Fifteenth Judicial Circuit

Nov
~~October~~ 4, 2013
Conway, South Carolina

Exhibit 2

STATE OF SOUTH CAROLINA     )   IN THE COURT OF COMMON PLEAS
                                   )   FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY            )

Gengwu Qiu and Geng Min Qiu as   )   Case No.: 0213-CP-26-04589
Attorney in Fact,               )
                                   )
         Plaintiffs,        )
                                   )
v.                               )
                                 )
Judy Tang a/k/a June Tang a/k/a Jun  )
Tang, Yuang Tang, Travel Home 1405,  )
LLC,                          )
         Defendants,     )
                                 )

## RECEIVER'S INITIAL REPORT

The undersigned hereby submits his initial report in connection with the Receivership in the above captioned matter.

1.     Defendant Travel Home 1405, LLC is a limited liability company created in and registered with the State of South Carolina. Travel Home 1405, LLC owns the former Sportsman Motor Inn, located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina.

2.     Plaintiff Gengwu Qiu allegedly owns a ninety percent (90%) share of Travel Home 1405, LLC. Defendant Judy Tang allegedly owns a one percent (1%) share of Travel Home 1405, LLC. Defendant Yuang Tan allegedly owns nine percent (9%) share of Travel Home 1405, LLC.

3.     The Honorable Larry B. Hyman, Jr., signed an Order Appointing Receiver in this litigation on November 6, 2013. This Order appointed me, C. Nicholas Diez, CPA, as receiver for the premises and the corporation. This Order required me to submit my findings on the financial condition of the premise and corporation within 30 days.

4. I have taken the following actions during the pendency of the Receivership:

a. opened and maintained a dedicated bank account for the receivership;

b. obtained counsel to represent my interests as the receiver and the interests of the company;

c. received bids for fencing work to secure the premises;

d. investigated and participated in ongoing litigation relating to both the company and the premises involved in the receivership; and

e. requested from all parties all books, files, records and accounts for the company that are in possession or control of the parties.

5. To date, I have not received possession or control of any books, files, records, or accounts from any parties involved in the litigation. Since the parties have not yet relinquished control of any books, files, records or accounts related to the company, I have been unable to take any steps necessary to investigate the financial status of the company nor have I been able to take any steps to physically secure the property.

6. I continue to encounter significant resistance from the parties as to the scope of work required in the receivership and the consequent fees and expenses necessary to carry out the obligations of the receiver as explained in the Order. Further, I have received correspondence from counsel for Gengwu Qiu instructing me to halt my work as receiver. I had planned to move forward protecting the interest of the company in ongoing litigation, install fencing on the perimeter of the property to formally secure the premise, and begin investigation into the current financial condition of the company and the potential options for the premises. However, due to current circumstances and resistance from the parties, I feel the court needs to instruct me as to certain items prior to moving forward with the receivership. Therefore, I have instructed my

counsel to file a Motion for Clarification of the Order of Appointment to further instruct me as to the scope of the receivership, my obligations and responsibilities as receiver, and as to the parties' responsibility for necessary expenses and fees.

C. Nicholas Diez, CPA
As Receiver for Travel Home 1405, LLC
1341 44th Avenue North, Suite 103
Myrtle Beach, South Carolina 29577

Date: December 5, 2013

FORM 4

Mon.
#16

**STATE OF SOUTH CAROLINA**
**COUNTY OF HORRY**
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**
**CASE NUMBER** 2013CP2604589

| | |
|---|---|
| Gengwu Qiu          Geng Min Qiu | Judy Tang          June Tang<br>Jun Tang          Yuang Tang<br>Travel Home 1405 LLC |
| **PLAINTIFF(S)** | **DEFENDANT(S)** |

|  |
|---|
| **Submitted by: CLERK OF COURT** / **Attorney for:** ☐ Plaintiff ☐ Defendant ☐ Self-Represented Litigant |

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED (_CHECK REASON_):** ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other: _____

☐ **ACTION STRICKEN (_CHECK REASON_):** ☐ Rule 40(j) SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other: _____

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT (CHECK APPLICABLE BOX):**
☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other: _____

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order; (formal order to follow) ☐ Statement of Judgment by the Court:

**MOTION TO INTERVENE GRANTED. FORMAL ORDER TO FOLLOW BY ATTY SUMMERALL WITHIN 7 DAYS BY EMAIL. TO BE SERVED ON ALL COUNSEL.**

## ORDER INFORMATION

**This order** ☐ ends ☒ does not end the case.
Additional Information for the Clerk: _____

### INFORMATION FOR THE JUDGMENT INDEX

Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below.

| Judgment in Favor of<br>(List name(s) below) | Judgment Against<br>(List name(s) below) | Judgment Amount To be Enrolled<br>(List amount(s) below) |
|---|---|---|
| N/A | N/A | N/A |
| | | |
| | | |

If applicable, describe the property, including tax map information and address, referenced in the order:

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note: Title abstractors and researchers should refer to the official court order for judgment details.**

| | | |
|---|---|---|
| Circuit Court Judge   STEVEN H. JOHN | 2129 | 12/2/2013 |
| | Judge Code | Date |

## For Clerk of Court Office Use Only

This judgment was entered on , and a copy mailed first class or placed in the appropriate attorney's box on, to attorneys of record or to parties (when appearing pro se) as follows:

**James L. Hills** 4701 Oleander Drive  Myrtle Beach, SC 29577-5762

**HAMILTON OSBORNE, JR.** 1201 MAIN ST, 22ND FLOOR, COLUMBIA SC 29201

**Gene McCain Connell Jr.** PO Drawer 14547  Surfside Beach, SC 29587

**CHARLES P. SUMMERALL, IV**
P O BOX 999, CHARLESTON SC 29402

**MARK GODDARD**, RECEIVER

ATTORNEY(S) FOR THE PLAINTIFF(S)          ATTORNEY(S) FOR THE DEFENDANT(S)

Court Reporter   **KAY H. RICHARDSON**          **Melanie Huggins-Ward - Clerk of Court**

CPFORM4Cm
SCCA SCRCP Form 4C  (Revised 3/2013)

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY )

Gengwu Qiu and Geng Min Qiu as ) Case No.: 0213-CP-26-04589
Attorney in Fact, )
)
Plaintiffs, )
)
v. )
)
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC, )
)
Defendants, )
_____ )

## MOTION FOR CLARIFICATION AS TO ORDER APPOINTING RECEIVER

TO:    GENGWU QIU AND HIS ATTORNEY, HAMILTON OSBORNE, JR., GENG MIN
QIU, AND HIS ATTORNEY, JAMES L. HILLS, AND JUDY TANG AND HER ATTORNEY
GENE M. CONNELL, JR.

**YOU WILL PLEASE TAKE NOTICE** that C. Nicholas Diez, CPA, as receiver for

Travel Home 1405, LLC, by and through his undersigned counsel, will move before the

Presiding Judge of the Fifteenth Judicial Circuit at the Horry County Courthouse in Conway,

South Carolina, on the tenth (10th) day after service hereof or as soon thereafter as the parties

might be heard, pursuant to Rule 37 of the South Carolina Rules of Civil Procedure, for an Order

Clarifying the Order of Appointment signed by the Honorable Larry B. Hyman, Jr. on November

6, 2013 and filed with the Horry County Clerk of Court on November 12, 2013.

## BACKGROUND

1.    Defendant Travel Home 1405, LLC, is a limited liability company created in and

registered with the State of South Carolina. Travel Home 1405, LLC, owns the former

Sportsman Motor Inn, located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina (hereinafter "the premises").

2.     Plaintiff Gengwu Qiu allegedly owns a ninety percent (90%) share of Travel Home 1405, LLC. Defendant Judy Tang allegedly owns a one percent (1%) share of Travel Home 1405, LLC. Defendant Yuang Tan allegedly owns nine percent (9%) share of Travel Home 1405, LLC.

3.     The Honorable Larry B. Hyman, Jr., signed an Order appointing C. Nicholas Diez, CPA, as Receiver for the premises and the company in this litigation on November 6, 2013. This Order required Mr. Diez to submit his findings on the financial condition of the premise and LLC within 30 days. A copy of Order of Appointment is attached hereto as <u>Exhibit 1</u>. A copy of the Receiver's Initial Report is attached hereto as <u>Exhibit 2</u>.

4.     The Order instructs the Receiver to take possession, custody and control of the premises, contracts, insurance policies, assets, files, papers, keys, accounts receivable, records, documents, licenses, permits, monies, securities, choses-in-action, and books of account that relate to the premises. The Order also directs the Receiver to pay all reasonable necessary expenses for the preservation of the premises and the LLC. The Order authorizes the Receiver to contract with such individuals and entities as may be necessary to preserve, protect, supervise, operate and manage the premises and the LLC. The Order further authorizes the Receiver to employ attorneys, accountants or other professionals if reasonably required and authorizes the Receiver to perform all necessary tasks reasonably necessary for the proper administration, conservation, maintenance, security, and protection of the premises and/or the LLC.

5.     The Order instructs that the Receiver shall present to the Plaintiffs and Defendants monthly financial reports which shall include all fees and expenses paid by the Receiver.

6.     To date, the Receiver has requested but has not received any books, files, records or account for the company that are in the possession of the parties. Further, upon current information and belief, there are no funds in any operating accounts for the company that would allow the Receiver to take actions to preserve and protect the LLC. Further, there is no agreement between the parties as to who will be responsible for the fees and expenses of the receiver.

7.     A Notice of Complaint has been filed against Travel Home 1405, LLC in the Court of Common Pleas in Horry County, South Carolina. This Notice of Complaint is captioned *Bruce Boulineau, Director/Chief Building Official for the City of Myrtle Beach v. Travel Home 1405, LLC, 401 14th Avenue South, Myrtle Beach, SC 29577.* This Notice of Complaint relates to alleged violations of the City of Myrtle Beach's Building Codes and Ordinances. A public hearing was held on December 4, 2013, relating to this Notice of Complaint. At this hearing, Mr. Boulineau granted a sixty (60) day continuance to allow the parties to determine the proper role of the receivership.

8.     Travel Home 1405, LLC, is currently a named Defendant in a mortgage foreclosure action filed in Court of Common Pleas in Horry County, South Carolina. The case is assigned civil action number 2013-CP-26-05966 and is captioned *Howard L. Pally a/k/a Howard L. Pallay v. Travel Home 1405, LLC.*

9.     Parties have not yet reached an agreement as to the role of Receiver in these accompanying lawsuits directly relate to the premises and the LLC.

10.     On December 2, 2013, the Honorable Steven John granted the motions of I.M. Skaugen Marine Services PTE, LTD to intervene in both this lawsuit and the above referenced

mortgage foreclosure action filed by Mr. Pally. A formal order granting these motions has yet to be signed by the court.

## RELIEF REQUESTED

1.  The Receiver requests that the Court:

    a.  Authorize the Receiver to engage counsel to appear and formally defend Travel Home 1405, LLC, in the lawsuits filed by the City of Myrtle Beach and Mr. Pally referenced above;

    b.  Clarify how the fees and expenses of the Receiver will be apportioned and paid between the parties.

    c.  Require the parties to pay $20,000 in into an Operating Account to serve as security for the Receiver and to allow the Receiver to pay necessary fees and expenses required to allow the Receiver to fulfill his duties under the current Order of Appointment. The Receiver will still be required to submit all invoices to the parties for their approval prior to paying these any fees or expenses, and the parties still will have 10 days to challenge any such expenses with the Court.

    d.  Clarify the scope of the Receivership including the scope of the investigation of the Defendant's alleged misuse of assets and the Receiver's authority to institute necessary legal action against any parties, that through the Receiver's investigation, are believed to be involved in unlawful actions against the property and/or the company.

    e.  Instruct the parties to immediately identify and turn over all contracts, insurance policies, assets, files, papers, keys, accounts receivable, records, documents,

licenses, permits, monies, securities, choses-in-action, and books of account that are in the parties' possession or control and relate to the premises;

f.  Allow the Receiver to immediately take necessary steps to physically secure the premise by installing a perimeter fence in the front and rear of the property.

WHEREFORE, the Receiver respectfully moves the Court for an order providing for the relief prayed for herein, and grant such other and further relief as the Court deems just and proper.

TURNER PADGET GRAHAM & LANEY, PA

Mark B. Goddard (S.C. Bar# 73965)
2411 North Oak Street, Suite 301
Myrtle Beach, SC 29577
Telephone: (843) 213-5542
mgoddard@TurnerPadget.com
Attorneys for C. Nicholas Diez, as Receiver for
Travel Home 1405, LLC

Date: _December 5, 2013_

Exhibit 1

STATE OF SOUTH CAROLINA )
                                    )
COUNTY OF HORRY            )

                                        )
Gengwu Qiu and Geng Min Qiu as    )
Attorney in Fact,                   )
                                        )
                     Plaintiffs,      )
vs.                                       )
                                        )
Judy Tang a/k/a June Tang a/k/a Jun   )
Tang, Yuang Tang, Travel Home 1405,   )
LLC,                                  )
                   Defendants.     )

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

ORDER APPOINTING RECEIVER
(not ending action)

CASE NO.: 2013-CP-26-04589

Hearing Date:                October 3, 2013
Hearing Judge:             The Honorable Larry B. Hyman, Jr.
Plaintiffs' Attorney:        James L. Hills
Defendants' Attorney:     Gene M. Connell, Jr.
Court Reporter:           Natalie Dahl

THIS MATTER CAME BEFORE THE COURT for a hearing on Plaintiffs' motion for a temporary injunction or to appoint a receiver. At the call of the case, Plaintiff Geng Min Qiu was present with attorney James L. Hills and Defendant Judy Tang was present with attorney Gene M. Connell, Jr. After reviewing the pleadings, affidavits, and other submissions of the parties, as well as hearing the argument of counsel and statement of the Plaintiff, I make the following findings of fact and conclusions of law pursuant to Rule 52 of the South Carolina Rules of Civil Procedure.

## FINDINGS OF FACT

      1.      Defendant Travel Home 1405, LLC is a limited liability corporation created in and registered with the State of South Carolina. Its registered agent is Defendant Judy Tang.

      2.      Plaintiff Gengwu Qiu owns a ninety percent (90%) share of Defendant Travel Home 1405, LLC.

3.     The instant case is a dispute in which Plaintiffs are alleging that Defendant Judy Tang misrepresented material facts and mismanaged the assets of the former Sportsman Motor Inn, a property now owned by Defendant Travel Home 1405, LLC. Because discrepancies exist, this Court believes that a third party is necessary to review the income, assets, expenditures, and overall financial situation of the corporation.

4.     The Court has reviewed the specific civil procedures regarding receivership in this state, which include South Carolina Rule of Civil Procedure 66 and §15-65-10 *et seq.* of the South Carolina Code, Annotated.

## CONCLUSIONS OF LAW

1.     Receivership: The premises at issue in this case – the former Sportsman Motor Inn located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina – and its owner corporation of Travel Home 1405, LLC are placed in receivership immediately upon the execution of this order. Mr. Diez, as receiver, shall have all powers available under South Carolina law, including those enumerated in South Carolina Rule of Civil Procedure 66 and §15-65-10 *et seq.* of the South Carolina Code, Annotated.

2.     Receiver: C. Nicholas Diez, CPA of 1341 44th Avenue North, Suite 103, Myrtle Beach, South Carolina is hereby appointed receiver over the premises and corporation. All communication to receiver shall be directed to receiver at the address stated above. Confirmation of general insurance coverage as to receiver or a bond of Twenty-Five Thousand ($25,000.00) Dollars shall be filed with the Court within seven (7) business days after the date on which this order is executed.

3.     Restraint: Immediately upon execution of this order, all parties, including their respective agents, representatives, and employees (and any other individuals or entities receiving

notice of this order), are restrained from disposing of, transferring, conveying, or otherwise encumbering the premises or books, files, records, and accounts relating to the premises and corporation, and they and all other parties having such books, files, records, and accounts in their possession or under their control are hereby directed to deliver the same to receiver.

4.     Cooperation: All parties, including their respective agents, representatives, and employees, are ordered to cooperate with the receiver and appear at the receiver's address listed above in section 2 herein, at such reasonable times as may be required to sign such legal documents as may be reasonably necessary and to furnish such records as receiver may reasonably require. The parties are hereby ordered to cooperate reasonably with receiver at all times during the pendency of this receivership. If the parties are asked by the receiver to provide assistance to the receiver regarding any matters that could be performed by another party, the receiver may pay, in his discretion the reasonable costs, expenses, and fees (the "costs") of the parties incurred pursuant to receiver's requests out of such funds as may be in the receiver's possession. If the parties are the only individuals who legally can execute a document or identify the location of documents, accounts, or premises under the control of the receiver, such cooperation shall not entitle the parties to costs. Furthermore, the receiver shall make reasonable efforts to cooperate with parties in connection with marketing and sales efforts for the premises.

5.     Income and Deposits: Parties, including their respective agents, representatives, and employees, and any other person receiving actual notice of the terms of this order, are hereby ordered and directed to pay to receiver all of the income and profits (both current and prepaid) that remain in such person's possession as of the date of this order or that are generated in the future, pending adjudication of the parties' rights thereto and subject to such other orders of this court as may be subsequently entered.

6.    <u>Possession of Premises</u>: Receiver shall take and have exclusive possession, custody, and control of the premises, contracts, insurance policies, assets, files, papers, keys, accounts receivable, records, documents, licenses, permits, monies, securities, choses-in-action, and books of account that relate to the premises, and shall retain custody of the same until further order of this Court. Parties and other persons and corporations now or hereafter in possession of the premises, or any part thereof, or any other of the items entrusted to the receiver as set forth herein, shall surrender such possession to the receiver immediately upon execution of this order.

7.    <u>Operating Account</u>: Receiver shall establish and/or maintain, at a banking or savings and loan institution located in South Carolina whose deposits are insured by the FDIC, a separate operating account ("the operating account') into which receiver shall deposit all receipts from the premises and corporation, and from which receiver shall disburse regularly and punctually (to the extent available) all amounts due and payable as are reasonable, necessary, and proper operating expenses of the premises and corporation, subject to the terms of this order.

8.    <u>Costs</u>: Receiver is hereby authorized, empowered, and directed to pay from the operating account all reasonable expenses necessary for the preservation of the premises and corporation including, but not limited to, the costs of all taxes, labor, insurance, equipment, and supplies which are necessary to the preservation of the premises and corporation, together with any expenditures authorized by the Court. Before entering into any contracts or authorizing any expenditures over a minor amount and/or outside the ordinary course of business, receiver shall notify all parties in writing of the proposed action, and the parties shall have ten (10) days to notify the Court of any objection and/or to seek relief from the Court if they disapprove of the proposed action.

9.    Operation: Receiver is hereby authorized, empowered, and directed to contract with such individuals and entities as may be necessary to preserve, protect, supervise, operate, and manage the premises and corporation. Receiver shall use his best efforts to operate the premises and corporation profitably, and to maintain the building, appurtenances, and grounds of the premises in accordance with customary standards for a business of its type.

10.    Collection of Income and Profits: Receiver is hereby authorized, empowered, and directed to enforce and collect all debts, accounts receivable, rents, or other obligations due and owing to or from the operation of the premises and/or the corporation.

11.    Insurance: Receiver is hereby authorized, empowered, and directed to maintain all policies of insurance or similar contracts affecting the premises and/or corporation in full force and effect and, if none exists, to insure the premises for its current fair market value against personal injury, property damage, and liability claims. Receiver shall maintain or purchase appropriate property insurance for the premises, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, and burglary and theft insurance, as well as any necessary weather related insurance due to its location. Defendant Travel Home 1405, LLC shall be listed as the insured and the loss payee on all such insurance policies. Receiver shall promptly investigate and provide Plaintiffs' and Defendants' counsel a full, prompt written report as to all serious and material accidents, claims for damage relating to the ownership, operation and maintenance of the premises, and any damage or destruction to the premises and the estimated cost of repair thereof, and shall prepare any and all reports required by any insurance company in connection therewith. All existing insurance coverage purchased by Defendants or by any other person, which is now in force for the protection of the premises, is hereby assigned to the receiver.

12.     Actions against Receiver: All persons, funds, corporations, associations, and all other parties are hereby enjoined and restrained from commencing, maintaining, or otherwise prosecuting any action at law or in equity against receiver during the pendency of the receivership without prior leave of this Court.

13.     Default: Entry of this order shall not constitute a breach of default of any contract relating to the premises or the corporation unless receiver expressly cancels such contract.

14.     Employment of Professionals: Receiver may employ attorneys, accountants, or other professionals if reasonably required to discharge its duties herein and shall, if necessary, apply to this Court for instructions and advice if in doubt concerning its rights and responsibilities as receiver.

15.     Sale of Mortgaged Premises: Receiver is authorized to sell, only with the consent of the parties, the premises on commercially reasonable terms and conditions, upon thirty (30) days' notice of such intent to sell to Plaintiffs' and Defendants' counsel and to the Court, and subject to the Court's approval of such transaction. Plaintiffs or Defendants may object to the proposed sale at any time after receipt of the notice of intent to sell from the receiver, and the Court must rule upon such objection(s) prior to approving any sale. The parties may consent to the sale of the premises, in writing, if such sale would not require notice beyond the parties.

16.     Other Tasks: Receiver is hereby authorized, empowered, and directed to perform all other tasks reasonably necessary for the proper administration conservation, maintenance, security, and protection of the premises and/or corporation.

17.     Fees: At the end of each month, receiver shall present to Plaintiffs and Defendants monthly financial reports which shall include all fees and expenses paid by the receiver, including fees to receiver, which receiver shall pay in the ordinary course. Receiver shall be compensated at the rate of One Hundred Seventy-Five and no/100ths Dollars ($175.00) per hour. In the event Plaintiffs or Defendants object to the payment of any invoice contained in any receiver report, they may seek an order as to such payment or non-payment. The compensation of receiver shall be at the discretion of the Court and shall be finally determined by the Court.

18.     Legal Actions: Receiver is hereby authorized, empowered, and directed to apply to this Court for instructions and/or authorization should it seem to be necessary or desirable to sue or defend any legal action or otherwise compromise or settle same.

19.     Use and Maintenance of Premises: Receiver shall not permit the use of the premises for any purpose which may or will void any required policy of insurance, which may or will render any loss thereunder uncollectible, or which may or would be in violation of any law or government restriction.

20.     Records: Receiver shall maintain a comprehensive system of office records, books, and accounts concerning the operation of the premises and corporation. At all reasonable times, Plaintiffs, Defendants, and their respective agents, employees, or other representatives shall have reasonable access to such records, accounts, and books and to all vouchers, files, and all other material pertaining to the operation of the premises and corporation, all of which receiver agrees to keep safe, available, and separate from any records not having to do with the operation of the premises and corporation.

21.     Legal Requirements: Receiver shall ensure that all aspects of the premises, the corporation, and their operation and management comply with any and all laws, regulations, orders, or requirements affecting the premises and corporation issued by any federal, state, county, or municipal authority having jurisdiction thereover.

22.     Employment of Agents: Receiver is hereby authorized to employ agents, servants, and employees and to contract as necessary for the purpose of renting, operating, managing, preserving, protecting, and taking possession of the premises, and carrying out the terms of this Order. Receiver shall collect the rents, revenues, and profits generated from the premises and corporation on or after the date on which this order is executed, including those now due and unpaid, and those hereafter to become due.

23.     Termination of Receivership: Plaintiffs or any Defendant may apply to the Court for an entry of an order terminating the receivership or discharging receiver once the purpose set forth in the appointment of receiver through this order has been accomplished.

24.     Retention of Jurisdiction: This Court retains jurisdiction of this matter to enter such further orders as may be just and proper.

25.     Sheriff's Assistance: Receiver is authorized and empowered to obtain the assistance of the Sheriff's Department of the counties of this State in performing those duties and responsibilities enumerated herein.

**THEREFORE**, it is

**ORDERED** C. Nicholas Diez, CPA of 1341 44th Avenue North, Suite 103, Myrtle Beach, South Carolina shall be appointed as receiver of Travel Home 1405, LLC and the premises it owns at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina;

**IT IS FURTHER ORDERED** that this receivership is established for the purpose of obtaining financial information to include contributions by the parties, expenditures by the corporation, and any other relevant financial information that may assist the receiver and the Court in determining whether Defendant Judy Tang has mismanaged the company or engaged in any improper activity;

**IT IS FURTHER ORDERED** that this receivership shall exist according to the terms enumerated above, and that the receiver shall have all powers available under South Carolina law; and

**IT IS FURTHER ORDERED** that the receiver shall report back to the Court within thirty (30) days of his appointment as to the status of the financial condition of the premises and corporation.

**AND IT IS SO ORDERED.**

Larry B. Hyman, Jr.
Presiding Judge of the Circuit Court
Fifteenth Judicial Circuit

Nov
~~October~~ 4 , 2013
Conway, South Carolina

Exhibit 2

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY )

Gengwu Qiu and Geng Min Qiu as ) Case No.: 0213-CP-26-04589
Attorney in Fact, )
)
    Plaintiffs, )
)
v. )
)
Judy Tang a/k/a June Tang a/k/a Jun )
Tang, Yuang Tang, Travel Home 1405, )
LLC, )
    Defendants, )
)
_____ )

## RECEIVER'S INITIAL REPORT

    The undersigned hereby submits his initial report in connection with the Receivership in the above captioned matter.

    1.    Defendant Travel Home 1405, LLC is a limited liability company created in and registered with the State of South Carolina. Travel Home 1405, LLC owns the former Sportsman Motor Inn, located at 1405 South Ocean Boulevard, Myrtle Beach, South Carolina.

    2.    Plaintiff Gengwu Qiu allegedly owns a ninety percent (90%) share of Travel Home 1405, LLC. Defendant Judy Tang allegedly owns a one percent (1%) share of Travel Home 1405, LLC. Defendant Yuang Tan allegedly owns nine percent (9%) share of Travel Home 1405, LLC.

    3.    The Honorable Larry B. Hyman, Jr., signed an Order Appointing Receiver in this litigation on November 6, 2013. This Order appointed me, C. Nicholas Diez, CPA, as receiver for the premises and the corporation. This Order required me to submit my findings on the financial condition of the premise and corporation within 30 days.

4.    I have taken the following actions during the pendency of the Receivership:

a.    opened and maintained a dedicated bank account for the receivership;

b.    obtained counsel to represent my interests as the receiver and the interests of the company;

c.    received bids for fencing work to secure the premises;

d.    investigated and participated in ongoing litigation relating to both the company and the premises involved in the receivership; and

e.    requested from all parties all books, files, records and accounts for the company that are in possession or control of the parties.

5.    To date, I have not received possession or control of any books, files, records, or accounts from any parties involved in the litigation. Since the parties have not yet relinquished control of any books, files, records or accounts related to the company, I have been unable to take any steps necessary to investigate the financial status of the company nor have I been able to take any steps to physically secure the property.

6.    I continue to encounter significant resistance from the parties as to the scope of work required in the receivership and the consequent fees and expenses necessary to carry out the obligations of the receiver as explained in the Order. Further, I have received correspondence from counsel for Gengwu Qiu instructing me to halt my work as receiver. I had planned to move forward protecting the interest of the company in ongoing litigation, install fencing on the perimeter of the property to formally secure the premise, and begin investigation into the current financial condition of the company and the potential options for the premises. However, due to current circumstances and resistance from the parties, I feel the court needs to instruct me as to certain items prior to moving forward with the receivership. Therefore, I have instructed my

counsel to file a Motion for Clarification of the Order of Appointment to further instruct me as to the scope of the receivership, my obligations and responsibilities as receiver, and as to the parties' responsibility for necessary expenses and fees.


C. Nicholas Diez, CPA
As Receiver for Travel Home 1405, LLC
1341 44th Avenue North, Suite 103
Myrtle Beach, South Carolina 29577

Date: December 5, 2013

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | Civil Action No. 2013-CP-26-4589 |

Gengwu Qiu and Geng Min Qiu as Attorney )
in Fact,                                                        )
                         Plaintiff,          )
                                         )

               vs.                                   )

Judy Tang a/k/a June Tang a/k/a Jun Tang, )
Yuang Tang, Travel Home 1405, LLC,            )
                                         )
                     Defendant.       )
                                         )

**CERTIFICATE OF MAILING**

      Gayle Hawkins, an employee of Turner Padget Graham & Laney P.A., hereby certifies that on the 5th day of December, 2013, the foregoing Motion for Clarification as to Order Appointing Receiver and Receiver's Initial Report were served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, and properly addressed as follows:

Hamilton Osbourne, Jr. Esq.
Haynsworth Sinkler Boyd PA
1201 Main Street, 22nd Floor
Columbia, SC 29201-3232
Ph: (803) 540-7855; Fax: (803) 765-1243
hosbourne@hsblawfirm.com
**Attorney for Gengwu Qiu**

James L. Hills, Esquire
Hills & Hills, PC
4701 Oleander Drive
Myrtle Beach, SC 29577-5762
Ph: (843) 626-2600
jlh@hillsandhills.com
**Attorney for  Geng Min Qiu**

Gene M. Connell, Jr., Esq.
Kelaher, Connell & Connor, P.C.
P.O. Drawer 14547
Surfside Beach, SC 29587
Ph: (843) 238-5648; Fax: (843) 238-5050
gconnell@classactlaw.net
**Attorney for Defendant**

Charles P. Summerall, IV, Esq.
Womble Caryle Sandridge & Rice LLP
5 Exchange Street
P.O. Box 999
Charleston, SC  29402
Ph: (843) 722-3400; Fax: (843) 723-7398
csummerall@wcsr.com
**Attorneys for I. M. Skaugen Marine Services PTE, LTD,**

_____
Gayle Hawkins

STATE OF SOUTH CAROLINA
COUNTY OF HORRY

IN THE ☒COURT OF COMMON PLEAS
☐FAMILY COURT

Gengwu Qiu and Geng Min Qiu as Attorney-in-Fact,)
☐ Plaintiff                                                    )
v.                                                              )
Travel Home 1405, LLC, et al.                                  )
☒ Defendant.                                                   )
**check box above indicating submitting party** )

CASE NO. 2013-CP-26-4589

**MOTION INFORMATION FORM
AND COVER SHEET**

| Name, S.C. Bar no. and address of plaintiff's attorney | Name, S.C. Bar no. and address of defendant's attorney |
|---|---|
| **See attached sheet** | Mark B. Goddard, S.C. Bar # 73965<br>Turner Padget Graham & Laney P.A.<br>P.O. Box 2116, Myrtle Beach,SC 29578<br>Tel.: 843-213-5542;<br>mgoddard@turnerpadget.com<br>**Attorney for C. Nicholas Diez, as**<br>**Receiver for Travel Home 1405 LLC** |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II AND III)**

**SECTION I: Hearing Information**
Nature of Motion:   Motion for Clarification as to Order Appointing Receiver
Estimated Time Needed:   15 min.                      Court Reporter Needed:  yes

**SECTION II: Motion Type**
☒ Written motion attached
☐ Form Motion --
     I hereby move for relief or action by the court as set forth in the attached proposed order.

*Mark B. Goddard* _(signature)_                                December 5, 2013
Signature of Attorney for Receiver, Mark B. Goddard                      Date submitted

**SECTION III: Motion Fee**
☒ PAID – AMOUNT:$25
☐ EXEMPT:    ☐ Rule to Show Cause in Child or Spousal Support
(check reason)    ☐ Domestic Abuse or Abuse and Neglect
                 ☐ Indigent Status   ☐ State Agency v. Indigent Party
                 ☐ Sexually Violent Predator Act   ☐ Post-Conviction Relief
                 ☐ Motion for Stay in Bankruptcy
                 ☐ Motion for Publication   ☐ Motion for Execution (Rule 69, SCRCP)
     ☐ Proposed order submitted at request of the court; or,
          reduced to writing from motion made in open court per judge's instructions
          Name of Court Reporter:
          ☐ Other:

| **JUDGE'S SECTION** | _____ JUDGE |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order.<br>☐ Other: | CODE: _____ Date: _____ |

**CLERK'S VERIFICATION**

DATE FILED

Collected by: _____
                  (print name)

☐ MOTION FEE COLLECTED: _____
☐ CONTESTED – AMOUNT DUE: _____

SCCA/233 (11/03)

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | Civil Action No. 2013-CP-26-4589 |
| | ) | |
| Gengwu Qiu and Geng Min Qiu as Attorney | ) | |
| in Fact, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CERTIFICATE OF MAILING** |
| Judy Tang a/k/a June Tang a/k/a Jun Tang, | ) | |
| Yuang Tang, Travel Home 1405, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Gayle Hawkins, an employee of Turner Padget Graham & Laney P.A., hereby certifies

that on the 5ᵗʰ day of December, 2013, the foregoing Motion for Clarification as to Order

Appointing Receiver and Receiver's Initial Report were served on counsel of record by

depositing a copy of same in the United States Mail, postage prepaid, and properly addressed as

follows:

Hamilton Osbourne, Jr. Esq.
Haynsworth Sinkler Boyd PA
1201 Main Street, 22ⁿᵈ Floor
Columbia, SC 29201-3232
Ph: (803) 540-7855; Fax: (803) 765-1243
hosbourne@hsblawfirm.com
**Attorney for Gengwu Qiu**

James L. Hills, Esquire
Hills & Hills, PC
4701 Oleander Drive
Myrtle Beach, SC 29577-5762
Ph: (843) 626-2600
jlh@hillsandhills.com
**Attorney for  Geng Min Qiu**

Gene M. Connell, Jr., Esq.
Kelaher, Connell & Connor, P.C.
P.O. Drawer 14547
Surfside Beach, SC 29587
Ph: (843) 238-5648; Fax: (843) 238-5050
gconnell@classactlaw.net
**Attorney for Defendant**

Charles P. Summerall, IV, Esq.
Womble Caryle Sandridge & Rice LLP
5 Exchange Street
P.O. Box 999
Charleston, SC  29402
Ph: (843) 722-3400; Fax: (843) 723-7398
csummerall@wcsr.com
**Attorneys for I. M. Skaugen Marine
Services PTE, LTD,**

_Gayle Hawkins_
Gayle Hawkins

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY )

GENGWU QIU AND GENG MIN ) CASE NO.: 2013-CP-26-4589
QIU AS ATTORNEY IN FACT, )
)
Plaintiffs, )
)
vs. ) ORDER GRANTING MOTION
) TO INTERVENE OF I.M. SKAUGEN
JUDY TANG a/k/a JUNE TANG, ) MARINE SERVICES PTE. LTD.
a/k/a JUN TANG, YUANG TANG, )
TRAVEL HOME 1405, LLC, )
)
Defendants. )
_____ )

        This matter came before the Court for hearing on December 2, 2013 upon the Motion to

Intervene ("Motion") filed by I.M. Skaugen Marine Services PTE. LTD ("Skaugen"). At the

hearing, counsel for the Defendants, as well as counsel for Nicholas Diez, the recently appointed

Receiver for Travel Home 1405, LLC, stated that they did not oppose Skaugen's Motion.

        The Plaintiffs are thus the only parties opposing Skaugen's Motion. Skaugen asserts

rights as the holder of a judgment exceeding $10,000,000.00 against Geng Min Qiu. Skaugen

asserts other rights and interests including, without limitation, preliminary injunction and lien

rights ordered by the United States District Court for the District of New Jersey in Civil Action

No. 3:13-CV-02596 (MAS) (DEA) (the "New Jersey Action").

        Having duly considered the record in this matter, including the New Jersey District

Court's Orders entered in the New Jersey Action, and having considered the arguments and

presentations by counsel, the Court concludes that Skaugen's Motion is timely and that proper

grounds exist for Skaugen's intervention in this action. Skaugen claims interests relating to the

1 of 3

property and transactions which are the subject of this suit, and Skaugen is so situated that the disposition of this action may as a practical matter impair or impede Skaugen's ability to protect its asserted interests; Skaugen's asserted interests are not adequately represented by existing parties. Accordingly, Skaugen is entitled to intervene in this action as of right pursuant to S.C.R.C.P. Rule 24(a)(2).

The Court further concludes that Skaugen should be permitted to intervene in this action under Rule 24(b)(1) and (b)(2). Rule 24(b)(1) permits intervention when a statute confers a conditional right to intervene. This action includes a request for determination of the parties' rights under the Uniform Declaratory Judgments Act. Section 15-53-80 states that, in declaratory judgment actions, "all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ." Under the circumstances of this case, the statute confers upon Skaugen a conditional right to intervene in this action since Skaugen claims interests which would be affected by a declaratory judgment rendered in this lawsuit.

In addition, Skaugen's claims and defenses have questions of law or fact in common with the main action. Accordingly, pursuant to Rule 24(b)(2), this Court concludes that Skaugen should be permitted to intervene in this action. Skaugen's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties to this action.

Accordingly, it is hereby ORDERED that:

1.     The Motion is granted and Skaugen is hereby authorized to intervene in this action;

2.     Skaugen may proceed to file and serve its proposed Answer, Counterclaims, and Cross-Claims and otherwise participate as a defendant in this action; and

3.     The caption of this case is hereby amended to add Skaugen as a party defendant.

Page **2** of **3**

**AND IT IS SO ORDERED.**

_(signature)_

Steven H. John
Resident Judge
Fifteenth Judicial Circuit

December _9_, 2013

Conway, South Carolina

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | ) | FIFTEENTH JUDICIAL CIRCUIT |

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                           )    FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY            )

GENGWU QIU AND GENG MIN    )    CASE NO.: 2013-CP-26-4589
QIU AS ATTORNEY IN FACT,   )
                           ).
        Plaintiffs,        )
                           )
vs.                        )    ANSWER, COUNTERCLAIMS, and
                           )    CROSS-CLAIMS OF INTERVENOR
JUDY TANG a/k/a JUNE TANG  )    DEFENDANT I.M. SKAUGEN MARINE
a/k/a JUN TANG, YUANG TANG, )   SERVICES PTE. LTD.
TRAVEL HOME 1405, LLC, and )
I.M. SKAUGEN MARINE        ).
SERVICES PTE. LTD.,        )
                           )
        Defendants.        )
_____)

I.M. Skaugen Marine Services Pte. Ltd. ("Skaugen"), having been allowed to intervene in

this action by an Order of this Court, alleges and says as follows:

INTRODUCTION

1.    Skaugen has intervened in this action to protect its rights and interests and to

ensure that any relief granted herein is consistent with, and subject to, Skaugen's rights as the

holder of a Judgment (defined below) exceeding $10,000,000 against Plaintiff Geng Min Qiu,

who is also known as Gengmin Qiu and Qiu Gengmin, and other rights under applicable law.

Skaugen's rights and interests include, without limitation, the Preliminary Injunction (defined

below) and lien rights ordered by the United States District Court for the District of New Jersey,

Skaugen's right to obtain a Charging Order and other relief pursuant to S.C. Code Section 33-44-

504, and other rights and remedies.

AS AN ANSWER TO THE COMPLAINT

2.    Skaugen lacks knowledge or information pertaining to certain allegations in both

the Plaintiffs' Complaint and the counterclaims asserted by the other Defendants against the

Plaintiffs. Skaugen denies each and every allegation of Plaintiffs' Complaint, as well as the other Defendants' counterclaims, that is not specifically admitted herein, or that is inconsistent with Skaugen's rights and interests in this action.

3. Responding to paragraphs 1-104, Skaugen denies any allegations that are inconsistent with Skaugen's position, as further described in its Counterclaims, that Geng Min Qiu was and is a 90% member of the Defendant Travel Home 1405, LLC, also known as TravelHome 1405, LLC.

4. Skaugen is not required to respond further to paragraphs 1-104 of the Complaint, as the Plaintiffs' Causes of Action assert claims against Defendants other than Skaugen. Skaugen requests that this Court determine the rights and interest of the parties to this action and declare appropriate relief, consistent with, and subject to, Skaugen's rights and interests.

<u>FURTHER ANSWERING THE COMPLAINT AND AS</u>
<u>AFFIRMATIVE DEFENSES THERETO</u>
<u>AFFIRMATIVE DEFENSE #1</u>
(PRIORITY OF INTEREST)

5. Any relief granted to the Plaintiffs and/or any of the other Defendants should be subject to Skaugen's rights and interests under the Judgment, the Preliminary Injunction, Section 33-44-504, and other applicable laws.

<u>AFFIRMATIVE DEFENSE #2</u>
(ACTUAL OR CONSTRUCTIVE FRAUDULENT TRANSFER)

6. The Plaintiffs' assertions in this action are subject to Skaugen's position, as further described in the Counterclaims below, that Geng Min Qiu is the 90% member of Travel Home 1405, LLC.

2

## AFFIRMATIVE DEFENSE #3
### (ESTOPPEL)

7.     The Plaintiffs are estopped from asserting any claims or positions inconsistent with Skaugen's rights and remedies under the Judgment, the Preliminary Injunction, Section 33-44-504, and other applicable laws.

## AFFIRMATIVE DEFENSE #4
### (PRECLUSION)

8.     The Plaintiffs are precluded from asserting any claims or positions inconsistent with Skaugen's rights and remedies under the Judgment, the Preliminary Injunction, Section 33-44-504, and other applicable laws.

## AFFIRMATIVE DEFENSE #5
### (UNCLEAN HANDS)

9.     The Plaintiffs are barred by the doctrine of unclean hands from asserting any claims or positions inconsistent with Skaugen's rights and remedies under the Judgment, the Preliminary Injunction, Section 33-44-504, and other applicable laws.

## COUNTERCLAIMS AND CROSS-CLAIMS

Skaugen, by way of counterclaims against the Plaintiffs, and by way of cross-claims against the other Defendants Judy Tang, aka June Tang, aka Jun Tang ("Judy Tang"), Yuang Tang, and Travel Home 1405, LLC, alleges as follows:

## BACKGROUND

1.     At all times relevant to this action, Skaugen was a creditor of Geng Min Qiu.

2.     Skaugen holds a Judgment against Geng Min Qiu which, with accruing interest, exceeds $10,000,000.  Geng Min Qiu's debt obligations to Skaugen were initially awarded in international arbitration proceedings in Hong Kong.

3.      Skaugen subsequently brought a proceeding in the United States District Court for the District of New Jersey, Civil Action Number 3:13-CV-02596(MAS)(DEA), to confirm Skaugen's arbitration awards against Geng Min Qiu.

4.      On July 22, 2013, the New Jersey District Court entered its Order confirming Skaugen's arbitration awards against Geng Min Qiu and directing that final judgment (the "Judgment") be entered against Geng Min Qiu in the amount of $9,644,971.79, together with interest and other charges as further described in the July 22, 2013 Order.

5.      Also in its July 22, 2013 Order, the New Jersey District Court awarded Skaugen relief in the form of a Preliminary Injunction against Geng Min Qiu, who is referred to in the Order as the "Respondent", and others (the "Preliminary Injunction"). Specifically, the New Jersey District Court ordered that:

> ... (i) Respondent, his agents, employees, attorneys, and other persons acting on his behalf are hereby restrained and enjoined from transferring, conveying, selling, encumbering or dissipating, in any manner, any property or assets owned by him or in which he may have an interest; and (ii) the Preliminary Injunction shall act as a lien, mortgage or other encumbrance on the assets of Respondent in the amount of $9,644,971.79, including but not limited to Respondent's interest in the real property owned, in whole or in part, by Respondent, located at 17 Norton Road, East Brunswick, New Jersey and 8 Drift Street, New Brunswick, New Jersey, and Petitioner [Skaugen] may file the Preliminary Injunction with the secretary of state(s) and/or Clerks of the counties, municipalities, townships, parishes, cities, and/or wherever else the Respondent's property may be located; and (iii) Respondent and his agents, employees, attorneys and other persons acting on his behalf are ordered to render to Petitioner a full and complete accounting of all assets owned by him and/or in which he may have an interest ....

6.      In a subsequent Order to Show Cause filed on August 5, 2013, the New Jersey District Court ordered that the Preliminary Injunction is to be continued through twenty-one days "after appeals in this matter (if any) have been exhausted."

4

7.  By subsequent Order filed on October 25, 2013, the New Jersey District Court ordered, pursuant to 28 U.S.C. Section 1963, that Skaugen be permitted to register the Judgment in any district outside of New Jersey, including but not limited to South Carolina, during the pendency of Geng Min Qiu's appeal of the Judgment. The October 25, 2013 Order noted that Geng Ming Qiu had not posted a supersedeas bond to stay execution of the Judgment pending resolution of his appeal.

8.  On November 5, 2013, Skaugen registered the Judgment in the United States District Court for the District of South Carolina, Florence Division. Attached hereto as a composite Exhibit 1, and incorporated herein by reference, are copies of the documents filed by Skaugen in connection with registering the Judgment in the South Carolina District Court. The composite Exhibit 1 includes, without limitation, copies of the New Jersey District Court's orders filed on July 22, August 5, and October 25, 2013.

9.  On November 7, 2013, Skaugen registered and enrolled the Judgment in the Horry County Court of Common Pleas. Attached hereto as a composite Exhibit 2, and incorporated herein by reference, are copies of all documents filed by Skaugen in connection with registering the Judgment in this Court including, without limitation, the Transcript of Judgment and a Writ of Execution stamped "Nulla Bona" by the Horry County Sheriff.

10. Skaugen has received no payment from Geng Min Qiu or anyone else in reduction of the Judgment, and the entire amount of the Judgment remains due and owing by Geng Min Qiu to Skaugen. The outstanding balance owed exceeds $10,000,000, and interest continues to accrue on the Judgment.

<u>PARTIES AND JURISDICTION</u>

11.     Skaugen is a corporation organized under the laws of the Republic of Singapore, with its primary place of business in Singapore.

12.     Upon information and belief, Geng Min Qiu is a citizen of the People's Republic of China, who is admitted for residency in the United States and who resides in New Jersey and/or New York.

13.     Upon information and belief, Gengwu Qiu is a citizen and resident of the People's Republic of China, and is the brother of Geng Min Qiu.

14.     Upon information and belief, Judy Tang is a resident of Horry County, South Carolina.

15.     Upon information and belief, Yuang Tang is a resident of Horry County, South Carolina, and is the daughter of Judy Tang.

16.     The Defendant Travel Home 1405, LLC is a limited liability company organized and existing under the laws of the State of South Carolina.  Travel Home 1405, LLC owns the property which is the subject of this action (the "<u>Property</u>"), which is located in Horry County, South Carolina.

17.     This Court has jurisdiction of the subject matter and all of the parties to this action.

<u>FOR A FIRST COUNTERCLAIM AGAINST THE PLAINTIFFS AND
CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS</u>
(ACTUAL FRAUDULENT CONVEYANCE)

18.     Skaugen realleges the allegations contained in the foregoing paragraphs as if restated verbatim herein.

19.     In 2005, Skaugen, originally named Norgas Carriers Pte Ltd., contracted with shipbuilder Taizhou Wuzhou Ship Industrial Co., Ltd. ("Wuzhou") for the construction of three

6

oceangoing vessels, respectively bearing Hull Nos. WZL0501, WZL0502, WZL0503, and referred to by the parties as WG#1, WG#2, and WG#3 (the "Vessels"). Zhejiang Changda Import and Export Co., Ltd. ("Changda") – of which, upon information and belief, Geng Min Qiu is or was the majority shareholder and ultimate beneficial owner and legal representative – was hired to act as the agent to handle equipment import, ship export, and other customs formalities.

20.     At all times relevant to this action Geng Min Qiu controlled Changda and was its legal representative.

21.     With respect to each of the three Vessels, the parties' obligations were set out in various agreements, collectively referred to herein as the "Contracts."

22.     Among the contracts was an Agency Agreement between Changda and Skaugen that addressed Changda's responsibilities as import/export agent for each Vessel.

23.     As part of each Agency Agreement, Geng Min Qiu executed a personal letter of guarantee (each a "Guarantee"). In each Guarantee, Geng Min Qiu personally guaranteed all the liabilities of Changda relating to the Contracts.

24.     The Contracts required Changda to apply for a Value Added Tax ("VAT") refund after delivery of each Vessel. Once Changda received the VAT refund, it was obligated to arrange for those funds to be transferred to Skaugen and Wuzhou pursuant to the terms of the Contracts.

**A.      Geng Min Qiu Misappropriates Skaugen's
         Portion of the VAT Refund and Flees China**

25.     On January 25, 2010, after export and delivery of WG#2, Changda received a VAT refund totaling RMB 25,113,530.92 (approximately USD $3.7 million). Skaugen was

7

entitled to approximately USD $2.1 million (the "Skaugen VAT Refund"), with the remainder due to the shipyard.

26.     Changda received the Skaugen VAT Refund as Skaugen's agent and, according to the Agreements, at all times the Skaugen VAT Refund belonged to Skaugen. Nevertheless, Changda failed to transfer the Skaugen VAT Refund to Skaugen.

27.     Instead, over the course of several months, Geng Min Qiu misappropriated and thereafter transferred USD $1,926,935.90, including part of the Skaugen VAT Refund, into a bank account in the United States for his own benefit.

28.     The total of these three transfers was approximately USD $1,926,935.90.

29.     Mr. Qiu fled to the United States on or about February 9, 2010.

30.     In financial disclosures and, an October 23, 2013, letter to the New Jersey District Court, Geng Min Qiu admitted transferring the USD $1.9 million into the United States.

31.     On July 16, 2010, the Taizhou Public Prosecution Office approved an arrest warrant for Mr. Qiu on charges of "Contract Fraud and Flight of Capital Contribution."

32.     As part of Mr. Qiu's plan to appropriate the Skaugen VAT Refund for himself, and obtain other money from Skaugen with respect to WG#3, Changda failed to perform its contractual obligations to Skaugen.

33.     Changda intentionally did not assist with customs or other export formalities of WG#3 as required under the Contracts.

34.     Because Changda failed to assist with these formalities, WG#3 was forced to lay at anchorage in or around the Taizhou shipyard for a substantial period. As a result, Skaugen incurred significant expenses, including docking fees, crew, fuel, insurance and security costs, maintenance costs, and lost revenue.

**B.** **Skaugen Commences Arbitrations, and**
**Geng Min Qiu Engages in Fraudulent Transfers**
**In Connection with Travel Home 1405**

35.    On January 26, 2011, Skaugen instituted Hong Kong arbitration proceedings against Changda over its breaches of its agreements with Skaugen concerning WG#3 (the "WG#3 Changda Arbitration").

36.    On January 18, 2012, Skaugen instituted a Hong Kong arbitration against Changda with respect to its failure to pay over the Skaugen VAT Refund for WG#2.  On the same day, Skaugen also commenced proceedings against Geng Min Qiu to personally repay those funds based upon his Guarantee (collectively referred to as the "WG#2 Arbitrations").

37.    The Articles of Organization of Travel Home 1405, LLC were filed with the South Carolina Secretary of State on January 23, 2012.  At the time of formation, Geng Min Qiu was a member holding a 90% interest in Travel Home 1405, LLC.  Attached hereto as Exhibit 3, and incorporated herein by reference, is a copy of a January 9, 2012 e-mail from Jay Haar, the lawyer who handled the formation of Travel Home 1405, LLC.  Exhibit 3, which has been redacted regarding the parties' Social Security Numbers, clearly evidences Geng Min Qiu's 90% member interest in Travel Home 1405, LLC.

38.    On March 7, 2012, the arbitrator made an award in the WG#3 Proceedings against Changda in the amount of USD $7,051,117.25 plus interest (the "WG#3 Changda Award").

39.    On April 19, 2012, Skaugen instituted Hong Kong arbitration proceedings to collect on the WG#3 Changda Award against Mr. Qiu personally based on his Guarantee.

**C.    Geng Min Qiu Purports to Transfer His Interest to Gengwu Qiu**

40.    By Assignment of Membership Interest dated December 13, 2012, a copy of which is attached hereto as Exhibit 4 and incorporated herein by reference, Geng Min Qiu purported to assign and transfer his 90% interest in Travel Home 1405, LLC (the "90% Interest")

9

to his brother, Gengwu Qiu. The purported transfer of Geng Min Qiu's 90% Interest in Travel Home 1405, LLC to Gengwu Qiu is referred to herein as the "Transfer".

41.     Also on December 13, 2012, Gengwu Qiu purportedly signed a Proxy appointing Geng Min Qiu as Proxy with full power to vote and act for Gengwu Qiu. A copy of the purported Proxy is attached hereto as Exhibit 5 and incorporated herein by reference.

42.     On March 22, 2013, the arbitrator in Hong Kong issued an award against Geng Min Qiu based on his guarantee of Changda's obligations concerning WG#3 (the "WG#3 QGM Award"). The WG#3 QGM Award found Mr. Qiu personally liable, under his personal guarantee, for the amount of the WG#3 Changda Award, and awarded Skaugen USD $7,051,117.25 plus interest, attorneys fees and arbitration expenses.

43.     On April 24, 2013, Skaugen brought a Petition in the United States District Court for the District of New Jersey to confirm the WG#3 QGM Award.

44.     On April 25, 2013, the Hong Kong arbitrator issued a separate award against Geng Min Qiu based on his guarantee of Changda's obligations concerning WG#2 (the "WG#2 QGM Award") in the amount of USD $2,285,278.49 plus interest, attorneys fees and arbitration expenses.

45.     On May 29, 2013, Skaugen brought a Supplemental Petition to Confirm Arbitration Award and for Entry of Judgment to confirm the WG#2 QGM Award.

46.     On July 22, 2013, the District Court entered the Judgment confirming the WG#2 QGM Award and the WG#3 QGM Award. The amount of the Judgment on the Awards is USD $9,644,971.79 plus interest and costs.

47.     Skaugen is informed and believes that the purported Transfer of Geng Min Qiu's 90% Interest to Gengwu Qiu was made with the actual intent to, and in order to, delay, hinder, or defraud Skaugen, as a creditor of Geng Min Qiu.

48.     The purported Transfer of the 90% Interest was not bona fide and was made with actual fraudulent intent, in violation of S.C. Code Section 27-23-10.

49.     The Transfer includes numerous indicia or badges of fraud, as recognized by the South Carolina Courts to infer fraud, including, but not limited to, the following:

    a.      Lack of consideration for the Transfer;

    b.      The family relationship between the Transferor and Transferee;

    c.      Secrecy and concealment;

    d.      Departure from the normal course of business;

    e.      The reservation of benefit to the Transferor; and

    f.      Insolvency of the Transferor.

50.     The actual intent of the Transferor, Geng Min Qiu, to delay, hinder, or defraud Skaugen, as a creditor of Geng Min Qiu, was shared by, and/or is imputed to, Gengwu Qiu as the Transferee.

51.     Geng Min Qiu was indebted to Skaugen at the time of the Transfer, and remains indebted to Skaugen as described in the Judgment.

52.     As a result of the purported Transfer of his 90% Interest, Geng Min Qiu has failed to retain sufficient property or assets to pay Skaugen in full.

53.     Skaugen has been damaged by the purported Transfer of the 90% Interest, and the Transfer is void pursuant to Section 27-23-10.

WCSR 31443550v1

54. The other Defendants, Judy Tang, Yuang Tang, and Travel Home 1405, LLC, are made parties to this cause of action to the extent they may claim any rights pertaining to the 90% Interest, which rights, if any, are subject and subordinate to Skaugen's rights and interests.

<u>FOR A SECOND COUNTERCLAIM AGAINST THE PLAINTIFFS AND
CROSS-CLAIM AGAINST THE OTHER DEFENDANTS</u>
(CONSTRUCTIVE FRAUDULENT/VOLUNTARY CONVEYANCE)

55. Skaugen realleges and reiterates the allegations contained in the foregoing paragraphs as if restated verbatim herein.

56. Geng Min Qiu was indebted to Skaugen at the time of the purported Transfer of his 90% Interest to Gengwu Qiu.

57. Upon information and belief, the purported Transfer of the 90% Interest was made for no or nominal consideration and thus was voluntary.

58. As result of the purported Transfer of the 90% Interest, Geng Min Qiu failed to retain sufficient property to pay Skaugen in full.

59. Skaugen has been damaged by the purported Transfer of the 90% Interest, and the Transfer is void pursuant to S.C. Code Section 27-23-10.

60. The other Defendants, Judy Tang, Yuang Tang, and Travel Home 1405, LLC, are made parties to this cause of action to the extent they may claim any rights pertaining to the 90% Interest, which rights, if any, are subject and subordinate to Skaugen's rights and interests.

<u>FOR A THIRD COUNTERCLAIM AGAINST THE PLAINTIFFS AND
CROSS-CLAIM AGAINST THE OTHER DEFENDANTS</u>
(DECLARATORY JUDGMENT)

61. Skaugen realleges and reiterates the allegations contained in the foregoing paragraphs as if restated verbatim herein.

62. Pursuant to the South Carolina Uniform Declaratory Judgments Act, Section 15-53-10 et seq., Skaugen requests a declaratory judgment from the Court determining the claims,

12

rights, and interests of all of the parties to this action relating to Travel Home 1405, LLC and the subject Property.

63. In addition to declaring that Geng Min Qiu's purported Transfer of his 90% Interest to Gengwu Qiu is void, Skaugen requests that this Court issue a Charging Order and lien in favor of Skaugen on the 90% distributional Interest of Geng Min Qiu pursuant to Section 33-44-504. In addition to ordering that all monies and proceeds relating to the 90% distributional Interest be applied towards Skaugen's Judgment, Skaugen further requests that the Court, pursuant to Section 33-44-504, make all other orders, directions, accounts, and inquiries in favor of Skaugen which Geng Min Qiu might have made and/or which the circumstances may require to give effect to the Charging Order and protect Skaugen's rights and interests.

64. Skaugen requests that this Court further determine and insure that all relief granted to any party in this action is consistent with, and subject to, Skaugen's rights and interests under the Judgment, the Preliminary Injunction, and other applicable laws.

WHEREFORE, Skaugen prays for the following relief:

A. With respect to its claims for Actual Fraudulent Conveyance and Constructive Fraudulent/Voluntary Conveyance, an Order setting aside and voiding the purported Transfer of the 90% Interest, such that the 90% Interest is in the name of Geng Min Qiu;

B. With respect to the claim for Declaratory Judgment, an Order declaring and determining the parties' claims, rights, and interests in Travel Home 1405, LLC and the subject Property, and as further described above; and

C.     For such other and further relief as this Court deems just and proper.

_Charles P. Summerall IV_
Charles P. Summerall, IV, Esq. (S.C. Bar No. 5433)
WOMBLE CARLYLE SANDRIDGE & RICE LLP
5 Exchange Street
P.O. Box 999
Charleston, SC 29402
Telephone:  (843) 722-3400
Fax:  (843) 723-7398
csummerall@wcsr.com

ATTORNEYS FOR I.M. SKAUGEN MARINE SERVICES
PTE. LTD.

Bruce G. Paulsen, Esq. (*pro hac vice* application to be submitted)
Jeffrey M. Dine, Esq. (*pro hac vice* application to be submitted)
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, New York 10004
(212) 574-1200
*paulsen@sewkis.com*
*dine@sewkis.com*

OF COUNSEL

December 10, 2013

WCSR 31443550v1

## Civil and Miscellaneous Initial Pleadings
3:13-av-99999-CIV Plaintiff v. Defendant

### U.S. District Court

### District of South Carolina

## Notice of Electronic Filing

The following transaction was entered by Summerall, Charles on 11/5/2013 at 1:15 PM EST and filed on 11/5/2013
**Case Name:**        Plaintiff v. Defendant
**Case Number:**    3:13-av-99999-CIV
**Filer:**
**Document Number:** 1964

**Docket Text:**
**REGISTRATION of Foreign Judgment. ( Filing fee $ 46 receipt number 0420-5023206).**
**(Attachments: # (1) Exhibit July 19, 2013 Order, # (2) Exhibit August 2, 2013 Order)**
**Summerall, Charles)**


**3:13-av-99999-CIV Notice has been electronically mailed to:**


**3:13-av-99999-CIV Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=11/5/2013] [FileNumber=5846237-0
] [a2046b205a205a81bdcaad7cbaa8885db77b756bb00ed4357ea08272a9fb4826909
88fb4d3e2cb3bf52e3be07f7a2be41ace1a92caa0a6396a0a4f5c70b85004]]
**Document description:**Exhibit July 19, 2013 Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=11/5/2013] [FileNumber=5846237-1
] [b35fbedad0770a9f06a50c8e7bc9841c00c5ca260dff5b0d629c174b8506b4cf977
e44f106346e70b7f553fff6661377244fe34822d60ae11c61761e181433c2]]
**Document description:**Exhibit August 2, 2013 Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=11/5/2013] [FileNumber=5846237-2
] [64b1ccf58cc21c2ac74872a0c84327e870b6ebd6c49bb5776cf32dd80a34f3cde4c
f6d0f3262d7132fd09c52e7fdf16b7aef2d51e25688c926911f64fe18763b]]



AO 451 (Rev. 01/09)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| I.M. SKAUGEN MARINE SERVICES PTE. LTD. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-2596 |
| QIU GENGMIN | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 7/19/13 & 8/2/13

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:    10/29/2013

**WILLIAM T. WALSH**

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| I.M. SKAUGEN MARINE SERVICES PTE. LTD., | : |
| Petitioner, | : |
| v. | : Civil Action No. 13-2596 (MAS) (DEA) |
| QIU GENGMIN, | : **ORDER** |
| Respondent. | : |

    On April 24, 2013, Petitioner, I.M. Skaugen Marine Services Pte. Ltd. ("Petitioner"), brought its Petition to Confirm Arbitration Award and for Entry of Judgment (ECF No. 1) (the "Petition"), with respect to an arbitration award duly executed on March 22, 2013 (the "Award"), in favor of Petitioner against Respondent Qiu Gengmin ("Respondent"). In connection with the Petition, on April 24, 2013, Petitioner moved by Order to Show Cause for preliminary injunctive relief against Respondent pursuant to Federal Rule of Civil Procedure ("Rule") 65 (ECF No. 2) (the "Preliminary Injunction" motion) to prevent Respondent from transferring any assets, and sought emergency temporary relief in connection therewith.

    On April 24, 2013, this Court entered the Order to Show Cause (ECF No. 6), granting Petitioner's request for emergency temporary injunctive relief, and set a return date for May 8, 2013, which the Court subsequently adjourned to July 1, 2013. On May 16, 2013, Respondent opposed the Petition by way of Affidavit Statement (ECF Nos. 20-22), and moved for "Rule 12(b) Summary Dismissal" of the Petition and the request for Preliminary Injunction. (ECF No. 20) ("Purported Dismissal Motion").

    On May 16, 2013, Respondent brought a Rule 12(f) Motion to Strike (ECF No. 23) (the "Motion to Strike") with respect to certain exhibits attached to the Certification of Yongnan Tong in Support of Petitioner's Motion for Confirmation and Attachment (ECF No. 3), Petitioner filed its

papers in opposition on May 29, 2013 (ECF No. 29), and Respondent filed its reply papers on June 12, 2013. (ECF No. 33.)

On May 29, 2013, Petitioner filed a combined memorandum of law in further support of its Petition and motion for a Preliminary Injunction, and in opposition to the Purported Dismissal Motion. (ECF No. 30.) On May 29, 2013, Petitioner also filed its Supplemental Petition to Confirm Arbitration Award and for Entry of Judgment (ECF No. 27-13) (the "Supplemental Petition") with respect to an arbitration award duly executed on April 25, 2013 (the "Second Award") in favor of Petitioner against Respondent, to which Respondent filed papers in opposition on June 17, 2013. (ECF No. 36.)

On June 17, 2013, Respondent moved to vacate the Award and the Second Award (the "Motion to Vacate"). (ECF No. 37.) Petitioner filed its combined reply papers in further support of the Second Petition and in response to the Purported Motion to Vacate on June 24, 2013 (ECF No. 46.). On June 30, 2013, Respondent filed an Answer and asserted counterclaims against Petitioner with respect to the Petition (ECF No. 47) (the "Counterclaims"). This Court heard oral argument on July 1, 2013.

On July 10, 2013, Respondent filed a Motion for Reconsideration and moved to vacate the Court's decisions regarding the Petition, Supplemental Petition, Preliminary Injunction, Respondent's Motion to Strike, and Respondent's "Rule 26 Motion." Despite Respondent's improper filing, requiring termination of the Motion for Reconsideration by the Clerk's Office, this Court has considered the merits of the Motion.

Having reviewed and considered the Parties' submissions, oral arguments, and for other good cause having been shown,

IT IS on this 19th day of July 2013, ORDERED that:

1. The Petition is granted (i) confirming the Award duly executed on March 22, 2013, for the full amount contained therein; and (ii) the Clerk is hereby directed to enter

final judgment in the amount of USD $7,086,465.60, plus daily interest of $1,545.46 calculated from April 6, 2012, until the date of payment; and

2. The Supplemental Petition is granted (i) confirming the Second Award duly executed on April 25, 2013, for the full amount contained therein; and (ii) the Clerk is hereby directed to enter final judgment in the amount of USD $2,558,506.19, plus daily interest of $438.27 calculated from January 26, 2010, until the date of final payment; and

3. The Preliminary Injunction is granted and continued for 21 days from the date of entry of this judgment against Respondent and (i) Respondent, his agents, employees, attorneys, and other persons acting on his behalf are hereby restrained and enjoined from transferring, conveying, selling, encumbering or dissipating, in any manner, any property or assets owned by him or in which he may have an interest; and (ii) the Preliminary Injunction shall act as a lien, mortgage or other encumbrance on the assets of Respondent in the amount of $9,644,971.79, including but not limited to Respondent's interest in the real property owned, in whole or in part, by Respondent, located at 17 Norton Road, East Brunswick, New Jersey and 8 Drift Street, New Brunswick, New Jersey, and Petitioner may file the Preliminary Injunction with the secretary of state(s) and/or Clerks of the counties, municipalities, townships, parishes, cities, and/or wherever else the Respondent's property may be located; and (iii) Respondent and his agents, employees, attorneys and other persons acting on his behalf are ordered to render to Petitioner a full and complete accounting of all assets owned by him and/or in which he may have an interest within 14 days of the entry of this Order; and

3

4. Respondent's Dismissal Motion, Motion to Strike, Rule 26 Motion and Motion to Vacate, to the extent they have been properly made, are DENIED in full; and

5. Respondent's Counterclaims are dismissed with prejudice as moot.

6. Respondent's Motion to Stay is DENIED in PART and GRANTED in PART. The Court DENIES Respondent's Motion to Stay pending appeal as to the preliminary injunction, pursuant to Rule 62(c), and GRANTS Respondent's Motion to Stay as to the execution of the judgments regarding the Petition and Supplemental Petition to Confirm Arbitration Award, pursuant to Rule 62(d). The Court also WAIVES the supersedeas bond requirement for Respondent, given the preliminary injunction. *See Montalvo v. Larchmont Farms, Inc.*, No. 06-2704 (RBK), 2011 WL 6303247, at *1 (D.N.J. Dec. 15, 2011) (stating that the Court has discretion to waive the Rule 62(d) bond requirement "where there exists an alternative means of securing the judgment"). Finally, Respondent's Motion to Stay as to the order to render to Petitioner an accounting of assets is DENIED.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By
Deputy Clerk

4

Case 3:13-cv-02596-MAS-DEA   Document 58   Filed 08/05/13   Page 1 of 2 PageID: 1517

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| I.M. SKAUGEN MARINE SERVICES PTE. LTD., | : |
| Petitioner, | : |
| v. | : |
| QIU GENGMIN, | : |
| Respondent. | : |

Civil Action No. 13-2596 (MAS) (DEA)

### ORDER TO SHOW CAUSE

This matter comes before the Court upon correspondence filed by Petitioner I.M. Skaugen Marine Services Pte. Ltd. ("Petitioner"). (ECF Nos. 55-56.) Petitioner's correspondence raised three issues: (1) a request that the Court extend the Preliminary Injunction included in the July 22, 2013 Order (ECF No. 54) to include a period of 21 days after any appeals have been exhausted and final judgment entered; (2) a request that the Court require a supersedeas bond of the Respondent; and (3) an allegation that Respondent has allegedly transferred assets in violation of the April 25, 2013 temporary restraining order (ECF No. 6).

Having heard and considered the Parties' oral arguments by telephone, relevant submissions and for other good cause having been shown,

IT IS on this 2nd day of August 2013, ORDERED that:

1. The Parties and counsel, including Mr. Fong Joe Hou, Esq., and Respondent Mr. Qiu Gengmin, shall appear on Wednesday, August 7, 2013 at 11:30 a.m. before the Court to determine the necessity and potential amount of a supersedeas bond and to show cause as to why contempt or other appropriate sanctions should not be ordered. Submissions from each party shall be filed by August 5, 2013 by 5:00 p.m.

Case 3:13-cv-02596-MAS-DEA    Document 58    Filed 08/05/13    Page 2 of 2 PageID: 1518

2.  The July 22, 2013 Order is amended as follows: The Preliminary Injunction is to be

continued through 21 days after any final judgment is entered after appeals in this

matter (if any) have been exhausted.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

2

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy
of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK

By
Deputy Clerk

## Other Documents

4:13-mc-00433-CIV IM Skaugen Marine Services PTE LTD v. Gengmin **CASE CLOSED on 11/05/2013**

CLOSED

### U.S. District Court

### District of South Carolina

**Notice of Electronic Filing**

The following transaction was entered by Summerall, Charles on 11/5/2013 at 3:32 PM EST and filed on 11/5/2013

Case Name:       IM Skaugen Marine Services PTE LTD v. Gengmin
Case Number:     4:13-mc-00433-CIV
Filer:
WARNING: CASE CLOSED on 11/05/2013
Document Number:3

**Docket Text:**
**Additional Attachments to Main Document [1] Registration of Foreign Judgment. First attachment description: Notice of Filing Additional Documents . (Attachments: # (1) Exhibit)(Summerall, Charles)**

**4:13-mc-00433-CIV Notice has been electronically mailed to:**

Charles Pelot Summerall , IV    csummerall@wcsr.com, nbeaulieu@wcsr.com

**4:13-mc-00433-CIV Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=11/5/2013] [FileNumber=5846749-0
] [6083be6d0dfc9f36eca8f864afe0febc5094b58b04c8fc7c4288868bd32f6a0986b
3a86ef9038ecbc7db80943ba6ed5517210ded7706b8e168b0f3c0e69361bd]]
**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=11/5/2013] [FileNumber=5846749-1
] [b8b03188594cde408db024b132d5eac9946942d032d36d4acff0c24fec1b2d2e747
dd4777c853bafa255ce3a465bb837d9819e24548386d01bbe8533670d5384]]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| I.M. SKAUGEN MARINE SERVICES PTE. LTD., | ) ) ) |
| Petitioner, | ) ) Civil Action No. 4:13-mc-00433-cv |
| v. | ) ) ) |
| QIU GENGMIN, | ) ) |
| Respondent. | ) ) |

### Notice of Filing of Additional Documents

### Relating to Registration of Foreign Judgment

Attached hereto are the Certification of Kristoffer S. Burfitt, Esq. and the Exemplification Certificate with attached Order dated October 25, 2013, which are being filed herewith.

Dated: November 5, 2013

/s/ Charles P. Summerall IV
Charles P. Summerall, IV, Esq.
District Court I.D. No. 4385
WOMBLE CARLYLE SANDRIDGE & RICE
5 Exchange Street (29401)
P.O. Box 999
Charleston, SC 29402
Ph. (843) 722-3400
Facsimile: (843) 723-7398

ATTORNEYS FOR I.M. SKAUGEN
MARINE SERVICES PTE. LTD

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 993-8100
Attorneys for Petitioner
*I.M. Skaugen Marine Services Pte, Ltd.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| I.M. SKAUGEN MARINE SERVICES PTE. LTD.,<br><br>              Petitioner,<br><br>vs.<br><br>QIU GENGMIN,<br><br>              Respondent. | Civil Action No.: 13-cv-2596 (MAS/DEA)<br><br>**CERTIFICATION OF**<br>**KRISTOFFER S. BURFITT, ESQ.** |

I, Kristoffer S. Burfitt, Esq., of full age, hereby certify as follows:

1.      I am an associate with the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for petitioner, I.M. Skaugen Marine Services Pte., Ltd. ("Skaugen"). I am one of the attorneys responsible for handling this matter; as such, I am fully familiar with the facts set forth in this certification.

2.      On April 24, 2013, Skaugen filed a Notice of Petition to confirm an international arbitration award entered in its favor and against respondent, Qiu Gengmin ("Respondent").

3.      On May 29, 2013, Skaugen filed a Notice of Supplemental Petition to confirm a second international arbitration award entered in its favor against Respondent.

4.      On July 19, 2013, the Honorable Michael A. Shipp, U.S.D.J. granted both of Skaugen's petitions and entered judgment in Skaugen's favor and against Respondent in the amount of $9,644,971.79, plus interest. The July 19, 2013, Order also included a Preliminary Injunction and lien that extended for 21 days following execution of the Order. The July 19,

2013, Order was posted on the District Court's ECF system on July 22, 2013, and is sometimes referred to by the Court as the July 22, 2013, Order.

5.    On August 2, 2013, Judge Shipp amended the July 19, 2013, Order by extending the Preliminary Injunction to last until 21 days after any final judgment is entered after all appeals in this matter have been exhausted.

6.    Respondent filed his appeal of Judge Shipp's decisions with the United States Court of Appeals for the Third Circuit on August 16, 2013.

7.    On October 25, 2013, Judge Shipp signed an Order pursuant to 28 U.S.C. § 1963 permitting registration of the July 22, 2013, judgments in any district outside of New Jersey, including, but not limited to, the Districts of South Carolina and Massachusetts.

8.    On October 29, 2013, I spoke with the Clerk's office in the District of New Jersey and requested that they execute an amended Form AO 451 that would reflect that (1) an appeal was pending before the Third Circuit, but (2) due to Judge Shipp's October 25, 2013, Order, the July 22, 2013, judgments could nevertheless be registered in any district outside of New Jersey.

9.    The Clerk's office informed me that, due to Judge Shipp's October 25, 2013, Order, they would execute the Form AO 451 as-is, without alteration.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 4, 2013

_____
Kristoffer S. Burfitt

2

AO 132 (Rev. 12/03) Exemplification Certificate

# UNITED STATES DISTRICT COURT

For the _____ District of _____ New Jersey

## EXEMPLIFICATION CERTIFICATE

I, _____ William T. Walsh _____, Clerk of this United States District Court, keeper of the records and seal, certify that the attached documents:

ORDER TO REGISTER JUDGMENT IN ANOTHER DISTRICT
CIVIL ACTION NO. 13-2596

are true copies of records of this Court.

In testimony whereof I sign my name and affix the seal of this Court, in this District, at
Trenton _____ on _____ 10/28/2013

City _____ Date

# WILLIAM T. WALSH    *Jauria Campbell*

Clerk _____ (By) Deputy Clerk

I, _____ Michael A. Shipp, U.S.D.J. _____, a Judicial Officer of this Court, certify that _____ William T. Walsh _____, named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal, and that this certificate, and the attestation of the record, are in accordance with the laws of the United States.

_____ 10/28/2013 _____    *M a Shipp*

Date _____ Signature of Judge

_____ Michael A. Shipp, U.S.D.J.

Title

I, _____ William T. Walsh _____, Clerk of this United States District Court, keeper of the seal, certify that the Honorable _____ Michael A. Shipp, U.S.D.J. _____,

Judge

named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judge's official signature and know and certify the above signature to be that of the Judge.

In testimony whereof I sign my name, and affix the seal of this Court at
Trenton _____ in this State, on _____ 10/28/2013

City _____ Date

# WILLIAM T. WALSH    *Jauria Campbell*

Clerk _____ (By) Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

I.M. SKAUGEN MARINE SERVICES           :
PTE. LTD.,                              :
                                       :
            Petitioner,                :
                                       :
      v.                               :     Civil Action No. 13-2596 (MAS) (DEA)
                                       :
QIU GENGMIN,                           :              **ORDER**
                                       :
            Respondent.                :
                                       :

On July 22, 2013, this Court entered Judgments in favor of Petitioner I.M. Skaugen Marine Services Pte. Ltd. ("Skaugen"), and against Respondent Qui Gengmin ("Respondent"), in the sum of $9,644,971.79, plus post-judgment interest. Respondent's appeal of the Judgments is currently pending before the Court of Appeals for the Third Circuit. This Court ordered Respondent to post a supersedeas bond of $1,926,935.90 to stay execution of the Judgments pending resolution of his appeal. Respondent has not posted the bond.

Skaugen now seeks an Order pursuant to 28 U.S.C. § 1963 permitting registration of the July 22, 2013 Judgments in districts outside of New Jersey during the pendency of Respondent's appeal.

Accordingly, good cause having been shown,

IT IS on this 25th day of October 2013, **ORDERED** that:

1.   Skaugen may register this Court's July 22, 2013 Judgment in any district outside of New Jersey, including but not limited to the Districts of South Carolina and Massachusetts.

2.   Skaugen shall serve a copy of this Order on all Parties within 7 days of filing.

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy
of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____
        Deputy Clerk

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

## Service of Process:
4:13-mc-00433-CIV IM Skaugen Marine Services PTE LTD v. Gengmin **CASE CLOSED on 11/05/2013**

CLOSED

### U.S. District Court

### District of South Carolina

## Notice of Electronic Filing

The following transaction was entered by Summerall, Charles on 11/6/2013 at 2:58 PM EST and filed on 11/6/2013

| | |
|---|---|
| **Case Name:** | IM Skaugen Marine Services PTE LTD v. Gengmin |
| **Case Number:** | 4:13-mc-00433-CIV |
| **Filer:** | IM Skaugen Marine Services PTE LTD |

**WARNING: CASE CLOSED on 11/05/2013**

Document Number: 4

**Docket Text:**
**CERTIFICATE OF SERVICE by IM Skaugen Marine Services PTE LTD re [1] Registration of Foreign Judgment, [3] Additional Attachments to Main Document, (Summerall, Charles)**

**4:13-mc-00433-CIV Notice has been electronically mailed to:**

Charles Pelot Summerall , IV     csummerall@wcsr.com, nbeaulieu@wcsr.com

**4:13-mc-00433-CIV Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=11/6/2013] [FileNumber=5848187-0
] [ae31d742725510a49f7bd73adfe98a6e6679253e430ecde9e8ca6af641ad7ba295e
d1ff4050569daf6601bbadb986877152c2ad75ff89901af666257ae07b5bd]]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| I.M. SKAUGEN MARINE SERVICES PTE. LTD.,<br><br>                Petitioner,<br><br>      v.<br><br>QIU GENGMIN,<br><br>                Respondent. | )<br>)<br>)<br>)  Civil Action No. 4:13-mc-00433-cv<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

      I do hereby certify that on the 6th day of November, 2013, I served a copy of the within *Clerk's Certification of a Judgment to be Registered in Another District and the Notice of Filing Additional Documents Relating to Registration of Foreign Judgment* on the Respondent, Qiu Gengmin in the within entitled matter by sending a copy of the same by United States First Class Mail and Certified Mail Return Receipt Requested addressed to:

Qiu Gengmin
17 Norton Road
East Brunswick, NJ 08816

Dated: November 6, 2013

                    By: /s/ Charles P. Summerall, IV
                       Charles P. Summerall, IV, Esq.
                       District Court I.D. No. 4385
                       WOMBLE CARLYLE SANDRIDGE & RICE
                       5 Exchange Street (29401)
                       P.O. Box 999
                       Charleston, SC 29402
                       Ph. (843) 722-3400
                       Facsimile: (843) 723-7398

                       ATTORNEYS FOR I.M. SKAUGEN
                       MARINE SERVICES PTE. LTD

STATE OF SOUTH CAROLINA ）
）
COUNTY OF HORRY ）
）
I.M. Skaugen Marine Services Pte. Ltd., ）
Plaintiff(s) ）
）
vs. ）
）
Qiu Gengmin a/k/a/ Gengmin Qiu a/k/a Geng ）
Min Qiu, ）
Defendant(s) ）

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

2013-CP- 26- 7425

Submitted By: Charles P. Summerall, IV
Address: P.O. Box 999, Charleston, SC 29402-0999

SC Bar #: 5433
Telephone #: 843-722-3400
Fax #: 843-723-7398
Other:
E-mail: csummerall@wcsr.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.　　☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts – Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☒ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | Compensation Settlement | ☐ Other (999) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | Approval (780) | |
| | an Out-of-County Action (660) | ☐ Other (799) | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _Charles P. Summerall IV_　　Date: November 7, 2013

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.



EXHIBIT
2

# TRANSCRIPT OF JUDGMENT

## UNITED STATES DISTRICT COURT
for the
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| I.M. Skaugen Marine Services PTE. Ltd., | ) | Civil Action No. 4:13-mc-00433-CIV |
| | ) | |
| Petitioner, | ) | *2013 CP 26 7425* |
| | ) | |
| v. | ) | |
| | ) | |
| Qiu Gengmin, | ) | |
| | ) | |
| Respondent. | ) | |

*2013 NOV -7 AM 10: 20*
*FILED ... COUNTY*
*ELAINE HUGGINS-WARD*
*CLERK OF COURT*

Names of parties against whom judgment has been obtained and their attorney(s):

Qiu Gengmin a/k/a Gengmin Qiu a/k/a Geng Min Qiu

Names of parties in whose favor judgment has been obtained and their attorney(s):

I.M. Skaugen Marine Services PTE. Ltd.

Charles P. Summerall, IV
Womble Carlyle Sandridge & Rice, LLP
P.O. Box 999
Charleston, SC 29402-0999
(843) 722-3400

Counsel of Record

| JUDGMENT OF COSTS | | |
|---|---|---|
| Amount of Judgment *(a) $7,086,465.60 plus interest of | | $ 9,644,971.79* |
| Costs        $1,545.46 per day from 4/6/12 and | | $ |
| Interest      (b) $2,558,506.19 plus interest of | | $ |
| TOTAL       $438.27 per day from 1/26/10 | | $ 9,644,971.79* |
| Entered on the 22nd day of July, 2013. | | |

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF HORRY         )   CASE NO. 2013-CP-26- _7425_
                        )
I.M. Skaugen Marine Services Pte. )
Ltd.,                   )       **WRIT OF EXECUTION ON**
                        )           **JUDGMENT**
                        )
    Petitioner/ Judgment Creditor, )   Date Judgment filed: **July 22, 2013**
                        )   Date Transcript of Judgment filed:
    vs.                 )       **November 7, 2013**
                        )   Amount of Judgment: **$9,644,971.79**
Qiu Gengmin a/k/a Gengmin Qiu a/k/a )        (plus interest)
Geng Min Qiu,           )
                        )
    Respondent/ Judgment Debtor. )

**TO THE SHERIFF OF HORRY COUNTY:**

Judgment was entered on July 22, 2013 against Qiu Gengmin, a/k/a Gengmin Qiu a/k/a Geng Min Qiu (the "**Judgment Debtor**"), in favor of I.M. Skaugen Marine Services Pte. Ltd. ("**Skaugen**") in the amount set forth above, together with interest and any other amounts accruing pursuant to the Judgment, and a Transcript of the Judgment has been entered in the Judgment Roll filed in the Office of the Clerk of Court for the County of Horry. A true and correct copy of the Transcript of Judgment filed with the Horry County Clerk of Court is attached hereto as **Exhibit "A"** (the "**Judgment**").

Therefore, we request that you satisfy the amount of the Judgment owed out of the personal property of the said Judgment Debtor within Horry County, or if sufficient personal property cannot be found, then out of the real property in Horry County belonging to the Judgment Debtor on the day when the judgment was docketed in Horry County or at any time thereafter in whomsoever's possession it may be, and return this Execution according to law to the Clerk of Court of Horry County.

WOMBLE CARLYLE SANDRIDGE & RICE LLP

_Charles P. Summerall IV_
Charles P. Summerall, IV (S.C. Bar No. 5433)
5 Exchange Street
P.O. Box 999
Charleston, SC 29402
(843) 722-3400

ATTESTED BY:

_Melanie Huggins-Ward_
Horry County Clerk of Court
This _7th_ day of November, 2013

ATTORNEYS FOR I.M. SKAUGEN MARINE
SERVICES PTE. LTD.

2013 NOV -7 AM 10: 32

HORRY COUNTY
SHERIFF'S OFFICE

Returned Nulla Bona per Plaintiff's Attorney's request.

_Christopher R. pleasham_   11/7/13

Deputy                        Date

# TRANSCRIPT OF JUDGMENT

## UNITED STATES DISTRICT COURT
for the
### DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| I.M. Skaugen Marine Services PTE. Ltd., | ) | Civil Action No. 4:13-mc-00433-CIV |
| | ) | *2013 CP 26 7425* |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Qiu Gengmin, | ) | |
| | ) | |
| Respondent. | ) | |

*2013 NOV -7 AM 10: 20*
*FILED ... COUNTY*
*MELANIE HUGGINS-WARD*
*CLERK OF COURT*

Names of parties against whom judgment has been obtained and their attorney(s):

Qiu Gengmin a/k/a Gengmin Qiu a/k/a Geng Min Qiu

Names of parties in whose favor judgment has been obtained and their attorney(s):

I.M. Skaugen Marine Services PTE. Ltd.

Charles P. Summerall, IV
Womble Carlyle Sandridge & Rice, LLP
P.O. Box 999
Charleston, SC 29402-0999
(843) 722-3400

Counsel of Record

| JUDGMENT OF COSTS | |
|---|---|
| Amount of Judgment *(a) $7,086,465.60 plus interest of | $ 9,644,971.79* |
| Costs $1,545.46 per day from 4/6/12 and | $ |
| Interest (b) $2,558,506.19 plus interest of | $ |
| TOTAL $438.27 per day from 1/26/10 | $ 9,644,971.79* |
| Entered on the 22nd day of July, 2013. | |

**EXHIBIT**
A

I certify that the foregoing is a correct Transcript of Judgment entered in the above case.

ROBIN L. BLUME, CLERK

_____
Deputy Clerk

_____Charleston_____, South Carolina

November __6__, 2013

STATE OF SOUTH CAROLINA     )    IN THE COURT OF COMMON PLEAS
                             )
COUNTY OF HORRY           )    CASE NO. 2013-CP-26- 7425
                             )

I.M. Skaugen Marine Services Pte.   )
Ltd.,                           )    **CERTIFICATE OF SERVICE**
                             )
                             )
     Petitioner/ Judgment Creditor,   )
                             )
     vs.                       )
                             )
Qiu Gengmin a/k/a Gengmin Qiu a/k/a/ )
Geng Min Qiu,                  )
                             )
     Respondent/ Judgment Debtor.

I do hereby certify that on the 7th day of November, 2013, I served a copy of the within *Civil Action Cover Sheet, Writ of Execution on Judgment, and the Transcript of Judgment* on the Respondent, Qiu Gengmin in the within entitled matter by sending a copy of the same via United States First Class Mail and Certified Mail Return Receipt Requested addressed to:

Qiu Gengmin
17 Norton Road
East Brunswick, NJ 08816

Dated: November 7, 2013

                             _R. M. Beaulieu_
Nicole M. Beaulieu, Paralegal to
Charles P. Summerall, IV, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE
5 Exchange Street (29401)
P.O. Box 999
Charleston, SC 29402
Ph. (843) 722-3400
Facsimile: (843) 723-7398
ATTORNEYS FOR I.M. SKAUGEN
MARINE SERVICES PTE. LTD

WCSR 31423897v1

**Linda Jackson**

| | |
|---|---|
| From: | Jay Haar |
| Sent: | Monday, January 09, 2012 1:57 PM |
| To: | Linda Jackson |
| Subject: | new TravelHome LLC |

Here are the members and their percentages:

| | | | |
|---|---|---|---|
| Tang ,Jun | SS# REDACTED 7314 | 1% | Shares |
| Qiu, geng min | SS# REDACTED 1043 | 90% | Shares |
| Tang ,Yuan | SS# REDACTED 1294 | 9% | Shares |

H. Jay Haar
Bryan and Haar
P.O. Box 14860
Surfside Beach, SC 29587
843-238-3461, extension 23
843-238-5121 (fax)

NOTICE: The information contained in this electronic mail transmission is intended by Bryan & Haar, Attorneys at Law for the use of the named individual or entity to which it is directed and may contain information that is privileged, confidential, and exempt from disclosure and applicable law. It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to deliver it to the named person). It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without reading, copying, or forwarding it, and notify the sender of the error by reply email or by calling (843) 238-3461, so that our address record can be corrected.

Qiu, Gengwu



EXHIBIT

3

STATE OF SOUTH CAROLINA )      ASSIGNMENT OF MEMBERSHIP
                           )                          INTEREST
COUNTY OF HORRY        )

KNOW ALL MEN BY THESE PRESENTS, that Geng Min Qiu, hereinafter known as "Assignor", for value received, does hereby assign, set over and transfer to Gengwu Qiu, hereinafter known as "Assignee", all of Assignor's membership interest in TravelHome 1405, LLC, the same being a ninety percent (90%) interest.

Witness my hand and seal this 13th day of December, 2012.

_____
Geng Min Qiu

EXHIBIT
4

# TRAVELHOME 1405, LLC

## PROXY

Pursuant to the Operating Agreement of TravelHome 1405, LLC., the undersigned Member, being the owner of a ninety percent (90%) interest in said LLC, appoints Geng Min Qiu as proxy with full power to vote and act for the undersigned, with full power to appoint a substitute proxy to vote and act for the undersigned, and with full power to revoke the appointment of any substitute proxy.

Dated: December 13, 2012

_____
Gengwu Qiu

EXHIBIT
5

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | |
| | |
| GENGWU QIU AND GENG MIN ) | CASE NO.: 2013-CP-26-4589 |
| QIU AS ATTORNEY IN FACT, ) | |
| ). | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| JUDY TANG a/k/a JUNE TANG, ) | |
| a/k/a JUN TANG, YUANG TANG, ) | |
| TRAVEL HOME 1405, LLC, and ) | |
| I.M. SKAUGEN MARINE ). | |
| SERVICES PTE. LTD., ) | |
| ) | |
| Defendants. ) | |

I do hereby certify that on the 10th day of December, 2013, I served a copy of the within *Answer, Counterclaims, and Cross-Claims of Intervenor Defendant I.M. Skaugen Marine Services Pte. Ltd.* on the following parties in the within entitled matter by sending a copy of the same via United States First Class Mail addressed to:

James L. Hills
HILLS & HILLS, P.C.
4701 Oleander Drive
Myrtle Beach, SC 29577-576

Gene M. Connell, Jr.
Kelaher Connell & Conner, P.C.
P.O. Drawer 14547
Surfside Beach, SC 29587

Mark B. Goddard
TURNER PADGET GRAHAM & LANEY, PA
2411 North Oak Street, Suite 301
Myrtle Beach, SC 29577

Hamilton Osborne, Jr.
Haynsworth Sinkler Boyd, PA
1201 Main Street, 22nd Floor
Columbia, SC 29201-3232

_Nicole M. Beaulieu (signature)_

Nicole M. Beaulieu, Paralegal to
Charles P. Summerall, IV, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE
5 Exchange Street (29401)
P.O. Box 999
Charleston, SC 29402
Ph. (843) 722-3400
Facsimile: (843) 723-7398

ATTORNEYS FOR I.M. SKAUGEN
MARINE SERVICES PTE. LTD

2

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2013-CP-26-4589

Gengwu Qiu and Geng Min Qiu as
Attorney in Fact,

                 Plaintiffs,

vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC and
I.M. Skaugen Marine Services PTE. Ltd.

                 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

ANSWER TO CROSS-CLAIMS

JURY TRIAL DEMANDED

       The Defendants, **Judy Tang a/k/a June Tang a/k/a Jun Tang and Yuang Tang**, answering the Cross-Claim of I.M. Marine Services Pte. Ltd., state as follows:

       1.     The Defendant denies each and every allegation not hereinafter specifically admitted and demands strict proof thereof.

<u>FOR A FIRST DEFENSE</u>

       2.     The Defendant Tang cannot admit or deny the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of the Answer and Cross-Claims and thus are denied.

       3.     The Defendant Tang denies the allegations of Paragraphs 11, 12 and 13.

       4.     The Defendant Tang admits the allegations of Paragraphs 14 and 15.

       5.     The Defendant Tang denies the allegations of Paragraphs 16 and 17.

       6.     The Defendant Tang denies the allegations of Paragraphs, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63 and 64.

WHEREFORE, Defendant Tang requests the Complaint be dismissed with prejudice against Defendant Tang.

KELAHER, CONNELL & CONNOR, P.C.

Gene M. Connell, Jr.
The Courtyard, Suite 209
1500 U.S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net
**Attorney for Defendants Judy Tang a/k/a**
**June Tang a/k/a Jun Tang and Yuang Tang**

December 31, 2013
Surfside Beach, South Carolina

**STATE OF SOUTH CAROLINA**

**COUNTY OF HORRY**

**IN THE COURT OF COMMON PLEAS**
**FIFTEENTH JUDICIAL CIRCUIT**
**C/A NO. 2013-CP-26-4589**

| | | |
|---|---|---|
| Gengwu Qiu and Geng Min Qiu as Attorney in Fact, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | **AFFIDAVIT OF SERVICE** **BY MAIL** |
| Judy Tang a/k/a June Tang a/k/a Jun Tang, Yuang Tang, Travel Home 1405, LLC and I.M. Skaugen Marine Services PTE. Ltd. | ) ) ) ) | |
| Defendants. | ) ) | |

PERSONALLY appeared before me, Shelia Y. McCumbee, who being duly sworn, deposes and says that she is an employee of Kelaher, Connell & Connor, P. C., Attorneys at Law, and that she has mailed, on the date set forth below, a copy of the document described below, in the above entitled action to the following with proper postage affixed thereto:

Charles P Summerall, IV, Esquire
Womble Carlyle Sandridge & Rice, LLP
P. O. Box 999
Charleston, SC 29402-0999

Hamilton Osborne Jr., Esquire
Haynsworth Sinkler Boyd, PA
PO Box 11889
Columbia, SC 29211-1889

James L. Hills, Esquire
Hills & Hills, P.C.
4701 Oleander Drive
Myrtle Beach, SC 29577

Mark B. Goddard, Esquire
Turner Padget Graham & Laney, PA
P. O. Box 2116
Myrtle Beach, SC 29578

DOCUMENT:  Answer to Cross-Claims

DATE OF MAILING:  January 2, 2014

_Shelia Y. McCumbee_
Shelia Y. McCumbee

**SWORN AND SUBSCRIBED** before me, this 2nd day of January, 2014.

_Lauren M. Tyau_
Notary Public for South Carolina
My Commission Expires: 2-25-19

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )  FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY         )

Gengwu Qiu and Geng Min Qiu as   )  Case No.: 0213-CP-26-04589
Attorney in Fact,                )
                                 )
              Plaintiffs,         )
                                 )
v.                               )
                                 )  **TRAVEL HOME 1405, LLC'S ANSWER**
Judy Tang a/k/a June Tang a/k/a Jun )  **TO I.M. SKAUGEN MARINE**
Tang, Yuang Tang, Travel Home 1405, )  **SERVICE'S CROSS-CLAIM**
LLC, and I.M. Skaugen Marine Services )
PTE, Ltd.,                       )
                                 )
              Defendants,         )
_____)

The Defendant, **Travel Home 1405, LLC**, answering the Cross-Claim of I.M. Skaugen

Marine Services, PTE., Ltd., would respectfully show unto the Court as follows:

## FOR A FIRST DEFENSE

1.      Defendant denies each and every allegation of the Answer and Cross-Claim not

hereinafter admitted, explained, or qualified.

2.      Defendant demands a jury trial as to all issues of fact.

3.      Defendant is without current knowledge or information sufficient to form a belief

as to the truthfulness of the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10,11, 12, 13, 14,

and 15 of the Cross-Claim, and therefore, denies the same

4.      Defendant admits, upon current information and belief, the allegations of

Paragraphs 16 and 17 of the Cross-Claim.

5.      In response to Paragraph 18 of the Cross-Claim, Defendant restates and realleges

the defenses to Paragraphs 1 through 17 of the Cross-Claim as if restated herein verbatim.

6.     Defendant is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 ,52, 53, and 54, of the Cross-Claim, including all subparts, and therefore, denies the same.

7.     In response to Paragraph 55 of the Cross-Claim, Defendant restates and realleges the defenses to Paragraphs 1 through 54 of the Cross-Claim as if restated herein verbatim.

8.     Defendant is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 56, 57, 58, 59 and 60 of the Cross-Claim, and therefore, denies the same.

9.     In response to Paragraph 61 of the Cross-Claim, Defendant restates and realleges the defenses to Paragraphs 1 through 60 of the Cross-Claim as if restated herein verbatim.

10.     Defendant is without current knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraphs 62, 63 and 64 of the Cross-Claim, and therefore, denies the same.

## FOR A SECOND DEFENSE
(Failure to State Facts Sufficient to Constitute a Cause of Action)

11.     FURTHER ANSWERING THE CROSS-CLAIM AND AS A SECOND DEFENSE, Defendant alleges the Cross-Claim fails to state facts sufficient to constitute a cause of action and, therefore, this action should be dismissed against Defendant Travel Home 1405, LLC, pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered, Defendant prays the herein Cross-Claim be dismissed as to Defendant Travel Home 1405, LLC, with costs, attorney's fees and for such other and further relief as this Court deems just and proper.

**(SIGNATURE PAGE TO FOLLOW)**

TURNER PADGET GRAHAM & LANEY, PA

*[signature: Mark B. Goddard]*

Mark B. Goddard (S.C. Bar# 73965)
2411 North Oak Street, Suite 301
Myrtle Beach, SC 29577
Telephone: (843) 213-5542
mgoddard@TurnerPadget.com
Attorneys for C. Nicholas Diez, as Receiver for
Travel Home 1405, LLC

Date: *January 3, 2014*

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                           )       FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY )       Civil Action No. 2013-CP-26-4589

Gengwu Qiu and Geng Min Qiu as Attorney )
in Fact, )
                    Plaintiff, )
                         )
          vs. )          **CERTIFICATE OF MAILING**
                         )
Judy Tang a/k/a June Tang a/k/a Jun Tang, )
Yuang Tang, Travel Home 1405, LLC, and )
I.M. Skaugen Marine Services, PTE, Ltd., )
                         )
           Defendants )

Gayle Hawkins, an employee of Turner Padget Graham & Laney P.A., hereby certifies

that on the 3rd day of January, 2014, Travel Home 1405, LLC's Answer to Crossclaims of I.M.

Marine Services, PTE, Ltd., was served on counsel of record by depositing a copy of same in the

United States Mail, postage prepaid, and properly addressed as follows:

Hamilton Osbourne, Jr. Esq.
Haynsworth Sinkler Boyd PA
1201 Main Street, 22nd Floor
Columbia, SC 29201-3232
Ph: (803) 540-7855; Fax: (803) 765-1243
hosbourne@hsblawfirm.com
**Attorney for Gengwu Qiu**

James L. Hills, Esquire
Hills & Hills, PC
4701 Oleander Drive
Myrtle Beach, SC 29577-5762
Ph: (843) 626-2600
jlh@hillsandhills.com
**Attorney for Geng Min Qiu**

Gene M. Connell, Jr., Esq.
Kelaher, Connell & Connor, P.C.
P.O. Drawer 14547
Surfside Beach, SC 29587
Ph: (843) 238-5648; Fax: (843) 238-5050
gconnell@classactlaw.net
**Attorney for Defendant**

Charles P. Summerall, IV, Esq.
Womble Caryle Sandridge & Rice LLP
P.O. Box 999
Charleston, SC 29402
Ph: (843) 722-3400; Fax: (843) 723-7398
csummerall@wcsr.com
**Attorneys for I. M. Skaugen Marine
Services PTE, Ltd.**

Gayle Hawkins

4

STATE OF SOUTH CAROLINA      IN THE COURT OF COMMON PLEAS

COUNTY OF HORRY      Case No. 2013-CP-26-04589

Gengwu Qiu and Geng Min Qiu as Attorney
in Fact,

         Plaintiffs,

    vs.

Judy Tang a/k/a June Tang a/k/a Jun Tang,
Yuang Tang, Travel Home 1405, LLC,
and I.M. Skaugen Marine Services Pte.
Ltd.,

         Defendants.

## PLAINTIFF GENGMIN QIU'S REPLY
## TO COUNTERCLAIM OF I.M. SKAUGEN MARINE SERVICES PTE. LTD.

Plaintiff Gengmin Qiu, replying to the counterclaim of J.M. Skaugen Marine Services Pte.

Ltd. ("Skaugen"), states as follows:

### First Defense

1.     Gengmin Qiu denies all allegations of Skaugen's pleading except as expressly

admitted herein.

### Introduction

2.     Replying to paragraph 1 of the Introduction, Gengmin Qiu admits that

Skaugen has intervened in this action and denied other allegations.

3.     Paragraphs 2 through 4 of the Introduction require no reply.

4.     Gengmin Qiu denies the allegations of paragraphs 5 of the Introduction.

5.     Gengmin Qiu denies the allegations of paragraphs 6 through 9 of the Introduction.

**Counterclaims**

6.      Gengmin Qiu denied allegation of paragraphs 1 of the Counterclaims. As a matter of fact, Skaugen took WG#3 through the interference of Chinese government without the permission of Changda and without paying Changda the ship price under the contract entered between Skaugen and Chanda totaling 7.85 million US dollars. **See Attachment 1**. Answer to Petition to Confirm Arbitration Award, for Entry of Judgment and for Counterclaim.

7.      Gengmin Qiu admits the allegation of paragraphs 2 through paragraph 10 of the Counterclaim. But New Jersey case has nothing to do with Gengwu Qiu. Before the legal documents from New Jersey district court were served on April 25, 2013, Gengmin Qiu had no knowledge regarding the Hong Kong Arbitration (Case No.: HKIAC/A12078) of Hong Kong Arbitration and New Jersey case. The arbitration documents were intentionally not served and the default ruling was rendered without proper notice to the party. Based on Article V of New York Convention of 1958, the arbitration award shall not be enforced in any third country if it was rendered in violation of the law of the country where the award was made or without proper notice. **See Attachment 2**.

8.      Gengmin Qiu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Counterclaim.

9.      Gengmin Qiu admits to allegations of paragraph 12 through 16 of the Counterclaim.

10.      Gengmin Qiu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Counterclaim.

## First Counterclaim

11.     Replying to paragraph 18 of the Counterclaims, Gengmin Qiu incorporates herein all prior paragraphs of this Reply.

12.     Gengmin Qiu denies the allegations of paragraph 19 of the Counterclaim.

13.     Gengmin Qiu admits the allegations of paragraphs 20 through 21 of the Counterclaim.

14.     Replying to paragraph 22 through 23 of the Counterclaim, Gengmin Qiu admits that there is an agency agreement between Chanda and Skaugen, but points out that due to the adoption of new Chinese law in prohibiting agent company to claim VAT refund. **See attachment 3**. New Chinese Tax Regulation on VAT Refund, the agency agreement was later replaced by a different contract. **See attachment 4**. Memorandum between Chanda and Skaugen to Invalidate the Agency Agreement and the Irrevocable Personal Guarantee. **See Attachment 5**. New Shipbuilding Contract between Skaugen (Norgas) and Chanda.

15.     Gengmin Qiu denies the allegations of paragraphs 24 through 26 of the Counterclaim, but point out that the Value Added Tax ("VAT") refund belongs to Chanda based on the new contract, and the original agency agreement was invalidated.

16.     Gengmin Qiu denies the allegations of paragraphs 27 through 28 of the Counterclaim. This is normal fund operation within Changda.

17.     Replying to paragraph 29 of the Counterclaim, Gengmin Qiu admits that he had traveled to the United States on or about February 9, 2010.

18.     Gengmin Qiu admits the allegations of paragraph 30 of the Counterclaim. Gengmin Qiu has provided to the federal court a list explaining how the money was expended. **See attachment 6.** List of Expenditure.

19.     Gengmin Qiu admits the allegations of paragraph 31 of the Counterclaim.

Gengmin Qiu further points out that because Skaugen brought baseless charges against Gengmin Qiu, Chinese law enforcement agency wrongfully issued arrest warrant against Gengmin Qiu. Up to now Gengmin Qiu has not received any notice from any Chinese agency regarding the arrest warrant.

20.     Gengmin Qiu denied paragraphs 32 through 34 of the Counterclaim.

21.     Gengmin Qiu admits paragraphs 35 through 36 of the Counterclaim. Skaugen used the invalidated agency agreement for arbitration, and defaulted Gengmin Qiu by not serving the notice. The arbitration award should be voided.

22.     Replying to paragraph 37 of the Counterclaims, Gengmin Qiu admits that the Articles of Organization of TravelHome 1405, LLC were filed with the South Carolina Secretary of State on January 23, 2012. Gengmin Qiu further admits that when TravelHome 1405, LLC was formed, he was nominally a member of TravelHome 1405, LLC holding a 90% interest, but only as the agent and nominee of Gengwu Qiu, who wired all the money from Dubai to US for Gengmin Qiu to invest in TravelHome 1405, LLC. As a matter of fact, Gengmin Qiu's personal asset and the asset of the Chinese company under his control have been frozen by the Chinese government as of July 2010. Further, Gengmin Qiu has no investment nor property in Dubai. Therefore, Gengmin Qiu has no fund from himself to invest in TravelHome 1405, LLC, but to invest the fund as the agent and nominee of Gengwu Qiu. **See Attachment 7**. Gengmin Qiu's Letter to the district court judge.

23.     Gengmin Qiu admits to the allegations of paragraphs 38 and 39 of the Counterclaims, but note that an appeal is filed to the appellate court to dispute the validity of the arbitration.

24.     Replying to paragraph 40 of the Counterclaims, Gengmin Qiu admits that by an Assignment of Membership Interest dated December 13, 2012, a copy of which is attached

4

to kaugen's pleading as Exhibit 4, Gengmin Qiu assigned and transferred his 90% interest in TravelHome 1405, LLC to his brother, Gengmin Qiu. Gengmin Qiu denies that the assignment and transfer was merely purported.

25.    Replying to paragraph 41 of the Counterclaims, Gengmin Qiu admits that he was appointed by his brother Gengwu Qiu by proxy to vote and act for him and that a copy of the Proxy is attached to Skaugen's pleading as Exhibit 5. Gengmin Qiu denies that his execution of the Proxy was merely purported.

26.    Gengmin Qiu admits to the allegations of paragraphs 42 through 46 of the Counterclaims. Gengmin Qiu is in the process of appealing to the decision rendered by the United States District Court for the District of New Jersey.

27.    Gengmin Qiu denies the allegations of paragraphs 47 through 50 of the Counterclaims.

28.    Gengmin Qiu denies allegations of paragraph 51 of the Counterclaims. As a matter of fact, Skaugen took WG#3 through the interference of Chinese government without the permission of Changda and without paying Changda the ship price under the contract between Skaugen and Chanda totaling 7.85 million US dollars.

29.    Gengmin Qiu denies the allegations of paragraphs 52 and 53 of the Counterclaims.

30.    Gengmin Qiu denies the allegations of paragraph 54 of the Counterclaims, and further denies that Skaugen is entitled to the interest described therein

### Second Counterclaim

31.    Replying to paragraph 55 of the Counterclaims, Gengmin Qiu incorporates herein all prior paragraphs of this Reply.

32.    Gengmin Qiu denies the allegations of paragraph 56 of the Counterclaims.

33. Gengmin Qiu denies the allegations of paragraphs 57 through 59 of the Counterclaims.

34. Gengmin Qiu denies the allegations of paragraph 60 of the Counterclaims, and further denies that Skaugen is entitled to the interest described therein.

### Third Counterclaim

35. Replying to paragraph 61 of the Counterclaims, Gengmin Qiu incorporates herein all prior paragraphs of this Reply.

36. Replying to paragraphs 62 through 64, Gengmin Qiu denies the allegations thereof and further denies that Skaugen is entitled to the relief described therein.

### Second Defense

37. The relief that Skaugen seeks in its Counterclaims is barred by the doctrine of unclean hands.

WHEREFORE, Gengmin Qiu prays that Skaugen's Counterclaims be dismissed with prejudice.

January 3, 2014

By: _____
Gengmin Qiu (Pro Se)
17 Norton Street, East Brunswick,
NJ 08816
E-mail: Wangqi11911@qq.com

# Attachment 1

**Fong Joe Hou, Esq.**
**Law Offices Fong Joe Hou, LLC**
**Attorneys at Law**
**100 Wood Avenue S. Suite 118,**
**Iselin, New Jersey 08830**
**Telephone (732) 767-2880**
**Attorney(s) for Respondent**
**Fax: 732-767-1099 email fjhou@fjhlaw.com**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

*Petitioner*

    I.M. SKAUGEN MARINE SERVICES PTE. LTD.


              *vs.*

*Respondent*

        QIU GENGMIN

                                     *CIVIL ACTION*

                            **Case 3:13-cv-02596-MAS-DEA**

---

*Respondent / Counter Plaintiff*

Qiu Gengmin and Zhejiang Changda Import and Export Co., Ltd.

                          *ANSWER, AFFIRMATIVE DEFENSE AND*
                                *COUNTERCLAIM*


*vs.*

*Counter Defendant*

I.M. SKAUGEN MARINE SERVICES PTE. LTD.

---

### Answer to Petition to Confirm Arbitration Award, for Entry of Judgment
### And for Counterclaim

Respondent QIU GENGMIN, ("QIU") residing at 17 Norton Road, East Brunswick, Middlesex

County, New Jersey, for his Answer to the Petition filed pursuant to 28 USC §1331 arising under 9

USC §203, by implementing New York Convention filed by Petitioner I.M. SKAUGEN MARINE SERVICES PTE. LTD. ("SKAUGEN"), states as follows:

PARTIES

1. Qiu admits that SKUAGEN is a corporation under the laws of the Republic of Singapore.

2. Admit.

JURISDICTION AND VENUE

3. Qiu admits that this Court has jurisdiction but denies the balance of the paragraph.

4. Deny.

5. Qiu admits that Venue is proper.

6. Qiu denies, however, for the facts asserted herein that Hong Kong laws should be the controlling laws.

ARBITRATION AGREEMENT

7. Qiu denies that he is the agent, specifically, Qiu assert that Zhejiang Changda Import and Export Co., Ltd. ("Changda") was not an agent to handle equipment import, ship export, and other customs formalities. For purpose of the counterclaim as to be explained in the Counterclaim, because a 3/32006 revised regulations issued by the Government of China, parties mutually terminated the prior agency agreement their relation should be governed by new agreement entered thereafter, Changda is the Seller all the ships bearing Hull No WZL 0501 ("WG#1") WZL 0502 ("WG#2") WZL 0503 ("WG#3") and Skaugen is now the Buyer. Counterclaim asserts that Skaugen had not paid for the ship WG#3 it now wrongfully obtained.

8. Qiu admits he is a part owner.

9. Qiu denies that the convoluted and misleading description in the Paragraph 9 is correct. After said 2006 revised regulations of China, Qiu states he is no longer agent per a Memorandum of Understanding but that Changda purchased the ship from ship builder as principal to be sold to Skaugen by entering into new agreement which supersedes the existing agency agreement.

10. Qiu admitted that under the old agency agreement, he executed a personal guarantee but denies that agency agreement should be the basis of the relationship or award.

2

11. Qiu shall leave Petitioner to its proof the content of the agreement and fairness of the agreement, Qiu denies that the agency agreement shall be the basis of the relationship as agency arrangement violated the 2006 revised regulations issued by the Government of China and is a prima facie evidence of stealing from the Government of China for such Export Tax Refund.

12. Qiu denies the paragraph, however, asserts that under the 2006 revised regulations, said VAT as asserted by the Petitioner is really a Export Tax Refund (chukou tuishui), a kind of state subsidy exclusively awarded to a State Accredited Export Enterprise as bonus award to encourage exportation by the Chinese Government. The 03/03/2006 PRC new regulation explicitly outlawed acts for circumvention of the PRC Tax law, specifically, if an export agency to transfer whole or part of such an exporter exclusively entitled Export Tax Refund to any buyer or importer, such acts perpetrator or violator shall face with 1-5 times penalty and possible criminal prosecution.

13. Qiu admits that Changda applied for and received Export Tax Refund from Chinese Government and asserts that per Chinese Government regulation that if he conspires with any foreign buyer to kick back said refund to any buyer or importer, he or Changda shall ace with penalty and criminal prosecution. Qiu denies balance of the paragraph.

14. Denies.

15. Qiu denies the assertion that "in connection with his criminal activities" but admit that the arrest warrant has been obtained by Petitioner is issued against him, while Petitioner filed for arbitration in Hong Kong. Said warrants effectively prevent Qiu from mounting a defense and force Qiu to file for this Counterclaim action as China Government and Petitioner collectively violated Quid's Constitution law rights of due process and his natural rights by subject him to be sized while Petitioner filed for HKIAC arbitration to collect "stolen" funds. [Qiu asserts that under the Chinese Government's own regulation that only if said funds [Export Tax Refund] is awarded to the Petitioner then it is truly "stolen", however, under the One Party System of China Government and its practice, a arrest warrant is obtained by Petitioner for arresting the owner of a company who received legitimate Export Tax Refund and not turning to foreign buyer which the government regulation specifically prohibit, while Petitioner filed for arbitration].

16. Deny. Changda was holding the ship pending payment that was never made by the Petitioner, nor received by Changda.
17. Qiu lack information as to the truth asserted and shall leave Petitioner to its proof.
18. Qiu lack information as to the truth asserted and shall leave Petitioner to its proof.
19. Qiu admitted that facing with arrest, he is in the United State and did not get back to China and admit that he has never received service per paragraph 19.
20. Qiu lack information as to the truth asserted and shall leave Petitioner to its proof but admit that this is default award.

FIRST AFFIRMATIVE DEFENSE

THE AGENCY THEORY FORMED THE BASIS OF THE AWARD VIOLTED CHINESE GOVRNMENT TAX REGULATION THEREFORE AGAINST PUBLIC POLICY

The arbitration award issued in Hong Kong that was obtained by Skaugen relies upon a flawed theory of agency relationship, which relation was based upon the old agreement that was in violation of Chinese 2006 revised regulation and was terminated. [Export Tax Refund (chukou tuishui), is a kind of Chinese Government subsidy exclusively awarded to a Chinese Government Accredited Export Enterprise as a bonus award to encourage export. The 03/03/2006 PRC revised regulation explicitly outlawed acts for circumvention of the PRC Tax law, in accordance with said revised regulation, if an export agency to transfer whole or part of such an exporter exclusively entitled Export Tax Refund to any buyer or importer, such acts perpetrator or violator shall face with 1-5 times penalty and possible criminal prosecution. Factually in 2006, the agency agreement had been mutually terminated and the arbitration invoked under said "terminated" agency agreement in Hong Kong rendered the Arbitration as without a proper basis, which also render the personal guaranty of Respondent Qiu for the agency meaningless.

SECOND AFFIRMATIVE DEFENSE

THE AWARD WAS OBTAINED THROUGH FRQAUD, CORRUPTION AND PROCUDURE MISCONDUCT

Qiu asserts that said Hong Kong award against him and Changda was obtained through procedure irregularity by hanging an arrest warrant over Qiu's head that was obtained by

4

Skaugen in bad faith and/or through corruption. Logically, Export Tax Refund was issued Chinese Government to Changda, Qiu's company. How Chinese authority could view Qiu "embezzled" said Export Tax Refund funds if Chinese Government issued said funds to Changda. It does reflects that Skaugen acted with impunity China and clearly acted in bad faith in obtaining from Chinese authority the arrest warrant against Qiu while filing for its Hong Kong arbitration action against Qiu. Again and logically, filing for arbitration by Skaugen is an admission of the that matter is in dispute. The arrest warrant issued for Qiu's embezzling of the Export Tax Refund that is the evidence of procedure irregularity and reflection of corruption or procedure misconduct as it is clearly on the face prohibited the Chinese regulation for said Export Tax Refund to be kicked back to foreign buyer.

THIRD AFFIRMATIVE DEFENSE

THE AWARD VIOLATED RESPONDENT'S CONSITUTION RIGHT OF DUE PROCESS.

Skaugen's claim that Qiu is an agent for Skaugen is without merit, the award was running against clear evidence of Memorandum of Understanding executed in 2006 terminating the agency agreement. The agency theory as the basis of Hong Kong arbitration award should be denied by this Court. Factually, the evidence would show that in accordance with the express writing of Norgas Camilla (WG#0503) contract between Petitioner, as the buyer, and Changda, as the seller, dated March 15, 2006, the agreement in reaction to the revision of the Chinese regulation against rebate to the foreign buyer of the Export Tax Refund [and the agreement supersedes the agency relationship], as Chinese Government threaten business with criminal prosecution for kickback to foreign Buyer of Export Tax refund. The affirmative defense is that if that the true nature of the relationship between Petitioner and Changda is Buy/Sale or Buyer/Seller relationship in reference to the ship purchase contract regarding and including Norgas Camilla (WG#0503). The counterclaim shall elaborate with details that the Petitioner conspired with and used improper and dishonest pledge to Chinese government for taking of the ship. In counterclaim, Qiu assert that the balance of the purchase in the sum of US$7.85 million± is still unpaid. It will shock the Court's conscience that while in arbitration, an arrest warrant was actually issued by the Chinese government against its own citizen for

5

acts clearly prohibited by Chinese own tax regulations so to force the Respondent from attending the arbitration. Clearly doing business in China is different from doing business in the United States, China is a one party government with everything dictated by the Communist Party leader. There is no separation of power and there is no **independent judicial** review for an arrest warrant to be issued. Corruption remains endemic in China (See State Department 2011 report on China page 5) Once Skaugen corrupt the government official or leader, Skaugen can obtained an arrest warrant against Qiu, Skaugen can take the 3rd ship without paying Changda or Qiu, Skaugen can get an arbitration award against Qiu, now Skaugen's Petition is to seek the Court to award and take Qiu's property in New Jersey and now we will have to review the procedure process in obtaining the award and to determine the terms of the relationship. Petitioner asserted in its own Petition that Respondent did not appear in the arbitration Further, the Hong Kong arbitration was obtained by default and under the threat of arrest or sizing Qiu in China territory (Hong Kong SAR is part of China) (Said arrest warrant is also evidence of a baseless seizure) so Respondent Qiu was threatened from attending the Hong Kong Arbitration. Qiu is a resident of New Jersey and Fifth and Fourteenth Amendment of the Constitution each contain a Due Process and also incorporate Bill of Rights to afford Qiu with due process protection, when Petitioner invoking the jurisdiction of the Court, Qiu also seek to litigate here for the Court to determine under both procedure and substantive due process and the buy/sale agreement to determine the ownership of the Export Tax Refund under Chinese laws and the accounting of the payment owned for the ship build now wrongfully obtained by Skaugen.

FOURTH AFFIRMATIVE DEFENSE

SKAUGEN BREACHED THE BUY/SALE AGREEMENT OF ARBITRATION BY SEEKING CHINESE GOVERNMENT TO INTERVENE

Qiu admit that Buy/Sale agreement also contains similar arbitration clause for arbitration on Hong Kong, however, Skaugen approached Chinese government and by agreeing to hold Chinese harmless, Skaugen obtained the ownership of the third vessel Norgas Camilla (WG#0503) without paying Qiu the balance of the price. By availing itself to the Chinese government in lieu of arbitration first was in breaching of the Buy/Sale agreement, further, Skaugen denies the Buy/Sale agreement is the basis or was in control

6

of the relationship, Qiu's position is that Skaugen is now estoppeled to assert that parties needs to arbitrate in Hong Kong.

FIFTH AFFIRMATIVE DEFENSE

EQUITABE ESTOPPEL

Skaugen is now equitably estoppeled from claiming it has rights to arbitrate in Hong Kong.

SIXTH AFFIRMATIVE DEFENSE

ADHESION CONTRACT

In drafting and creating the adhesion relationship (Qiu had no input whatsoever), Skaugen had an implied duty to draft its contract and perform its obligation in good faith. Good faith "emphasizes faithfulness to an agreed common purpose and consistency with the justified expectation of the other party" Restatement of Contract, Section 205.

Skaugen violated its duties to draft the agreement in good faith and to perform itself in its imposed duties of good faith in violating the substantive due process right of a person residing in the US.

PRAYER FOR RELIEF

WHEREFORE, Qiu pray for the following relief:

1. On the jurisdiction issue, Qiu asks the Court to accept jurisdiction on the basis that Skaugen had waived its contractual duty in the Buy/Sale agreement to arbitrate and Qiu had now submitted to the jurisdiction of this Court; therefore, the Court retains jurisdiction to resolve all disputed issues.

2. Qiu ask the Court to declare that the China proceeding and Hong Kong SAR, China arbitration violated due process of US person and will not be affirmed but further proceeding shall continue to ascertain the rights of parties.

COUNTERCLAIM

Respondent/Counter Plaintiffs QIU GENGMIN, ("QIU") and Zhejiang Changda Import and Export Co., Ltd. ("Changda"), a Chinese Corporation incorporated in China sue Petitioner / Counter Defendant I.M. SKAUGEN MARINE SERVICES PTE. LTD. ("SKAUGEN"), a Singapore corporation foreign to China and state:

7

1. This Court has jurisdiction over this matter pursuant to 28 USC §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 USC §1367. This Court also has diversity jurisdiction over this matter pursuant 28 USC §1332 (a) (2) because of complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

2. The Court further has jurisdiction under Rule 13 (a) COMPULSORY COUNTERCLAIM. AS the matter asserted herein (A) "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"

3. This Court further has jurisdiction over Qiu, Changda and Skaugen because all parties availed themselves to the protection and benefit of laws and court of New Jersey and of the United States by seeking to enforce or affirm an alleged arbitration award to that a Judgment here in New Jersey.

4. Venue is proper in this district under 28 USC §1391 in that the Respondent residing in this district and Petitioner has availed itself to this district.

## PARTIES

5. Qiu is a resident of 17 Norton Road, East Brunswick, Middlesex County, New Jersey.

6. Changda is a corporation incorporated in Zhejiang Province China, owned and controlled by Qiu, and its legal representative under Chinese laws which used to have its principal place of business in Zhejiang China and is now ceased in operation and existence.

7. Skaugen is a Singapore corporation with its principal place of business at 78 Shenton way # 17-03 Singapore and is and was foreign corporation to China and New Jersey.

## GENERAL FACTS

8. Changda is a Chinese corporation located in Taizhou City, Zhejiang Province, China and is one of the leading firms in the export industry in China offering goods to be sold to foreign entity.

9. In 2005 under its old name of Norgas Carriers PTE Ltd., the predecessor of Skaugen signed "agency" agreement with Changda for building three ships in Taizhou City, Zhejiang province.

10. On 3/3/2006, PRC revised its Export Tax Refund regulation in that [The VAT as asserted by Petitioner is exactly or more precisely interpreted as "Export Tax Refund" (chukou tuishui as said in Chinese), a kind of Government subsidy after revision exclusively awarded to a "State Accredited Export Enterprise" as bonus award to encourage exportation. The 03/03/2006 PRC revision of the regulation law explicitly outlawed circumvention of the PRC Tax regulation by such an export enterprise to transfer whole or part of such Export Tax Refund to any buyer or importer, violator will be faced with 1-5 times penalty of the transfer and possible unspecified criminal penalty or prosecution.

11. Facing with such new and revised Chinese Government Regulation, the party's 2005 contractual relationship was mutually declared voided and nullified with new replacing relationship as buyers and sellers by a Memorandum of Understanding and new Buy/Sale Agreement.

12. Further, based upon the same revised tax regulation, once the Respondent pay such Export Tax Refund of $1,926,935.90 disputed herein to Skaugen then Qiu would face 5 times penalty or unspecified criminal penalty by the PRC Government's General Taxation Bureau.

13. As said, both the Agency Agreement and its attached Letter of Personal Guarantee, were both explicitly voided with mutually executed Memorandum of Understanding dated 09/12/2006 and mutually executed letter of confirmation dated November 5, 2008.

14. On or about 2010, Chinese government issued Export Tax Refund to Changda.

15. On or about April 1, 2010, while Qiu was in New Jersey, Qiu learned that an arrest and size warrant was issued by the Police Authority for his arrest with a bonus of RMB 500 in China for Contractual Fraud said Arrest Warrants accused Qiu as a fugitive.

16. Said warrants was not issued by any independent judicial authority nor there was any trial hearing not establishing "probable cause".

17. The accused crime is Qiu "embezzled" Export Refund Tax issued to Changda by Chinese government that is supposedly promised to third party.

18. As said, Changda is a corporation incorporated in Zhejiang Province China, owned and controlled by Qiu, and Qiu is its legal representative under Chinese laws.

19. The arrest warrant issued defies our traditional notion of justice or substantial fairness under the "due process" requirement applicable to Qiu under the 5th and 14th amendment of the Constitution.

20. The first two ships under the buy/sale agreement were paid and delivered. The third ship is yet to be paid and is held by Seller pending payment.

21. Mr. Qiu was visiting US while arrest warrant was issued and pending, Skaugen started the arbitration in Hong Kong.

22. Service to Mr. Qiu was to his address in China while Skaugen knows fully and well that Qiu is in the United States and is a "fugitive" under said warrants.

23. No valid service were made, all mails to Qiu were returned per Petitioner.

24. Skaugen at the same time were contacting the Chinese authority directly and by issuance assurance that it will hold Chinese authority harmless, Skaugen obtained the third ship without paying Changda or Qiu the balance.

## FIRST COUNT

25. Counter Plaintiff repeats the allegations in the above as though set forth at length herein.

26. There is due from the Counter Defendant the sum of balance of ship 0503 WG#3, US $7.85 Million±, per exchange rate, as part of its purchasing price of the ship, the balance due on a certain book account of Petitioner. Payment has been demanded and has not been made.

WHEREFORE judgment is demanded against the Defendants for US $7.85 Million±, together with lawful interest and cost of suit.

## SECOND COUNT

27. Counter Plaintiff repeats the allegations in the above as though set forth at length herein.

28. Counter Plaintiff sues the Defendant for the goods sold by counter Plaintiff and received by the Petitioner counter Defendant, upon the promise by Counter Defendant to pay agreed amount. Payment has been demanded and has not been made.

WHEREFORE judgment is demanded against the Counter Defendant for US $7.85 Million±, together with lawful interest and cost of suit.

## THIRD COUNT

29. Plaintiff repeats the allegations in the above as though set forth at length herein.

30. Plaintiff sues the Counter Defendant for the reasonable value of goods sold by counter Plaintiff and received by the Petitioner counter Defendant, upon the promise of the Defendants to pay a reasonable price for same. Payment has been demanded and has not been made.

WHEREFORE judgment is demanded against the Counter Defendant for US $7.85 Million±, together with lawful interest and cost of suit.

## FOURTH COUNT

31. Counter Plaintiff repeats the allegations in the above as though set forth at length herein.

32. The Counter Defendant have been unjustly enriched by the wrongful taking of Counter Plaintiff's property and by Counter Defendants' failure to compensate Counter Plaintiff for same. Payment has been demanded and has not been made.

WHEREFORE judgment is demanded against the Counter Defendant for US $7.85 Million±, together with lawful interest and cost of suit.

## FIFTH COUNT

33. Plaintiff repeats the allegations in the above as though set forth at length herein.

34. The Counter Defendant, being indebted to Plaintiff in the sum of US $7.85 Million±, upon an account stated between them, did promise to pay Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE judgment is demanded against the Defendants for US $7.85 Million±, together with lawful interest and cost of suit.

## **SIXTH COUNT**
### **(Declaratory Judgment)**

35. Counter Plaintiff repeats and re-alleges each of its allegations set forth above as though fully set forth herein.

36. Under the Buy/Sale Agreement between the parties, Counter Plaintiff was to be the owner of ships before payment.

37.     Contrary to the agreement between the parties, and in breach of the agreement, Counter Defendant now has asserted ownership rights to third ship before payment in full.

38.     There exists a real and present controversy between the parties pertaining to the ownership of the ownership of WG#3 in question.

**WHEREFORE,** ABC requests that the Court adjudge, declare and decree that Counter Plaintiff is the sole owner of WG#3 under the agreement between the parties.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Law Offices Fong Joe Hou, Esq.

By:     /s/ FONG JOE HOU_____
        Fong Joe Hou

Dated: June 30, 2013

## CERTIFICATION

For reasons stated herein, I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

     /S/ FONG JOE HOU_____
     Fong Joe Hou

# Attachment 2

LM Skaugen Marine Services PTE, Ltd. )
Petitioner )
     v. )
)
)
Gengmin Qiu )
Respondent )

   Docke: 13-cv-2596 (MAS)(DEA)
Respondent's Motion to Take Judicial
Notice, *nunc pro tunc* in connection
to His Renewed Motion to Dismiss
*Jury Trial Prayed* if go for trial

RECEIVED

SEP 0 6 2013

AT 8:30_____M
WILLIAM T. WALSH
CLERK

\*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*   \*

## <u>Respondent's Motion to Take Judicial Notice, *nunc pro tunc*</u>

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Gengmin Qiu, pro se, hereby request that the Court take judicial notice, nunc pro tunc, of the following matters in reconsidering adjudicating defendant's renewed and amended Motion to Dismiss the Petitioner's frivolous petition for confirming a ghost foreign arbitration pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures.

The Respondent is here to respectfully pray to this Honorable Court to allow him to renew his Rule 12(b)Motion to dismiss the Petition and Supplemental Petitions should the following fundamental mistakes were found solidly based upon the following judicially noticed matters, as the Respondent, once through his counsel, argued in both writing and during the oral argument:

The Petitioner knowingly, intentionally and maliciously caused the Notice of the Arbitration be delivered into the following "wrong address", i.e., 48 Gongren Road, Jiaojiang district, Taizhou City, China", as the factual truth being recorded in the Arbitral Tribunal's Award as to Arbitration Award HKIAC/A12078; and the cause of action in Arbitral Award A12013 has violated the law of the PRC, both were barred according to Article V of the New York Convention. ;

   In order to illustrate these factual truth, we pray:

1. It should be judicially noticed that presented to this Court, on April 24, 2013, while taking Ex Parte action with this Court, a copy of what it alleged a foreign arbitration award for confirming and enforcement, namely, HKIAC/A12078;

2. It should be judicially noticed that Petitioner presented to the Court that the contents and text of the Arbitration award, including the arbitral tribunals findings, recitations of the service of process upon the Respondent, and conclusion, being contained in that Arbitration Award HKIAC/A12078 represents the factual truth upon which the award had been rendered and petition for U.S. confirmation was filed and ended up being prevailing.

3. It should be judicially noticed that Petitioner directly invoked Artcle IV and Article V, of the 1958 New York Convention to support its Petition for confirming two Foreign Arbitral Awards by this Honorable Court of both Arbitration Award HKIAC/A12078 and governing the "Supplemental Petition regarding HKIAC/A12031 is, according to Petitioner, the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention") *(See ECF Doc. #1-3, page 7)

4. It should be judicially noticed that it is the Petitioner's position being presented before the Court that relevant 1958 New York Convention was directly invoked as the source of law binding this Court to render summary judgment without trial by citing Article V. of the Convention with support of a 3rd Circuit legal Authority being mirrored in the underneath:

"It must confirm the award unless one of the grounds for refusal specified in the Convention applies to the underlying award." Admart AG v. Stephen & March Birch Found., 457 F.3d 302, 307 (3d Cir. 2006), amended on other grounds at 2006 U.S. App. LEXIS 24459 (3d Cir. Sept. 28, 2006). (See the Petitioner's Brief in support of the Petition on April, 24, 2013, Clerk's ECF Doc. #1-3, page 8, last but one paragraph, emphasis added.)

In the same page, same filing, it is also the Petitioner position statement as follows: "Evidence of the existence of grounds under Section 1 of Article V must be brought forward by "the party against whom [the Award] is invoked." Citing Convention art. V § 1." (See the Petitioner's Brief in support of the Petition on April, 24, 2013, Clerk's ECF Doc. #1-3, ECF page 11, last but one paragraph, emphasis added.)

5. It should be judicially noticed On ECF Page 10, of the Brief, it is the Petitioner who stated as follows:

"Article IV of the Convention requires that Skaugen, as the party "applying for recognition and enforcement" of the award to supply the original or certified copies of the award and the agreement to arbitrate."
(under New York Convention, confirmation of a foreign arbitral award in the United States is governed by the "breach day" rule, which converts damages into US dollars at "the exchange rates that were in place on the date of the award" citing Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria, No. 08-2026, 2013 U.S. Dist. LEXIS 41874, at *4, 15-16 (D.D.C. Mar. 26, 2013) (See footnote of the Petitioner's Brief in support of the Petition on April, 24, 2013, Clerk's ECF Doc. #1-3, ECF page 9, last paragraph, emphasis added.)

6. Based upon all the citations quoted from the Petitioner, it should be judicially noticed that Article VI and Article V, in whole or in part, of New York Convention, have been invoked by the Petitioner as source of law binding this instant case.

7. Therefore, consequently, it should be judicially noticed that New York convention and its relevant provisions, can also be directly invoked by the Respondent to seek for summary dismissal of Petitioner's Petition if what was invoked by either parties had been apparently grossly violated.

8. It should be judicially noticed that Article V of the 1958 New York Convention provides:

"Recognition and enforcement of the award may be refused, at the request of the p arty against whom it is invoked, only if that party furnishes to the competent autho rity where the recognition and enforcement is sought, proof that:

The parties to the agreement referred to in article II were, under the law applicable to t hem, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the co untry where the award was made; or
(b) The party against whom the award is invoked was not given proper notice of the a ppointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; (EmphasisAdded)

9. It shuld be judicially noticed that this U.S. district Court is a "competent authority" within the meaning of Article V of the 1958 New York Convention".

10. It should be judicially noticed that Article V(1)(e) provides: " The award has not yet become binding on the parties, or has been set aside or su spended by a competent authority of the country in which, or under the law of whi ch, that award was made."

11. It should be judicially noticed that Article V(2) provides that "Recognition and enforcement of an arbitral award may also be refused if the com petent authority in the country where recognition and enforcement is sought finds that:
(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
(b) The recognition or enforcement of the award would be contrary to the public p olicy of that country. (emphasis added) (Submitted as Exhibit 1 is the Text of 1958 New York Convention.)

Grounds for Judicial Notice: In ruling on a motion to dismiss, the Court may consider litigating party's presentation and proffer central to the case, including those made in the pleading papers which are referred to and/or quoted from in plaintiff's complaint. See In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996), cert denied, 1997 WL 85429 (March 3, 1997); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.), cert. denied, 512 U.S. 1219 (1994); In re Gupta Corp. Sec. Litig., 900 F.Supp. 1217, 1228 (N.D.Cal. 1994); In re Syntex Corp. Sec. Litig., 855 F.Supp. 1086, 1092 (N.D.Cal. 1994), aff'd 95 F.3d 922 (9th Cir. 1996).

Grounds for Judicial Notice: In ruling on a 12(b)(6) motion to dismiss, the district court may rely not only on matters contained or referred to in the pleadings, but may also rely on "facts ... contained in materials of which the court may take judicial

**DECLARATION OF Gengmin Qiu**

I, Gengmin Qiu, declare, under the penalty of perjury of law, to witt:

I am the Respondent, being dragged into this instant case by the Petitioner. At this moment, I believe I an a pro se litigant with this District Court.

I make this declaration in support of the "Motion *nunc pro tunc,* to Take Judicial Notice In Connection With Respondent's Rule 12b Motion to Dismiss." I have personal knowledge of the facts stated in this declaration.

All I cited for the Purpose to seek for Judicial Notice are simply plain truth mostly being quoted from Petitioner's Presentation recorded in the Clerk's ECF system.

I respectfully present this Honorable Court with a copy of 1958 New York Convention in English Version, which the Petitioner has never done to the best of my knowledge and belief.

I hereby enclose a copy of 1958 New York Convention, and further certifies it represents the true and unaltered copy of the original version, word by word.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I have executed this declaration on this 6th day of 2013, in the State of New Jersey.

_____
Gengmin Qiu

# Convention on the Recognition and Enforcement of Foreign Arbitral Awards

[1]Done at New York, on 10 June 1958

Further information concerning this Convention, including information concerning ratification, accession and succession and concerning declarations and reservations, may be obtained through the Treaty Section of the United Nations Commission on International Trade Law, web site http://www.uncitral.org.

## Article I

1. This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal. It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.

2. The term "arbitral awards" shall include not only awards made by arbitrators appointed for each case but also those made by permanent arbitral bodies to which the parties have submitted.

3. When signing, ratifying or acceding to this Convention, or notifying extension under article X hereof, any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. It may also declare that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the State making such declaration.

## Article II

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

3. The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.

## Article III

Each Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles. There shall not be imposed substantially more onerous conditions or higher fees or charges on the recognition or enforcement of arbitral awards to which this Convention applies than are imposed on the recognition or enforcement of domestic arbitral awards.

## Article IV

1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforcement shall, at the time of the application, supply:

(a) The duly authenticated original award or a duly certified copy thereof;

(b) The original agreement referred to in article II or a duly certified copy thereof.

2. If the said award or agreement is not made in an official language of the country in which the award is relied upon, the party applying for recognition and enforcement of the award shall produce a translation of these documents into such language. The translation shall be certified by an official or sworn translator or by a diplomatic or consular agent.

## Article V

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(b) The recognition or enforcement of the award would be contrary to the public policy of that country.

## Article VI

If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V(1)(e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

## Article VII

1. The provisions of the present Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States nor deprive any interested party of any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon.

2. The Geneva Protocol on Arbitration Clauses of 1923 [2] and the Geneva Convention on the Execution of Foreign Arbitral Awards of 1927 [3] shall cease to have effect between Contracting States on their becoming bound and to the extent that they become bound, by this Convention.

## Article VIII

1. This Convention shall be open until 31 December 1958 for signature on behalf of any Member of the United Nations and also on behalf of any other State which is or hereafter becomes a member of any specialized agency of the United Nations, or which is or hereafter becomes a party to the Statute of the International Court of Justice, or any other State to which an invitation has been addressed by the General Assembly of the United Nations.

2. This Convention shall be ratified and the instrument of ratification shall be deposited with the Secretary-General of the United Nations.

**Article IX**

1. This Convention shall be open for accession to all States referred to in article VIII.

2. Accession shall be effected by the deposit of an instrument of accession with the Secretary-General of the United Nations.

**Article X**

1. Any State may, at the time of signature, ratification or accession, declare that this Convention shall extend to all or any of the territories for the international relations of which it is responsible. Such a declaration shall take effect when the Convention enters into force for the State concerned.

2. At any time thereafter any such extension shall be made by notification addressed to the Secretary-General of the United Nations and shall take effect as from the ninetieth day after the day of receipt by the Secretary-General of the United Nations of this notification, or as from the date of entry into force of the Convention for the State concerned, whichever is the later.

3. With respect to those territories to which this Convention is not extended at the time of signature, ratification or accession, each State concerned shall consider the possibility of taking the necessary steps in order to extend the application of this Convention to such territories, subject, where necessary for constitutional reasons, to the consent of the Governments of such territories.

**Article XI**

In the case of a federal or non-unitary State, the following provisions shall apply:

(a) With respect to those articles of this Convention that come within the legislative jurisdiction of the federal authority, the obligations of the federal Government shall to this extent be the same as those of Contracting States which are not federal States;

(b) With respect to those articles of this Convention that come within the legislative jurisdiction of constituent states or provinces which are not, under the constitutional system of the federation, bound to take legislative action, the federal Government shall bring such articles with a favourable recommendation to the notice of the appropriate authorities of constituent states or provinces at the earliest possible moment;

(c) A federal State Party to this Convention shall, at the request of any other Contracting State transmitted through the Secretary-General of the United Nations, supply a statement of the law and practice of the federation and its constituent units in regard to any particular provision of this Convention, showing the extent to which effect has been given to that provision by legislative or other action.

**Article XII**

1. This Convention shall come into force on the ninetieth day following the date of deposit of the third instrument of ratification or accession.

2. For each State ratifying or acceding to this Convention after the deposit of the third instrument of ratification or accession, this Convention shall enter into force on the ninetieth day after deposit by such State of its instrument of ratification or accession.

**Article XIII**

1. Any Contracting State may denounce this Convention by a written notification to the Secretary-General of the United Nations. Denunciation shall take effect one year after the date of receipt of the notification by the Secretary-General.

2. Any State which has made a declaration or notification under article X may, at any time thereafter, by notification to the Secretary-General of the United Nations, declare that this Convention shall cease to extend to the territory concerned one year after the date of the receipt of the notification by the Secretary-General.

3. This Convention shall continue to be applicable to arbitral awards in respect of which recognition or enforcement proceedings have been instituted before the denunciation takes effect.

**Article XIV**

A Contracting State shall not be entitled to avail itself of the present Convention against other Contracting States except to the extent that it is itself bound to apply the Convention.

**Article XV**

The Secretary-General of the United Nations shall notify the States contemplated in article VIII of the following:

(a) Signatures and ratifications in accordance with article VIII;

(b) Accessions in accordance with article IX;

(c) Declarations and notifications under articles I, X and XI;

(d) The date upon which this Convention enters into force in accordance with article XII;

(e) Denunciations and notifications in accordance with article XIII.

**Article XVI**

1. This Convention, of which the Chinese, English, French, Russian and Spanish texts shall be equally authentic, shall be deposited in the archives of the United Nations.

2. The Secretary-General of the United Nations shall transmit a certified copy of this Convention to the States contemplated in article VIII.

# Attachment 3

Selected Excerpt Translation:

The National Bureau of Taxation of the People's Republic of China
The Ministry of Commerce of the People's Republic of China
   An Enhanced Regulation of the Good Order for Foreign Trade and Exports by Strengthening Control over Export Tax Refund and Exemptions

To All Taxation Bureaus of All Provinces, Autonomous Regions, and Commercial Administrations:

For the purpose to safeguard the stable and healthy development of foreign trades and exports, to promote regulatory administration of export activities, for Prevention and punishment against criminal activities by cheating export tax refunding…   The following Notifications are hereby issued:

2. Any Eligible Export Enterprises engaging in export business and transaction which allows the other ineligible entities to use its tax credit/tax refunding capacity for the purpose to allow such ineligible entities to achieve export tax refund;
……
5. Any Eligible Export enterprise engaging in export business and transactions, in the meantime, such eligible export entities are not actually responsible for the quality control, foreign exchange transaction or tax refunding risks, in the event when the quality of the exporting commodity is found defective but does not have to take accountability to the foreign recipients; or such eligible export entities which are not responsible for clearance of the computation of foreign exchanges when due, or such eligible export entities which do not have to be responsible for filing export tax refund application and clearances… …
6. Any such Eligible Export enterprises which are not actually involved in Export Business Operations, but takes and engaged in intermediate, referral or agency business, yet involved in exporting business by its own name as an eligible export tax refunding capacity;
7. Any other illegal activities in violation of Regulation of this nation's export tax refunding laws and regulations:

……
Any eligible export enterprises, it it found that such enterprises involved in any one of these enumerated violations yet filed applications for export tax refunding, once found, all such export tax refund must be pursued for paying back; if such enterprises have never filed any tax refund application, the Taxation authorities should no longer process any future tax refund application for them; In the event of cheating the Tax Refunding authorities, the full amount of such export tax refund money must be paid back and a penalty equalizing to 1-5 times of the defrauded Export tax refund should be levied …If Criminal liabilities are found in involving in such activities, the

offenders should handed over to the law enforcement for criminal prosecution.

This Official Directive should become effective starting March 1, 2006 (based upon the date stamp for the export on customs clearance paper) .
Dated: February 13, 2006.

Certificate of Translation:

I hereby certify that I am thoroughly conversant in both English and Chinese languages and I translated the above document into English from Chinese languages. I further certify that the above-translation is accurate and complete to the best of my knowledge and belief.

_____
Translator: James Jia

_____
Date: 11/26/2012